UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Dana Albrecht, | ) |
| | ) |
|     Plaintiff | ) |
| v. | )   Civil No. 1:25-cv-00093-SM-AJ |
| | ) |
| Hon. John Pendleton, et al., | ) |
| | ) |
|     Defendants. | ) |

**MOTION FOR PERMISSIVE JOINDER PURSUANT TO**
**Fed. R. Civ. P. 20(a)(1)**

NOW COMES Movant **Destinie L. Berard**, *pro se*, and and respectfully requests for this Court to permit her joinder as co-plaintiff in the above captioned matter pursuant to Fed. R. Civ. P. 20(a)(1). In support thereof Movant states the following:

## I. Introduction

1. Movant's claims arise out of the same series of events as those alleged by Plaintiff Dana Albrecht and involve multiple common questions of law and fact.

2. Plaintiff Dana Albrecht assents to this Motion and supports the proposed joinder.

## II. Factual Basis for Joinder

3. Movant's claims stem from the same series of events and pattern of conduct as those described in Plaintiff Dana Albrecht's operative Complaint. Specifically, both Movant and Plaintiff allege constitutional violations by the same individual defendants, acting under color of law, including but not limited to:

- Judicial misconduct and systemic bias in adjudicating protective order proceedings under N.H. Rev. Stat. § 173-B;

- Retaliatory and selective enforcement of civil protective orders in violation of the First, Fifth, and Fourteenth Amendments;

- Structural and procedural deficiencies in the New Hampshire judicial system that caused or contributed to the denial of constitutional rights.

- Incarceration in preventative detention for three days without any access to counsel as a direct injury-in-fact consequence of the alleged as-applied unconstitutionality of N.H. Rev. Stat. § 173-B:9.

4. Both Movant and Plaintiff were directly affected by the conduct of the same public officials, acting in their official capacities, during overlapping time periods and judicial proceedings.

5. To the extent there are any differences in the underlying factual bases for relief, Movant has incurred little or no out-of-pocket legal expenses, whereas Plaintiff has expended significant personal funds (e.g., for transcript preparation, service fees, and other costs) in connection with Movant's defense.

6. Accordingly, although Movant has not suffered financial harm, she has nonetheless suffered all other relevant constitutional injuries described above.

### III. Legal Standard for Permissive Joinder

7. Fed. R. Civ. P. 20(a)(1) provides that:

   **"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and**

   **(B) any question of law or fact common to all plaintiffs will arise in the action."**

8. Both prongs of Rule 20(a)(1) are satisfied here. Movant and Plaintiff seek relief arising from the same pattern of retaliatory and unconstitutional

conduct by government officials. The claims share substantial legal and factual overlap, including the constitutionality of New Hampshire's protective order enforcement regime and the actions of the named defendants. *See, e.g.*, Mosley v. General Motors Corporation, 497 F. 2d 1330 (8th Cir. 1974).

**Interest of the Movant**

9. Movant's constitutional rights were infringed by the same actors and legal mechanisms as those challenged by Plaintiff. Her interest in the case is substantial, and her participation would allow for coordinated presentation of overlapping legal and factual issues.

10. Movant does not seek to displace or alter Plaintiff's claims, but instead to pursue parallel relief for her own injuries through aligned litigation. Proceeding separately would result in unnecessary duplication of evidence, witnesses, and judicial resources.

**Judicial Economy and Lack of Prejudice**

11. Permitting joinder at this stage will:
    - Prevent duplicative litigation;
    - Conserve judicial and party resources;
    - Promote consistent adjudication of common legal and factual issues;
    - Cause no undue delay or prejudice to any existing party.

12. Plaintiff assents to joinder, and no defendant has filed a responsive pleading as of the date of this filing.

WHEREFORE, Movant respectfully requests that this Court:

A) Grant leave for Destinie L. Berard to join as a co-plaintiff in this action under Fed. R. Civ. P. 20(a)(1); and,

B) Permit the filing of an amended or supplemental complaint setting forth Movant's claims, either jointly or separately, consistent with existing pleadings; and,

C) Grant such other and further relief as the Court deems just and proper.

                                                Respectfully submitted,

                                                DESTINIE BERARD
                                                *Pro Se*
                                                46 Pond St.
                                                Georgetown, MA 01833
                                                dlb12179@gmail.com

April 16, 2025

## CERTIFICATE OF SERVICE

I, Destinie L. Berard, hereby respectfully request that the Clerk serve a copy of this Motion on all parties of record via the CM/ECF system.

I further certify that I have sent a copy of this Motion via first-class mail, postage-prepaid, to the following recipients:

- Dana Albrecht
- Samuel R.V. Garland, Esq.
- Eric Alexander Maher, Esq.
- Linda M. Smith, Esq.
- Liam D. Scully, Esq.

                                                DESTINIE BERARD

April 16, 2025.

## CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF Essex

On 16th of April 2025, before me, Destinie L Berard, a Notary Public under the laws of the Commonwealth of Massachusetts personally appeared **Destinie L. Berard**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that each executed the same in their authorized capacity, and that by her signature on the instrument is the person who executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the Commonwealth of Massachusetts that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
(SEAL)

_____
SIGNATURE OF NOTARY PUBLIC

DANIEL THOMAS PARK WHITE
Notary Public
Massachusetts
My Commission Expires
Jul 5, 2030

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F July 2022
OD: 12 1/2 x 9 1/2

This package is made from post-consumer waste. Please recycle - again.

FOR DOMESTIC AN[D]
PLACE MAIL[ ]

- Guaranteed delivery [ ]
- Guaranteed delivery t[ ]
- USPS Tracking® serv[ice] and many internation[al]
- Pick up available.
- Domestic shipments [ ] (restrictions apply).‡
- Signature included up[ ]

\* Money Back Guarantee to U.S[ ] select International destinatio[ns] See DMM and IMM at pe.usps[ ]

† Money Back Guarantee for U.S[ ]

‡ Insurance does not cover cert[ain] Domestic Mail Manual at http:[ ]

WHEN USED INTERNATIONALLY, A CUST[OMS ]

---



E



US POSTAGE IMI  908150416212538  2000391472
$31.40
SSK
PME
04/16/25  Mailed from 02205  028W2310876

## PRIORITY MAIL EXPRESS®

DESTINIE L BERARD
46 POND ST
GEORGETOWN MA 01833-1639
(978) 518-0765

3.10 oz
RDC 07

SIGNATURE REQUIRED
SCHEDULED DELIVERY DAY: 04/18/25 06:00 PM

 C011

SHIP TO:
(603) 225-1423
TRACY A UHRIN
US DISTRICT COURT (D.N.H.)
RM 110
55 PLEASANT ST
CONCORD NH 03301-3941



USPS SIGNATURE® TRACKING NBR

9581 7066 9646 5106 3159 32



  

UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; July 2022; All rights reserved.