UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

DANA ALBRECHT,

       Plaintiff,

v.                                                                Docket No. 1-25-CV-00093

JUDGE JOHN PENDLETON, ET AL,

       Defendants.

---

## NEW HAMPSHIRE PUBLIC DEFENDER'S MOTION TO DISMISS

Pursuant to Local Rule 7.1(a) and Fed. R. Civ. P. 12(b)(6), Defendant, New Hampshire Public Defender ("NHPD" or "Defendant"), by its attorneys, Morrison Mahoney LLP, respectfully submit the following Motion to Dismiss Plaintiff's Complaint, as (a) Plaintiff lacks standing to sue Defendant, (b) there is no actual controversy to litigate between Plaintiff and NHPD, and (c) NHPD is not a State Actor and cannot be liable to Plaintiff for an alleged violation of the Sixth or Fourteenth Amendments. As grounds therefore, Defendant state as follows:

## I.     BACKGROUND

This case arises out of Defendant's representation under RSA 311:1 of Destinie Berard ("Berard") and Plaintiff's claim that Berard has been denied counsel in connection with a criminal prosecution against her in state court. Plaintiff brings an 11-count complaint against 18 defendants. As against NHPD, Plaintiff brings only one count, i.e., an alleged violation of the Sixth and Fourteenth Amendments, *Count I, ¶¶ 133-142.* He seeks an injunction preventing the further prosecution of Berard. *Complaint, p. 42, ¶ G.* He also seeks a "mandatory injunction

compelling the [NHPD] and the Indigent Defense & Funding Defendants[1] to provide the indigent defendant with effective assistance of professional counsel at state expense." *Complaint, p. 42, ¶ J.* He further seeks an "order directing [NHPD] to cover all costs associated with securing professional legal representation for the indigent defendant in this case who will provide effective assistance of counsel". *Complaint, p. 43, ¶ L.*

Defendant moves to dismiss all claims against it, as Plaintiff has no standing to bring suit. Also, there is no controversy to litigate between Plaintiff and NHPD, in part as the state court issued an order appointing counsel to Berard on April 15, 2025. See docket summary in the matter of *State of New Hampshire v. Berard*, 10th Circuit – District Division- Hampton, Case No. 441-2024-CR-00353, attached hereto as *Exhibit A, p. 10*[2]. As the Court has ordered the appointment of counsel for Berard, and the matter will proceeds under the dictates of NH RSA 604-A, Plaintiff's Complaint is moot. Also, to the extent Plaintiff seeks an order compelling NHPD to fund Berard's defense, the request is improper.

Defendant further offers the following.

## II.    <u>STANDARD OF REVIEW</u>

In ruling on a F. R. Civ. P. 12(b)(6) motion, the trial court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." <u>Martin v. Applied Cellular Tech.</u>, 284 F.3d 1, 6 (1st Cir.2002). A motion to dismiss for failure to state a claim upon which relief is proper when a complaint fails

---

[1] According to Plaintiff, "Indigent Defense and Funding Defendants" are (a) the 24 members of the New Hampshire Judicial Council, (b) Charles Arlinghaus, Commissioner of the New Hampshire Department of Administrative Services, and NHPD.

[2] Under the rules of professional conduct, NHPD has a conflict and cannot select one of its attorneys to represent Berard. Thus, the Conflict Counsel Administrator currently is seeking out counsel to represent Berard.

to allege "a plausible entitlement of relief." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 550 (2007). The allegations in the complaint must "possess enough heft to 'sho[w]' that the pleader is entitled to relief." <u>Id</u>.

> Determining whether a complaint states a plausible claim for relief, will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.

<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009) (internal citations omitted).

The court need not accept as true "bald assertions" or conclusions of law. <u>Resolution Trust Corp. V. Driscoll, 985 F.2d 44, 48 (1st Cir.1993)</u> "'A pleading that offers labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" <u>Ashcroft V. Iqbal</u> 556 U.S. 662, citing <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 555 (2007). The motion should be granted when, "viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Affirmative defenses can be raised in a motion to dismiss if "facts establishing the defense [are] . . . clear on the face of the plaintiff's pleadings" (internal quotations omitted). <u>Aldahonda-Rivera v. Parke Davis & Co.</u>, 882 F.2d 590, 591 (1st Cir.1989).

## III.  **ALLEGATIONS IN COMPLAINT**

In his complaint, Plaintiff alleges the following:

NHPD is a private 501(c)3 nonprofit corporation that handles indigent criminal defense pursuant to N.H. RSA § 604-A. *Complaint, ¶ 13*. On March 15, 2024, Berard was arrested in New Hampshire. *Complaint, ¶ 56*. Berard filed a pro se motion for appointed counsel at state expenses. *Complaint, ¶ 61*. The state court refused to schedule or rule on the motion, forcing Berard to proceed unrepresented. *Complaint, ¶ 62*. Plaintiff entered an "emergency appearance

104187763.v1

under N.H. Rev. Stat. § 311:1 solely to assist an indigent criminal defendant in obtaining court-appointed counsel and to prevent an unfair trial in a New Hampshire state court proceeding." *Complaint, ¶ 4, 67.* Plaintiff intended to limit his role to assisting Berard to obtain effective assistance of counsel. *Complaint, ¶ 68.* The state court continues to refuse to hold a "proper status of counsel hearing or to rule on [Berard's] motion for appointed counsel." *Complaint, ¶ 71.* Plaintiff alleges that the "ongoing failure constitutes a systemic violation of [Berard's] right to counsel". *Complaint, ¶ 72.* Plaintiff further alleges that NHPD and other defendants "have failed in their statutory duties to ensure that indigent defendants receive competent legal representation," failed to "fulfill its obligation in this case," and its failure to act violated 42 U.S.C. § 1983. *Complaint, ¶ 79, 82-83.*

As against NHPD, a non-profit private organization, Plaintiff seeks:

- a "mandatory injunction compelling the [NHPD] and the Indigent Defense & Funding Defendants to provide the indigent defendant with effective assistance of professional counsel at state expense." *Complaint, p. 42, ¶ J.*

- an "order directing [NHPD] to cover all costs associated with securing professional legal representation for the indigent defendant in this case who will provide effective assistance of counsel". *Complaint, p. 43, ¶ L.*

## IV.   ARGUMENT

### A. PLAINTIFF HAS NO STANDING TO BRING CLAIMS AGAINST NHPD RELATED TO THE BERARD PROSECUTION

For the reasons outlined in the Magistrate Judge's Report and Recommendation, *see Doc. 12*, Plaintiff lacks standing to bring his claims. As outlined by the Magistrate Judge, Plaintiff "fails to allege that he suffered, or in danger of suffering, any legally-cognizable injury. Instead, he is seeking solely to vindicate the rights of Ms. Berard or, perhaps, those of society at large, in seeking

that Ms. Berard's criminal proceedings are conducted in accordance with the Constitution.  Indeed,

nearly all of the requested declaratory relief is for the benefit of Ms. Berard."  *See Doc. 12, pp. 5-*

*6.*  Plaintiff also has not demonstrated that he has third-party standing.  Kowalski v. Tesmer, 543

U.S. 125, 130 (2004).  *See Doc. 12, p. 7.*

As the Magistrate Judge concluded, "there is no plausible reading of [Plaintiff's] complaint

that suggests that Mr. Albrecht is claiming that he has 'suffered the personal injury necessary to

have standing before this court.' Miller v. Roberge, No. CIV. 08-CV-00293-JL, 2008 WL

4276561, at *3 (D.N.H. Sept. 12, 2008)." *Doc. 12, p. 8.*  This is insufficient to confer standing

upon Plaintiff, and Plaintiff's Complaint should be dismissed.

### B.  THERE IS NO JUDICIABLE CONTROVERSY FOR THIS COURT TO LITIGATE BETWEEN PLAINTIFF AND NHPD

#### 1.  The State Court ordered the Appointment of Counsel to Represent Berard, so any Controversy between NHPD and Plaintiff is Moot.

On April 11, 2025, the Court ordered the appointment of counsel, with notice to the parties

on April 15, 2025.  *See Ex. A, p. 10.  See also Court Order, attached hereto as Exhibit B.*  Under

the New Hampshire Rules of Professional Conduct, NHPD cannot accept the appointment as it

has a conflict.  Upon information and belief, the Conflict Counsel Administrator currently is

coordinating with the New Hampshire Judicial Counsel to assign counsel to Berard.

In any event, as there is now a court order appointing counsel to represent Berard,

Plaintiff's complaint as against NHPD is moot, and there is no judiciable controversy as against

NHPD.  "As a consequence [of the Court Order appointing counsel to represent Berard], there [is]

no live controversy and consequently no prospective relief of a personal nature that the district

court could award." Steir v. Girl Scouts of the USA, 383 F.3d 7, 17 (2004).  Plaintiff's Complaint

should be dismissed.

104187763.v1

    **2. Since NHPD is a Private Corporation which has no Role in any Criminal Prosecution until the State appoints it to any particular matter and it does not "Fund" any Defense, but rather is paid by the State pursuant to a Contract, Plaintiff's requested relief as against NHPD is improper.**

As against NHPD, a non-profit private organization, Plaintiff seeks an "injunction compelling the [NHPD] and the Indigent Defense & Funding Defendants to provide the indigent defendant with effective assistance of professional counsel at state expense." *Complaint, p. 42, ¶ J,* and an "order directing [NHPD] to cover all costs associated with securing professional legal representation for the indigent defendant in this case who will provide effective assistance of counsel". *Complaint, p. 43, ¶ L.* NHPD is a private non-profit corporation. *Complaint, § 13*. Thus, Plaintiff's complaint improperly seeks orders instructing a private corporation to undertake certain actions at its own expense.

Also, NHPD does not "fund" any defense. *See Affidavit of Margaret Kettles, attached hereto as Exhibit C.* Rather, it is paid pursuant to its contract with the State. *Ex. C; see also NH RSA 604-B:4.* Thus, NHPD is a vendor of the state – not a state agency. To the extent Plaintiff's Complaint seeks an injunction directing NHPD to "cover all costs" for legal representation of an indigent criminal defendant, this is an improper request, as it seeks to impose a financial obligation upon a private corporation. Notably, state law also provides that if there is a conflict (as is the case here) or for some other reason a contract attorney or qualified attorney is appointed to represent Plaintiff, any such appointment will involve a contract directly with the State and does not funnel through NHPD. See RSA 604-A:4.

NHPD also has no role in the appointment of counsel, but rather simply is an organization that may be appointed. "Whenever **the court makes an appointment** under paragraph I, the appointment shall be made as follows: first, appointment of the public defender program under RSA 604-B if that office is available; appointment of a contract attorney under RSA 604-A:2-b if

such an attorney is available; and third, in the event that neither the public defender program nor a contract attorney is available, the appointment of any qualified attorney under paragraph I." (emphasis added.)  NH RSA 604-A:2, II.  It is not within the power of NHPD to represent an indigent defendant without a court appointment.  The Court, and not NHPD, appoints counsel to represent an indigent defendant.  *See Ex. C.*

Since, at the time he filed his complaint, (a) NHPD had no role in the underlying criminal prosecution, (b) had no role in the decision as to whether counsel should be appointed to represent Berard, and (c) since NHPD does not fund the defense of a criminal defendant but rather is paid by the State to undertake such representation, there is no judiciable controversy warranting any injunction against it, particularly injunctions that compel it to act.

Relatedly, Plaintiff alleges that NHPD has "failed in their statutory duties to ensure that indigent defendants receive competent legal representation," failed to "fulfill its obligation in this case," and its failure to act violated 42 U.S.C. § 1983.  *Complaint, ¶ 79, 82-83.*  Again, NHPD is not a state agency.  *Ex. C.*  There are no statutory obligations imposed upon NHPD beyond those contained in the Rules of Professional Conduct and court rules generally.  *RSA 604-A.*  Moreover, nothing in RSA 604-B dictates that NHPD must act *prior* to a court's appointment.  *See RSA 604-B.*

As such, Plaintiff's Complaint against it should be dismissed.

### C.  COUNT I FAILS TO STATE A CLAIM AGAINST NHPD, WHO IS NOT A STATE ACTOR

The so called "Indigent Defense and Funding Defendants" are referenced in only one count – Count I.  *Complaint, ¶ 142.*  Therein, Plaintiff claims a "violation of the Sixth and Fourteenth Amendments."  *Complaint, p. 29.*  In his "Introduction, he also claims that this is a "civil rights action under 42 U.S.C. § 1983." *Complaint, ¶ 1.*

104187763.v1

Title 42 U.S.C. § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Id. Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982). To sustain a § 1983 claim, Plaintiff must allege and prove that his rights were deprived by an actor "acting under the color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (that defendant acts under color of state law is a jurisdictional requisite for a s. 1983 action). "Under color of law" has consistently been treated as being the same thing as the "state action" required under the Fourteenth Amendment. Lugar, 457 U.S. at 928 (citing United States v. Price, 383 U.S. 787, 794 n. 7 (1966)). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). NHPD is a private actor.

To determine if a private actor can be considered a state actor, the courts have utilized three tests: (1) the state compulsion test; (2) the nexus/joint action test; and (3) the public function test. Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4-5 (1st Cir. 2005). It is the Plaintiff's burden to prove that the private actor can be considered a state actor. Mead v. Independence Ass'n, 684 F.3d 226, 231 (1st Cir. 2012). Plaintiff's Complaint fails to establish as a matter of law that NHPD is a state actor. As alleged in Plaintiff's complaint, NHPD was not coerced by a state actor into a choice such that any act "must in law be deemed to be that of the State." Mead at 231. There is no nexus/joint action between NHPD and a state actor warranting a finding that under "the totality of the circumstances . . . the state has 'so far insinuated itself into a

8

position of interdependence with the [private party] that it was a joint participant in [the challenged activity].'" Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 5 (1st Cir. 2005) (quoting Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir.1999)).  Lastly, NHPD engages in no "powers traditionally *exclusively* reserved to the state." (emphasis added) Jackson v. Metro. Edison Co., 419 U.S., 345, 352 (1974).  Thus, accepting all well-pleaded facts as true and drawing all reasonable inferences in Plaintiff's favor, NHPD was not a state actor as a matter of law. Plaintiff's complaint, alleging due process of law violations, should be dismissed.

### D. IF THIS COURT FINDS THAT IT HAS JURISDICTION, IT SHOULD ABSTAIN FROM EXERCISING ITS JURISDICTION TO AVOID INTERFERENCE WITH THE PENDING STATE COURT ACTION

If the court finds that it has jurisdiction over Plaintiff's complaint for declaratory and injunctive relief, the court should abstain from exercising its jurisdiction under the doctrine of abstention.  *See* Younger v. Harris 401 U.S. 37 (1971).  Based in part on the legal principles of comity, federalism, and equity, the United States Supreme Court in Younger, *supra*, held that "federal courts are not to enjoin pending state court criminal proceedings except in certain, narrow circumstance." Mounkes v. Conklin, 922 F.Supp. 1501, 1510 (D. Kan 1996).  Further,

> [u]nder Younger v. Harris, 401 U.S. 37 (1971), absent extraordinary circumstances, federal courts must generally abstain from considering the merits of federal constitutional claims asserted by state criminal defendants seeking to enjoin a state criminal prosecution, or to obtain a declaratory judgment that could affect ongoing state criminal prosecutions. See Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015); see also Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013); Doe v. Donovan, 747 F.2d 42, 44 (1st Cir. 1984).

> > Because "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," Kugler v. Helfant, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975), federal courts may intervene only in "extraordinary circumstances," Younger, 401 U.S. at 53, such as when the prosecution is done in bad faith or to harass or when the state criminal law flagrantly unconstitutional, see id. at 53-54

> Patton v. Bonner, No. 20-5531, 2021 U.S. App. LEXIS 10080 at *3-4, 2021 WL
> 2026933, at *2 (6th Cir. Apr. 7, 2021). Here, the ongoing [Berard] prosecution
> satisfies the prerequisites for Younger abstention, as the state criminal prosecution
> remains pending, resolution of the charged criminal offenses necessarily implicates
> important state interests, and [Berard] has not alleged facts indicating that the state
> courts have not or will not provide [her] the opportunity to advance [her] federal
> rights in that case.

Holloway v. New Hampshire, 2021 WL 5868223 (2021) *3.

Here, if the Court determines that there is jurisdiction, it should abstain given the pending

state prosecution.

## VI.    **CONCLUSION**

Dismissal of all claims against NHPD (Count I) is warranted, as Plaintiff lacks standing to

bring this suit against NHPD, there is no controversy to litigate as between NHPD and Plaintiff,

and NHPD is not a state actor such that Count I, the only count against it, fails to state a cause of

action.

WHEREFORE, Defendant respectfully request that this Honorable Court:

A.    Grant Defendant's Motion to Dismiss; and

B.    Grant such other and further relief as is equitable and just

Respectfully submitted,

New Hampshire Public Defender

MORRISON MAHONEY LLP

By     /s/ *Linda M. Smith*
        Linda M. Smith, #265038
        lsmith@morrisonmahoney.com
        Center of New Hampshire Office Tower
        650 Elm Street, Suite 201
        Manchester, NH 03101
        Phone:  603-622-3400
        Fax:     603-622-3466

104187763.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on the following persons on this date in the manner specified herein:

Electronically Served:

/s/ Linda M. Smith
Linda M. Smith, #265038