# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Hampton
3 Timber Swamp Road
Hampton NH 03842

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## APPOINTMENT OF COUNSEL

Case Name: **State v. DESTINIE L BERARD**
Case Number: **441-2024-CR-00353**

The court has approved your request for a lawyer and/or made an order that a lawyer be appointed to represent you because you have been charged with a Class A Misdemeanor. Below is the name and contact information of the attorney's office appointed to represent you. Please contact the attorney's office immediately.

**Attorney Information:**

| Name: | NH Public Defender, Rockingham County | Telephone: | 1-800-464-0652 |
|---|---|---|---|
| Address: | PO Box 679<br>Stratham NH 03885 | | |

**Hearing Information:**

**Hearing Type:** Trial

**Hearing Date:** May 15, 2025 at 1:00PM

**Charge Information:**

| Description: | Inchoate: | Statute: |
|---|---|---|
| Violation of Protective Order | | 173-B:9 |

Reimbursement of Attorney Fees: Upon the conclusion of this case, the Judge will determine if you have to reimburse the State of New Hampshire for legal expenses.

**Defendant Information:**

| Name: | DESTINIE L BERARD | Telephone: | |
|---|---|---|---|
| Address: | 46 Pond St<br>Georgetown MA 01833 | DOB: | [redacted] |

April 15, 2025
Date

/s/ Ellen V. Christo
Administrative Judge

NHJB-4062-DSe (08/01/2024)

# The State of New Hampshire
## COMPLAINT

Case Number: 441-2024-CR-353          Charge ID: 2186723C

| | | | |
|---|---|---|---|
| ☐ VIOLATION | MISDEMEANOR ☒ CLASS A  ☐ CLASS B | | ☐ UNCLASSIFIED (non-person) |
| | FELONY ☐ CLASS A  ☐ CLASS B  ☐ SPECIAL | | ☐ UNCLASSIFIED (non-person) |

You are to appear at the: **10thCircuit-Hampton** Court,
Address: **3 TIMBER SWAMP RD, HAMPTON, NH**          County: **ROCKINGHAM**
Time: 11:00 AM     Date: 03/18/24

Under penalty of law to answer to a complaint charging you with the following offense:
**THE UNDERSIGNED COMPLAINS THAT:** PLEASE PRINT

| BERARD | DESTINIE | L |
|---|---|---|
| Last Name | First Name | Middle |
| 46 POND ST | GEORGETOWN | MA |
| Address | City | State / Zip |

| F | W | 4 10 | 180 | BLUE | BLOND OR STRAWBERRY |
|---|---|---|---|---|---|
| Sex | Race | Height | Weight | Eye Color | Hair Color |

| | | MA |
|---|---|---|
| DOB | License #: | OP License State |

☐ COMM. VEH.    ☐ COMM. DR. LIC.    ☐ HAZ. MAT.    ☐ 16+PASSENGER

AT: SEABROOK POLICE DEPARTMENT: 7 LIBERTY LN, SEABROOK NH
On 05/30/2022 at 12:45 PM in Rockingham County NH, did commit the offense of:
RSA Name:         Violation of Protective Order
Contrary to RSA:  173-B:9
Inchoate:
(Sentence Enhancer):

And the laws of New Hampshire for which the defendant should be held to answer, in that the defendant did:

Knowingly violate a final Order of Protection issued by the 10th Circuit Court-Family Division-Brentwood on July 8, 2020, in that she came within 300 feet of the protected party in said order at 1 Lowell Street, Saint Elizabeth of Hungary Mission Church,

Date 3/18/24
☐ no plea (felony)
☒ not guilty (to all charges)

△ waives counsel
☒ shall be appointed counsel
△ will hire counsel

_EVC_
Judge

against the peace and dignity of the State.
☐ SERVED IN HAND

_[signature]_                    Sergeant JUSTIN T MURPHY          Seabrook PD
Complainant Signature           Complainant Printed Name            Complainant Dept.

**Making a false statement on this complaint may result in criminal prosecution.**
Oath below not required for police officers unless complaint charges class A misdemeanor or felony (RSA 592-A:7.I).
Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed is, in his/her belief, true.

6-14-2022                         _[signature]_
Date                              Justice of the Peace

NHJB-2962-D (6/27/2016)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Hampton
3 Timber Swamp Road
Hampton NH 03842

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

NH PUBLIC DEFENDER, ROCKINGHAM COUNTY
P.O. BOX 679
STRATHAM NH 03885

Case Name:     **State v. DESTINIE L BERARD**
Case Number:   **441-2024-CR-00353**

Enclosed please find a copy of the Court's Order dated April 11, 2025 relative to:

**Status of Counsel Hearing Order- April 10, 2025**

April 15, 2025

Tracy L. Meyer
Clerk of Court

(132)
C:  Seabrook Prosecutor; Dana Albrecht

NHJB-2207-DF (07/01/2011)

# THE STATE OF NEW HAMPSHIRE
# JUDICIAL BRANCH

**Rockingham County**             **10th Circuit - District Division –Hampton**

## STATE v. DESTINIE L BERARD

## 441-2024-CR-00353

### STATUS OF COUNSEL HEARING ORDER – APRIL 10, 2025

The Court held a Status of Counsel Hearing on April 10, 2025. The Court scheduled the hearing after the Defendant's non-lawyer representative, Mr. Albrecht, raised his own concern with whether he was adequately representing the Defendant. The Court also notes that the Defendant and Mr. Albrecht have repeatedly challenged the Court's various orders requiring Defendant to verify her financial affidavit/request for counsel. She had declined to sign the Request for Counsel form as required by Judge Christo's June 26, 2024 Order, Judge Zaino's July 9, 2024, and Judge Pendleton's July 16, 2024 Order, making it impossible for the Court to confirm her eligibility for Court appointed counsel.

The Court limited the issues before it to the issue of whether the Defendant would affirm the financial indigency under penalty and pains of perjury, in part because the Court was concerned with her current representation, and to explore whether the Defendant still wished to be represented by Mr. Albrecht, and/or if Mr. Albrecht still wished to represent Ms. Berard given his comments at the last hearing. The Court also noted its own concern with Mr. Albrecht's representation and the number of frivolous pleadings filed in the case. The Court in this order also considers if it is appropriate to revoke the authorization allowing Mr. Albrecht to appear as a non-lawyer representative.

At today's hearing the Court attempted to limit Mr. Albrecht to these relevant issues. Ms. Berard did wish to obtain the services of a Court appointed lawyer. As such the Court reviewed what it would require and asked her individually what issues she had with the second page of the Request for a Lawyer form, Form NHJB-4044. The Court indicated its intent was to confirm she was in fact indigent and that the financial information she provided on the form was being verified by her under penalty of perjury. The Defendant

indicated her concern related to allowing the State to demand access to her private financial information. The Court noted if she is investigated for perjury the State has the right to seek a search warrant and/or grand jury subpoena as part of any investigation. The Court therefore indicated it would not require her to check the bottom two boxes on the form. It allowed her to speak with Mr. Albrecht for a period, leaving the bench. When the Court came back, Mr. Albrecht submitted an updated financial affidavit in the same form as the rejected documents referenced in the June 26, 2024 Christo Order, the July 9, 2024 Zaino order and the June 16, 2024 Pendleton Order. Ms. Bernard then indicated she would sign the actual Request for a Lawyer form. The Court allowed Mr. Albrecht to cross out the bottom two boxes on the Request for a Lawyer form, noted on the record that Ms. Berard was incorporating the separate Financial Affidavit Form, as she or Mr. Albrecht indicated on the first page of the Request for a Lawyer form, and received the form from her signed. The Court confirmed with her the information was accurate and approved her appointment of counsel.

      The Court inquired if that resolved the issue of whether Mr. Albrecht would stay involved as a non-lawyer representation. He raised the prospect that he might continue in that role and use the appointed lawyer as standby counsel. The Court cannot appoint counsel if Defendant is going to continue to have Mr. Albrecht serve as a non-lawyer representative. A non-lawyer representative under RSA 311:1 is treated as legal counsel and is subject to the NH Professional Rules of Conduct. See N.H. Dist. Div. R. 1.3D. A party is only entitled to Court appointed counsel if they are not represented. NH RSA 604-A:2, I; See also State v. Cameron, 121 N.H. 348, 351 (1981) (a party in a non-capital case is only entitled to appointment of one counsel). So long as Mr. Albrect is representing the Defendant she is not otherwise entitled to appointed counsel. Court understood Ms. Berard to want the Court to appoint a lawyer for her benefit from today's hearing, and from the prior pleadings filed in the case. The Court understands based upon Mr. Albrecht's advocacy on Ms. Berard's behalf about appointment of counsel, including motions he has filed seeking appointment of counsel, and subpoenas he has issued seeking third party input, as well as his oral arguments in past hearings, that he has done this to have legal counsel appointed to represent the Defendant. Mr. Albrecht at the March 13, 2025 hearing raised his own concerns that he was not able to meet the Strickland v. Washington, 446 U.S.

688 (1984) standards for competent legal representation. Now that counsel has been approved, Mr. Albrecht's appearance will be revoked for the reasons below.

Because Mr. Albrecht implied during the April 10, 2025 hearing that he might not withdraw, or that he felt it was possible to continue to represent Ms. Berard and use the appointed lawyer as standby counsel, the Court believes it is necessary to also consider its second issue discussed in the March 18, 2025 Order and scheduled for the April 10, 2025 hearing. This was whether the Court should remove Mr. Albrecht because he was not meeting his obligations under Strickland v. Washington, 446 U.S. 688 (1984), and/or the New Hampshire Rules of Professional Conduct, and/or otherwise was inappropriate as a representative in this criminal proceeding. The New Hampshire Supreme Court has indicated the trial court has broad discretion to manage the docket and the proceedings before it. State v. Furlong, 2018 WL 5840154 (non-precedential order) (October 17, 2018) *citing* In the Matter of Conner and Conner, 156 N.H. 250, 252 (2007). There is a strong public policy against allowing non-lawyers to represent criminal defendants. These have been recognized by the New Hampshire Supreme Court in State v. Settle, 124 N.H. 832, 835 (1984) *citing* Bilodeau v. Antal, 123 N.H. 39, 43 (1983). The Court also notes the substantial requirements to be admitted to the New Hampshire Bar. These various requirements are outlined in N.H. Supreme Court Rule 42. Non-lawyer representatives do not have similar requirements, experience or education.

The Court reviews the current representation of Mr. Albrecht, considering that this is a criminal and not a civil proceeding. He is a non-lawyer representing a criminal defendant in an action that carries the prospect of incarceration. Different Court rules apply to criminal matters, specifically the Criminal Rules of Procedure apply in both the Superior and Circuit Courts. Criminal Rule of Procedure 42 (hereinafter "CRP 42") sets out specific requirements for representation by an attorney who is not a member of the New Hampshire Bar. The Court in exercising discretion considers the pro hac vice appointment language from CRP 42 as offering instructive guidance whether and when non-lawyer representatives should be allowed to represent a party in a New Hampshire Court. Sub-section (3) of CRP 42 indicates:

> The court has discretion as to whether to grant applications for admission pro hac vice. An application ordinarily should be granted unless the court finds reason to believe that such admission:

> (A) May be detrimental to the prompt, fair and efficient administration of justice;
> (B) May be detrimental to legitimate interests of parties to the proceedings other than the client(s) the applicant proposes to represent;
> (C) One or more of the clients the applicant proposes to represent may be at risk of receiving inadequate representation and cannot adequately appreciate that risk; or
> (D) The applicant has engaged in such frequent appearances as to constitute common practice in this state.

See also Dist. Div. R. 1.3D (requirements of non-attorney representatives in District Division proceedings).

Mr. Albrecht filed his appearance in the case on November 12, 2024.[1] Since that date there have been eighty-seven new docket entries in the case. The majority have been generated by Mr. Albrecht or been in response to one of his filings or because of subpoenas he issued. Prior to today's hearing, he has had at least four different sets of subpoenas quashed and been warned about filing frivolous subpoenas. He at one point subpoenaed a Brentwood town official, Brentwood having nothing to do with the facts in this case. See Walch handwritten Order on Defendant's Motion to Quash Subpoena, the order dated November 13, 2025. He has tried to subpoena the Clerk of the 10th Circuit Hampton Court on multiple occasions. See Walch handwritten Order on Court Index #66, Motion to Quash, the order dated December 18, 2024; Walch handwritten order on Court Index #88, Motion to Quash, the order dated February 7, 2025; and Pendleton Order on Court Index #105, Motion to Quash, order dated March 11, 2025. Despite this, Mr. Albrecht attempted to subpoena 3 lawyers associated with the NH Public Defenders Office for the April 10, 2025 hearing. He also attempted to Subpoena the Commissioner of the Department of Administrative Services for the April 10, 2025 hearing, which was denied by Judge Lown. See Lown Order issued on Court Index #125, Expedited Motion to Quash, order dated on April 9, 2025. See also N.H. R. Prof. Cond. 3.1, Meritorious Claims and Contentions; 4.5, Subpoenas.

Mr. Albrecht has filed at least 3 appeals to the New Hampshire Supreme Court, all of which are filed on an interlocutory basis. He has yet to comply with the requirements of

---

[1] The Court notes based upon pleadings Mr. Albrecht may have been supporting Ms. Berard but had not appeared as a non-lawyer representative. The Court considers the period after he filed his appearance for Berard only.

either Supreme Court Rule 8 or Rule 9, both of which appear to apply. Both Rules require that before filing an interlocutory appeal a party must first seek authorization from the trial court. The most recent appeal was apparently filed on April 9, 2025, after the trial Court issued its March 18, 2025 order which pointed out the interlocutory rule requirements to Mr. Albrecht. His continued practice of subpoenaing non-parties for non-relevant issues is problematic, as is the volume of the unnecessary pleadings, and inappropriately filed appeals. The file reflects at one point he tried to remove this state criminal proceeding to federal Court as well. His actions are detrimental to the prompt, fair and efficient administration of justice. See N.H. R. Prof. Cond. 1.3, Diligence; 3.2, Expediting Litigation. They delay the resolution of this charged conduct and impact the Court and its staff's ability to address other docketed matters.

      Mr. Albrecht repeatedly has claimed notice issues in the case. For example, even at the April 10, 2025 hearing, he was complaining he did not get notice before the March 11, 2025 hearing in sufficient time to file a memorandum on double jeopardy. The double jeopardy issue was scheduled for a hearing by Judge Walch who recognized it as an important issue. She asked the parties to file memorandums 10 days prior to the hearing when it was initially scheduled in November 2024. The double jeopardy issue could have been a dispositive issue requiring dismissal of the case. No memorandum was filed prior to the hearing by Mr. Albrecht. The Court found Mr. Albrecht's excuse, that he did not have notice, was disingenuous. He made a similar argument on the same issue when the Court had scheduled the hearing the first time, back in November 2024. He filed a Motion seeking a continuance for the first hearing on double jeopardy which Judge Walch granted. He brought up in the pleading that Judge Walch had invited the parties to file a Memorandum on the issue of Double Jeopardy at least 10 days prior to the hearing, acknowledging that he was aware of the request. In that case he was arguing that the hearing was scheduled too quickly. See Order on Index # 65, Defendant's Memorandum of Law re: Notice, the Order dated December 18, 2024. The Court did continue, and in early February it was scheduled for the March 11, 2025 date. A narrative order explained again that the Court expected memorandums 10 days prior to the hearing. The Court addressed the Defendant's representatives claim about notice at the March 11, 2025 hearing. Nonetheless, it was raised again on April 10, 2025.

The Court is also concerned that Mr. Albrecht has not raised what the Court views as relevant legal challenges, for example, a laches or delay in prosecution argument given the delay between the charge and arrest, or effectively litigated issues raised by the Court, such as the double jeopardy issue. By example, at the hearing on double jeopardy he failed to obtain any relevant Massachusetts Court Records to prove the New Hampshire charges were already litigated in Massachusetts. See Court Order issued on March 18, 2025, Court Index #111. Another example, noted is that on April 10, 2025, Mr. Albrecht indicated that he has not yet attempted to acquire employment records for the State's complaining witness despite arguing such records are highly relevant for cross of the State's complaining witness. The case has been in open litigation since March 18, 2024, and he has been non-lawyer counsel of record since November 2024. The May 2025 trial date is not the first trial date scheduled since his involvement either.

Mr. Albrecht recognized in his own comments at the March 18, 2025 hearing that he may not be meeting the Strickland standards. The Court is not doubting his intentions of vigorously defending the Defendant, but finds that he apparently lacks the knowledge, experience and skills to do so effectively.[2] His continued role as a non-lawyer representative in this case does place the Defendant at risk of receiving inadequate representation. It has not been clear that she recognized the issue. The Court finds his continued role as a non-lawyer representative is detrimental to the Defendant.

The Defendant did complete her financial disclosures and incorporate those into a completed Request for Counsel form, signed under penalty and pains of perjury on April 10, 2025. The Court did allow some modifications to the form as indicated on the form. The Court has appointed counsel. Considering all these factors, the Court revokes Mr. Albrecht's role as a non-lawyer representative in this action. As a result, Mr. Albrecht will no longer be considered as representing Ms. Berard hereafter.

So Ordered,

4/11/2025
Date

Judge John Pendleton

---

[2] See N.H. R. Prof. Cond. 1.1, Competence.