UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANA ALBRECHT,<br>    Plaintiff<br><br>v.<br><br>JUDGE JOHN PENDLETON, solely in his official capacity as a Judge of the New Hampshire Circuit Court;<br><br>REFEREE SCOTT MURRAY, solely in his official capacity as a referee pursuant to N.H. Rev. Stat.§ 490-F:15 for the State of New Hampshire;<br><br>JUDGE ELLEN CHRISTO, solely in her official capacity as the Administrative Judge of the New Hampshire Circuit Court, and her successor(s) in office;<br><br>CHIEF JUSTICE GORDON MACDONALD,<br>JUSTICE JAMES P. BASSETT, JUSTICE ANNA BARBARA HANZ MARCONI, JUSTICE PATRICK E. DONOVAN, JUSTICE MELISSA COUNTWAY, solely in their official capacities as justices of the New Hampshire Supreme Court, and their successor(s) in office;<br><br>ERIN CREEGAN, solely in her official capacity as General Counsel of the New Hampshire Judicial Branch, and her successor(s) in office,<br><br>TRACY MEYER, solely in her official capacity as the Clerk of the 10th Circuit District Court, Hampton, New Hampshire, and her successor(s) in office;<br><br>**(continued on next page)** | Civil Action No. 1:25-CV-00093 |

1

THE 24 MEMBERS OF THE
NEW HAMPSHIRE JUDICIAL COUNCIL,
solely in their official capacities as
members of the council, and their
successor(s) in office;

CHARLES M. ARLINGHAUS, solely in his
official capacity as Commissioner at the
New Hampshire Department of
Administrative Services, and his
successors(s) in office;

THE NEW HAMPSHIRE PUBLIC
DEFENDER; a 501(c)(3) corporation;

JOHN FORMELLA, solely in his official
capacity as Attorney General of the State
of New Hampshire, and his successor(s) in
office;

JOHN VENTURA, solely in his official
capacity as Police Prosecutor for the Town
of Seabrook, New Hampshire, and his
successor(s) in office;

DANIEL LAWRENCE, solely in his official
capacity as Sergeant for the Seabrook
Police Department, and his successor(s)
in office;

KASSANDRA STORMS a/k/a
KASSANDRA KAMINSKI, solely in her
official capacity as a patrol officer for the
Seabrook Police Department, and her
successor(s) in office;

THE TOWN OF SEABROOK, a municipal
corporation in New Hampshire;

**(continued on next page)**

> THOMAS W. FOWLER, solely in his official capacity as Chief of Police for the Town of Salisbury, Massachusetts, and his successor(s) in office;
>
> ANTHONY KING, solely in his official capacity as former Lieutenant of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office;
>
> PATRICK SZYMKOWSKI, solely in his official capacity as a patrol officer of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office;
>
> THE TOWN OF SALISBURY, a municipal corporation in Massachusetts,
>
>     Defendants

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), this Memorandum is submitted in support of the Defendants', Town of Salisbury, Thomas W. Fowler, Patrick Szmkowski, and Anthony King (hereinafter referred to as the "Salisbury Defendants"), Motion to Dismiss Plaintiffs' Amended Complaint in its entirety.

The Salisbury Defendants adopt and incorporate the factual resuscitation of United States Magistrate Judge Andrea K. Johnstone's Report and Recommendation (Doc. No. 12), repeating herein the facts necessary to provide the context to this motion. To the extent that the Plaintiff impleads claims that Destinie Berard may or may not hold against any of the Defendants, her facts

3

are not repeated herein. The Salisbury Defendants only include the facts applicable to the Plaintiff, Dana Albrecht.

Mr. Albrecht, who is representing himself in this matter, filed a complaint (Doc. No. 1) against numerous defendants, including several New Hampshire judges and court officials as well as state officials and police officers in the Towns of Seabrook, New Hampshire and Salisbury, Massachusetts.

This case stems from a criminal case in New Hampshire Circuit Court brought against a non-party to this suit, Destinie Berard, a Massachusetts resident. According to the complaint, Berard was physically abused in 2018 by defendant Patrick Szymkowski[1], a Salisbury, Massachusetts patrol officer. On May 30, 2018, Szymkowski sought and received a domestic violence protective order against Berard in New Hampshire, after being denied similar relief in Massachusetts. Mr. Albrecht claims that the order was based on Szymkowski's false testimony, aided by members of the Seabrook Police Department. He further alleges that, in 2022, New Hampshire authorities – including prosecutors and the New Hampshire Attorney General – prosecuted Berard for violating the protective order in order to intimidate Berard.

Ms. Berard was arrested on a warrant on March 15, 2024 by the Seabrook Police, which charges were scheduled for a jury trial on November 13, 2024 but the trial was continued. The Plaintiff in this case, Dana Albrecht, who is not a lawyer, entered an emergency appearance on behalf of Ms. Berard under N.H. Rev. Stat. § 311:1. Two scheduling orders have issued in that case since that date, one on February 13, 2025, and the other on March 13, 2025.

---

[1] An allegation which is denied, but repeated herein for the sake of the instant motion's analysis.

4

Plaintiff does not allege any facts of any incidents or interactions between himself and any of the Salisbury Defendants.  Despite this, Plaintiffs bring the following counts for relief, only one of which appears to be against the Salisbury Defendants:

| | |
|---|---|
| Count I | Violation of the Sixth and Fourteenth Amendments *(Denial of professional counsel to indigent criminal defendant)* *Against the Judicial Defendants* |
| Count II | Violation of the Fifth Amendment *(Compelled Self-Incrimination)* *Against the Defendant Murray* |
| Count III | Violation of the Fourteenth Amendment *(Void for Vagueness Doctrine)* *Against the Judge Pendleton* |
| Count IV | Violation of Due Process and Equal Protection *(Systemic Bias in Scheduling)* *Against the Judicial Defendants* |
| Count V | Violation of Procedural Due Process *(Improper Notice & Right to a Fair Hearing)* *Against the Judicial Defendants* |
| **Count VI** | **Monell Claim Against Massachusetts Law Enforcement Defendants** *(Monell Claim – First and Fourteenth Amendments – Free Speech; Free Exercise; Petition Clause; Due Process)* *Against the Massachusetts Law Enforcement Defendants* |
| Count VII | Illegal Incarceration *(Fourteenth Amendment)* *Against Defendant Kaminski* |
| Count VIII | Monell Claim Against Town of Seabrook *(Monell Claim – First and Fourteenth Amendments – Free Speech; Free Exercise; Petition Clause; Due Process)* *Against Defendant Town of Seabrook* |
| Count IX | First Amendment Violation – Plaintiff's Right to Petition *(First Amendment – Petition Clause)* *Against Defendant Creegan* |
| Count X | Fourteenth Amendment Violation – Risk of Judicial Bias *(Fourteenth Amendment – Due Process)* *Against Defendant Hanz Marconi, Defendant Creegan and the Judicial Defendants* |
| Count XI | Fourteenth Amendment Violation – N.H. Rev. Stat. § 173:B-9 is Unconstitutional As-Applied *(As-applied challenge to constitutionality of state statute)* *Against Unspecified Defendants* |

Plaintiff does not have standing to bring claims against the Defendants', Town of Salisbury, Thomas W. Fowler, Patrick Szmkowski, or Anthony King. The Plaintiff's claim against the Salisbury Defendants is time barred. Otherwise, the sole claim he has brought against them is without merit.

## II.   STANDARD OF REVIEW[2]

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A mere recital of the legal elements supported only by conclusory statements is not sufficient to state a cause of action. Id. at 555. Statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action must be disregarded. Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 4 (1st Cir. 2011).

## III.   ARGUMENT

The Plaintiff does not have standing to bring claims against the Defendants', Town of Salisbury, Thomas W. Fowler, Patrick Szmkowski, or Anthony King. The Plaintiff's claim against the Salisbury Defendants is time barred.  Otherwise, the sole claim he has brought against them is without merit.

---

[2] As a general rule, a court may not consider documents outside of the pleadings without converting a motion to dismiss into one for summary judgment. Watterson v. Page, 987 F.2d 1 (1st Cir. 1993). Exceptions to this rule exist, however, "for documents the authenticity of which are not disputed by the parties; for official records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. "The problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff . . . Where [the] plaintiff has actual notice . . . and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, 503 U.S. 960, 118 L. Ed. 2d 208, 112 S. Ct. 1561 (1992).

### A. THE PLAINTIFF DOES NOT HAVE STANDING TO BRING A CLAIM AGAINST THE TOWN OF SALISBURY, THOMAS W. FOWLER, PATRICK SZMKOWSKI, OR ANTHONY KING.

The Salisbury Defendants repeat and incorporate the discussion within Magistrate Judge Johnstone's Report and Recommendation (Doc. No. 12) as if fully stated herein, as their argument on why Plaintiff does not have standing to bring a claim against the Town of Salisbury, Thomas W. Fowler, Patrick Szmkowki, or Anthony King.

### B. THE PLAINTIFF'S COUNT VI AGAINST THE TOWN OF SALISBURY, THOMAS W. FOWLER, PATRICK SZMKOWSKI, OR ANTHONY KING IS TIME BARRED.

The Complaint allegations against the Salisbury Defendants are alleged to have occurred in 2018. In New Hampshire, the statute of limitations for a Section 1983 claim is three years. *See* N.H. Rev. Stat.§ 508:4, which sets the time limit for all personal injury actions, including those under Section 1983. In light of the factual circumstances set out in the complaint, "plaintiff cannot circumvent the accrual rule articulated in Nieves and Hernandez Jimenez through a conspiracy theory of liability." Kennedy v. Town of Billerica, 502 F. Supp. 2d 150, 156 (D. Mass. 2007) citing Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001); Hernandez Jimenez v. Calero Toledo, 576 F.2d 402, 404 (1st Cir. 1978). As is explained in the lower court's decision in Nieves, which the First Circuit affirmed, the "limitation period for the conspiracy's first object, namely, the use of excessive force and arrest without probable cause, accrued on the date of the plaintiffs' arrest." Nieves v. McSweeney, 73 F. Supp. 2d 98, 103 (D. Mass. 1999), aff'd, 241 F.3d 46 (1st Cir. 2001).

Much of what Plaintiff asserts against the Town of Salisbury, Thomas W. Fowler, Patrick Szmkowski, and Anthony King is alleged to have occurred in 2018. (See Compl. at ¶¶ 29-41). Plaintiff makes no allegations against Chief Fowler or Lt. King otherwise. Each of these claims is time barred.

The only allegations occurring at any later date are against Officer Szmkowski where the Complaint alleges that in 2022, Officer Szymkowski accused Berard of violating the restraining order for allegedly attending a church service. (Compl. at ¶ 47). He emailed Seabrook Police Sergeant Daniel Lawrence to inform him that the Massachusetts charge against Ms. Berard had been dismissed. (Compl. at ¶ 49). The allegations that Officer Szymkowski accused Berard of violating the restraining order in 2022 or that he sent an email to Seabrook Sgt. Lawrence informing him that the Massachusetts charge against Ms. Berard had been dismissed do not save the untimeliness of the 2018 allegations. Kadar Corp. v. Milbury, 549 F.2d 230, 234 (1st Cir. 1977) ("'cause of action for each invasion of the plaintiff's interest'" arises at the "'time of that invasion and . . . applicable statute of limitations'" runs "'from that time,'" a principle that applies to "civil conspiracies to violate the federal civil rights").

    **C.    THE PLAINTIFF'S COUNT VI AGAINST THE TOWN OF SALISBURY, THOMAS W. FOWLER, PATRICK SZMKOWSKI, OR ANTHONY KING IS ALSO WITHOUT MERIT.**

Plaintiff's Count IV is a Monell claim premised on alleged underlying violations of the First and Fourteenth Amendments. He identifies free speech, free exercise, the petition clause, and due process as the rights implicated, but he fails to support his claim with any factual allegations purporting to show that his rights were infringed in any way. It appears that Plaintiff has pled a Monell cause of action particularly because Chief Fowler, Lt. King, and Officer Szymkowski are sued solely in their official capacities.

It is well established that "[a] municipality cannot be held liable solely because it employs a tortfeasor. . . ." Monell v. Dept. of Soc. Servs. of the City of N.Y., 468 U.S. 658, 691 (1978). Instead, municipal liability "attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986).

8

As the First Circuit has noted: "The Supreme Court, concerned that municipal liability based on fault by the City might collapse into de facto *respondeat superior*, has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005).

"Where, as here, no official policy has been identified, a plaintiff may also obtain judgment based on practices by the municipality 'so permanent and well settled as to constitute a custom or usage with the force of law.'" Schand v. City of Springfield, 380 F. Supp. 3d 106, 131 (D. Mass. 2019) (Ponsor, J.) (quoting Monell, 439 U.S. at 691). Municipal liability "grounded upon an unconstitutional municipal custom" must meet a two-part test:

> First, the custom or practice must be attributable to the municipality. In other words, it must be *so well settled and widespread* that the *policymaking officials* of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice. Second, the custom must have been the cause of and the moving force behind the deprivation of constitutional rights.

Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989) (emphasis added). Very similar to the problems the Plaintiff faces with standing, his Complaint makes no allegations that Chief Fowler, Lt. King, or Ofc. Szymkowski did anything towards him or involving him at all. Even accepting that Mr. Albrecht was Ms. Berard's attorney-in-fact as of November 13, 2024, there are no factual allegations against the Salisbury Defendants that they engaged in any actions which violated *his* rights to free speech, free exercise, petition, or due process. Where there is no underlying violation, Plaintiff's Monell claim fails. Lachance v. Town of Charlton, 990 F.3d 14, 31 (1st Cir. 2021).

Plaintiff's claim also fails because he has made no Monell allegations. He makes one conclusory allegations on this issue:

9

> 178. Massachusetts Law Enforcement Defendants, acting under color of state law have an unconstitutional policy, custom, or practice of weaponizing protective orders and criminal prosecutions to harass and intimidate individuals.

(Compl. at ¶ 178). Even at the pleadings stage, a Plaintiff must make specific factual allegations supporting his claim of unconstitutional policy, custom, or practice. It is too vague and conclusory to simply recite the Monell phrase without making factual allegations in support of the alleged unconstitutional policy, custom, or practice. Lath v. City of Manchester, 2018 U.S. Dist. LEXIS 64167, *6 (D.N.H. April 17, 2018). The Plaintiff must make allegations tending to support his claim that a custom or practice exists beyond pointing to single instance of the alleged underlying violations. Bordanaro, supra. This is the fundamental distinction between Monell and the doctrine of *respondeat superior*. Where there are no such allegations in the Plaintiff's Complaint, it is deficient as a matter of law for this reason as well.

## IV.  CONCLUSION

WHEREFORE, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Defendants' Town of Salisbury, Thomas W. Fowler, Patrick Szmkowski, and Anthony King, respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint in its entirety. If the Court so finds that dismissal in the entirety is not proper, the Defendants request dismissal in part as the Court sees fit.

> Respectfully submitted,
> Town of Salisbury, Thomas W. Fowler,
> Patrick Szymkowski and Anthony King,
>
> By their attorney,
>
> /s/*Liam Scully*
> Liam D. Scully
> Scully & Lagos
> Ten Post Office Square
> Suite 1330
> Boston, MA 02109
> (617) 307-5056
> N.H. Bar No. 16875

                                  */s/ Joseph A. Padolsky*
                                  Joseph A. Padolsky (BBO# 679725)
                                  Douglas I. Louison (BBO# 545191)
                                  Louison, Costello, Condon & Pfaff, LLP
                                  Ten Post Office Square, Suite 1330
                                  Boston, MA 02109
                                  jpadolsky@lccplaw.com
                                  dlouison@lccplaw.com
                                  (617) 439-0305

Dated:  May 9, 2025

## Certificate of Service

     I, Joseph A. Padolsky, hereby certify that on this date a copy of the foregoing filing was forwarded to counsel of record, via ECF.

                                  */s/Joseph A. Padolsky*
                                  Joseph A. Padolsky

Dated:  May 9, 2025