UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANA ALBRECHT, **Plaintiff** v.<br><br>JUDGE JOHN PENDLETON, solely in his official capacity as a Judge of the New Hampshire Circuit Court;<br><br>REFEREE SCOTT MURRAY, solely in his official capacity as a referee pursuant to N.H. Rev. Stat.§ 490-F:15 for the State of New Hampshire;<br><br>JUDGE ELLEN CHRISTO, solely in her official capacity as the Administrative Judge of the New Hampshire Circuit Court, and her successor(s) in office;<br><br>CHIEF JUSTICE GORDON MACDONALD, JUSTICE JAMES P. BASSETT, JUSTICE ANNA BARBARA HANZ MARCONI, JUSTICE PATRICK E. DONOVAN, JUSTICE MELISSA COUNTWAY, solely in their official capacities as justices of the New Hampshire Supreme Court, and their successor(s) in office;<br><br>ERIN CREEGAN, solely in her official capacity as General Counsel of the New Hampshire Judicial Branch, and her successor(s) in office,<br><br>TRACY MEYER, solely in her official capacity as the Clerk of the 10th Circuit District Court, Hampton, New Hampshire, and her successor(s) in office;<br><br>**(continued on next page)** | Civil Action No. 1:25-CV-00093 |

THE 24 MEMBERS OF THE NEW HAMPSHIRE JUDICIAL COUNCIL, solely in their official capacities as members of the council, and their successor(s) in office;

CHARLES M. ARLINGHAUS, solely in his official capacity as Commissioner at the New Hampshire Department of Administrative Services, and his successors(s) in office;

THE NEW HAMPSHIRE PUBLIC DEFENDER; a 501(c) (3) corporation;

JOHN FORMELLA, solely in his official capacity as Attorney General of the State of New Hampshire, and his successor(s) in office;

JOHN VENTURA, solely in his official capacity as Police Prosecutor for the Town of Seabrook, New Hampshire, and his successor(s) in office;

DANIEL LAWRENCE, solely in his official capacity as Sergeant for the Seabrook Police Department, and his successor(s) in office;

KASSANDRA STORMS a/k/a KASSANDRA KAMINSKI, solely in her official capacity as a patrol officer for the Seabrook Police Department, and her successor(s) in office;

THE TOWN OF SEABROOK, a municipal corporation in New Hampshire;

THOMAS W. FOWLER, solely in his official capacity as Chief of Police for the Town of Salisbury, Massachusetts, and his successor(s) in office;

ANTHONY KING, solely in his official capacity as former Lieutenant of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office;

**(continued on next page)**

PATRICK SZYMKOWSKI, solely in his official capacity as a patrol officer of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office; )

THE TOWN OF SALISBURY, a municipal corporation in Massachusetts, )

Defendants )

**TOWN OF SEABROOK'S MOTION TO DISMISS**

**NOW COMES** the Defendants, the Town of Seabrook ("the Town"), John Ventura ("Ventura"), Daniel Lawrence ("Lawrence"), and Kassandra Kaminski ("Kaminski") (collectively "the Seabrook Defendants"), by and through their attorneys, Donahue, Tucker & Ciandella, PLLC, and respectfully submit this Motion to Dismiss relating to all claims made against the Town. In support whereof, the Town states as follows:

**Introduction**

1. Plaintiff filed the complaint in the above-referenced action on or about March 5, 2025. This action is brought under 42 U.S.C. § 1983, alleging unconstitutional denial of effective counsel to the defendant, Destinie Berard, in an independent criminal proceeding in New Hampshire state trial court. Ms. Berard is not a party to this action in U.S. District Court for the District of New Hampshire, which instead was brought by Dana Albrecht ("Plaintiff"). The Seabrook Defendants are four amongst 18 named defendants. The claims against the Seabrook Defendants – Counts VII and VIII – allege "illegal incarceration" and prosecution in deliberate indifference to Ms. Berard's constitutional rights. Plaintiff is filing this case, ostensibly on behalf of Ms. Berard, as a "good Samaritan" under RSA 311:1, a New Hampshire statute allowing appearances by non-attorneys, and through a theory of third-party standing relying on Plaintiff's "close relationship" with Ms. Berard. Ms. Berard is not a party to this case.

2. This Court should grant the Town's Motion to Dismiss because: (a) the prayers for relief in this complaint, specifically for a declaration that the prosecution is unconstitutional and injunction against further prosecution, plainly seek to interfere with an ongoing police matter under investigation contrary to the Younger abstention doctrine; (b) the Plaintiff lacks standing, as the real allegedly injured party Ms. Berard is not party to the lawsuit, and (c) the complaint itself is a violation of Rule 8(d) of the Federal Rules of Civil Procedure, establishing that the pleading must be "concise and direct." Fed. R. Civ. P. 12(b)(6).

3. The Town moves under Rule 8 and Rule 12(b)(6) for the Plaintiff's Complaint, therefore, to be dismissed *with prejudice*.

**Factual Background**

4. All of the following facts are alleged by the plaintiff and receive deference for the purpose of this Motion to Dismiss, but the Town does not admit to any of the below facts at this time. This Court, in its preliminary review as well as when deciding on a motion to dismiss, accepts all well-pled facts in the plaintiff's favor. *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012).

5. Following a prolonged legal situation originating in Massachusetts involving Ms. Berard and Salisbury Police Department Officer Patrick Szymkowski, initially not involving the Seabrook Defendants, an arrest warrant was issued for Ms. Berard in New Hampshire, according to Plaintiff. Complaint ("Compl.") ¶ 48.

6. Plaintiff alleges that Lawrence wrote in an email that Ms. Berard would exercise caution knowing there was a warrant on her in New Hampshire. Compl. ¶ 49.

7. Plaintiff alleges that on Friday, March 15, 2024, a patrol officer for the Seabrook Police Department, Kaminski, arrested Ms. Berard following a traffic stop, and Plaintiff claims Ms. Berard was then held until a Monday bail hearing. Compl. ¶ 56.

8. During this time, Plaintiff alleges Ms. Berard did not have access to legal counsel. *Id*.

9. Plaintiff notes that Ms. Berard's criminal proceedings in New Hampshire Circuit Court were most recently continued with a scheduling conference planned for March 13, 2025 (which had not passed by the time Plaintiff filed this action). Compl. ¶ 94. The matter is ongoing and unresolved. Throughout the remainder of the complaint, the Plaintiff alleges various instances of misconduct and impropriety against individuals other than the Seabrook Defendants.

10. To the extent the Town and other Seabrook Defendants have any role in the alleged injuries, they are associated with a criminal prosecution that is still active.

11. As it relates to the relief sought, the Seabrook Defendants are not identified; however, the Seabrook Defendants assume that Request for Relief B, seeking a declaration that Berard's prosecution was unconstitutional, and Request for Relief G, seeking a "preliminary and permanent injunction preventing further prosecution of [Berard] under N.H. Rev. Stat. § [173-B:9] unless and until her constitution right to counsel is restored and meaningfully protected" relate to the Seabrook Defendants.

**<u>Legal Standard</u>**

12. To assess whether a complaint can survive a motion to dismiss under Rule 12(b), the Court accepts as true the well-pled facts. *Rae v. Woburn Pub. Sch.*, 113 F.4th 86, 98 (1st Cir. 2024). The complaint must contain sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbol*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, when assessing whether a plaintiff has violated Rule 8(d) by filing a complaint that is not concise and direct, the Court considers whether the complaint includes "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P.

8(a)(2). "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993). Dismissal with prejudice is for violation of Rule 8 is "within the wide boundaries of the court's discretion." *Id.* at 909.

**Argument**

13. Plaintiff's complaint alleges various deprivations of constitutional rights for Ms. Berard. However, this Court is not the constitutionally appropriate place to raise those allegations, and this complaint is not the appropriate mode to raise them. First, now is neither the appropriate time or venue to adjudicate the alleged deprivations because the alleged deprivations arise out of an active and pending criminal proceeding and, therefore, the *Younger* abstention doctrine requires the courts of the State of New Hampshire the opportunity to adjudicate those issues in the first instance. Second, the Plaintiff lacks standing to pursue to the rights and remedies sought in the complaint. Third, the complaint is contrary to Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Plaintiffs' Complaint should be dismissed *with prejudice*.

**I. The Court should dismiss this action because the complaint does not state a claim upon which relief may be granted.**

14. The Constitution permits the federal judiciary only to decide "cases or controversies." U.S. Const. art. III § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Further, the Federal Rules of Civil Procedure make clear that not only does the plaintiff need to assert a claim over which the courts have subject-matter jurisdiction, but also that those claims must be redressable; the Court should dismiss such claims if relief cannot be granted. Fed. R. Civ. P. 12(b). A court will abstain

from granting redress in certain circumstances, including when doing so would reach beyond the constitutional authority of the court.

**a. The Court should dismiss this action because it regards and would disrupt an ongoing local police action and investigation and a state criminal proceeding.**

15. Under the doctrine of abstention established in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are "require[s]" to abstain from decisions that interfere with certain state proceedings absent extraordinary circumstances. *Sirva Relocation, LLC, v. Richie*, 794 F.3d 185, 189 (1st Cir. 2015). These state proceedings in which abstention is required include "parallel, pending state criminal proceedings," "state civil proceedings that are akin to criminal prosecutions," and "civil proceedings involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communs., Inc., v. Jacobs*, 571 U.S. 69, 72, 79 (2013).

16. "The Younger doctrine welds principles of federalism and comity into a fulcrum that can then be used to achieve a proper balance between sensitive federal and state interests." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 635 (1st Cir. 1996). *Younger* abstention applies when the following are met: (1) there is an ongoing state judicial proceeding that falls within its taxonomy, (2) the proceeding regards an important state interest satisfying, and (3) the proceeding provides an adequate opportunity for the plaintiff to raise federal constitutional issues. *Sirva*, 794 F.3d at 192 (citing factors from *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

17. The facts asserted by Plaintiff, which are for purpose of this motion presumed to be true, establish that there is an ongoing state criminal proceeding in New Hampshire Circuit Court – District Division. The relief sought by the Plaintiff is essentially seeking to have this Court intervene and prevent those ongoing state criminal proceedings. See Compl., Prayer for Relief A

– I. As such, the first *Middlesex* factor is clearly satisfied and *Younger* implicated. The second *Middlesex* factor is clearly established as the state has a clear and well-established interest in investigating and prosecuting criminal activity subject to its laws, and under the federalist system in doing so without interference from the federal government. The state court's interest is evident, here, when considering the Plaintiff's allegations, which include an as-applied attack to a New Hampshire statute, RSA 173-B:9, allegations of bias and misconduct against members of the prosecutorial and defense bars, and allegations of impropriety against members of the New Hampshire judiciary. *Murphy v. City of Manchester*, 60 F. Supp. 2d 62, 68–69 (D. N.H. 1999); *Gniotek v. City of Philadelphia*, 630 F. Supp. 827, 835 (E.D. Pa. 1986). Certainly the New Hampshire Circuit Court – District Division has an interest to hear and adjudicate such matters in the first instance, and the New Hampshire Supreme Court has an interest in reviewing such decisions on appeal. See N.H. R. of Sup. Ct. 3 (identifying final decisions on the merits of the Circuit Court constitute "mandatory appeals"); N.H.R. of Sup. Ct. 7 (identifying that Supreme Court does not have discretion to decline to accept a mandatory appeal). Finally, the third *Middlesex* factor is satisfied because Ms. Bedard could raise any of the alleged claims of error during the criminal proceedings at issue. *Middlesex County Ethics Comm.*, 457 U.S. at 437 (quoting *Gibson v. Berryhill*, 411 U.S. 564, 577 and stating a plaintiff should have "the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved").

18. This Court, therefore, should determine that *Younger* applies and should abstain from issuing an order that may interfere with the ongoing New Hampshire Circuit Court prosecution. Following that, if the Court must abstain, then relief cannot be granted and this motion to dismiss under Rule 12(b)(6) ought to be granted. Fed. R. Civ. P. 12(b)(6).

**b. This case must be dismissed because Plaintiff lacks a personal stake in the case and therefor does not have standing to continue.**

19. It is established that a plaintiff needs a "personal stake" in litigation for it to continue under the standing doctrine. *Biden v. Nebraska*, 143 S.Ct. 2355, 2365 (2023). "Standing is a threshold question in every case." *Summers v. Fin Freedom Acquisition LLC*, 807 F.3d 351, 355 (1st Cir. 2015). For this or any lawsuit to continue, a plaintiff bears the burden of establishing standing. *Id*. It is, meaningfully, "a prerequisite to a federal court's subject-matter jurisdiction." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016).

20. Under the doctrine of standing, "the plaintiff must have suffered an injury in fact — a concrete and imminent harm to a legally protected interest … — that is fairly traceable to the challenged conduct that is likely to be redressed by the lawsuit." *Biden*, 143 S.Ct. at 2365 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Standing, in order to prevent courts from adjudicating broad questions of social import without circumventing the individuals whose rights may be vindicated, "limit[s] access to the federal courts to those litigants best suited to assert a particular claim." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) (quoted in *Conservation Law Found. Of New England, Inc., v. Reilly*, 950 F.2dd 38, 41 (1st Cir. 1991)). The injury giving way to standing may be prospective, but it must be "concrete and particularized" and "not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. While third-party standing may be recognized, courts do not recognize it in cases of a legal representative attempting to adjudicate the rights of a client individual on the client's behalf. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).

21. Plaintiff brings this claim solely to vindicate the rights of Ms. Berard, with whom he claims to have a "close relationship," not for himself. The declared requests for relief are for the benefit of Ms. Berard, not himself. Plaintiff seeks authority for this action under New Hampshire RSA 311:1, which empowers citizens of "good standing" to bring litigation on behalf of another, subject to the Court's sole discretion to permit a non-lawyer to be qualified to appear.

RSA 311:1; see also Fam. Div. R. 1.18 (stating that in New Hampshire Family Division court, for example, judges have the discretion whether to "permit" non-lawyer representatives). RSA 311:1 contemplates non-lawyer representatives in cases such as parents representing their children *pro se*, and the Court may, in its discretion, determine it not appropriate for asserting the constitutional rights of a peer. *Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247, 258 n. 11 (1st Cir. 2003).

22. Ms. Berard, the allegedly injured party whose rights the complaint seeks to vindicate and who the redress would benefit, is not a party to this case. Plaintiff does not allege injury to himself or his own rights or show that any redress would be to make him whole. As the Magistrate Judge Johnstone's Report and Recommendation (Document 12) clearly states, any assertion that the Plaintiff was "forced" to take action is not supported by the complaint. His claims are predicated upon a loose application of RSA 311:1, which may be, at this Court's discretion, sufficient to permit him to appear in a representative capacity, but do not, independently, serve to confer special standing to pursue legal redress for the alleged injuries of another.[1] Plaintiff himself did not suffer any personal injury. For lack of standing, this matter should be dismissed.

**II. This Court should grant this motion to dismiss for improper pleading because the complaint violates Rules 8(a) and 8(d).**

23. Plaintiff, in filing this complaint, has acted in violation of the Federal Rules of Civil Procedure with respect to the requirement that pleadings avoid unnecessary complexity and verbosity.

24. Proper pleadings are essential to the judicial process. "[A] basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the

[1] Plaintiff alludes to so-called "taxpayer standing" existing under Part 1, Article 8 of the New Hampshire Constitution. This is a special form of standing available only under the New Hampshire Constitution to allow taxpayers to challenge the actions of government entities without having a direct "injury in fact." This is a provision unique to the New Hampshire judiciary and cannot confer standing for the purposes of the federal judiciary under Article III of the U.S. Constitution.

function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1215 at 165–173 (3d ed. 2004). "The function of pleadings under the Federal Rules is to give *fair notice* of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought, so it may be assigned to the proper form of trial." *Burkhart v. Allson Realty Trust*, 363 F. Supp. 1286, 1289 (N.D. Ill. 1973). If the court finds Plaintiff has violated this rule, it is within its discretion to dismiss the case with prejudice. *Kuehl*, 8 F.3d 909.

25. The Federal Rules of Civil Procedure state the following relevant rules:

> 8(a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a *short and plain statement* of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) *a short and plain statement* of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief…
>
> 8(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
>
> (1) *In General.* Each allegation *must be simple, concise, and direct*. No technical form is required…

[emphasis added]. In *Kuehl*, the appellate court upheld the trial court's dismissal of a "43-page, 358-paragraph complaint because of its failure to conform to the pleading requirements…" 8 F.3d at 905. The Complaint was made against 28 defendants. *Id.* at 906.

26. Plaintiff in this case issued a pleading naming 18 defendants, submitting 219 paragraphs, and matching the *Kuehl* plaintiff's 43 pages. Further, by its repetition, unclear

presentation of causes of action, and loose pleas for jurisdiction and standing, it does not sincerely provide fair notice or enable opposing parties to justly prepare for trial.

27. As established in the First Circuit in *Kuehl*, 8 F.3d at 908, it is within this Court's discretion to dismiss this complaint with prejudice for violation of the Federal Rules of Civil Procedure pertaining to "short and plain" statements in pleadings.

**CONCLUSION**

28. For the foregoing reasons, the Plaintiff has failed to state a claim upon which relief may be granted against the Seabrook Defendants. The Court should grant this motion to dismiss as Plaintiff does not have standing or the authority to bring a lawsuit on behalf of a third party. It should also grant this motion to dismiss because relief cannot be granted under the abstention doctrine. Further, the complaint should be dismissed because it was presented to this Court in violation of Rule 8(d) of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Defendant Town of Seabrook respectfully requests that this Honorable Court:

A. Grant this Motion to Dismiss;

B. Dismiss the Plaintiffs' Complaints against the Town *with prejudice*; and

C. Grant such other and further relief as is just.

Respectfully submitted,

TOWN OF SEABROOK, JOHN VENTURA, DANIEL LAWRENCE, AND KASSANDRA KAMINSKI
By their attorneys,
DONAHUE, TUCKER & CIANDELLA, PLLC

Dated: May 12, 2025 By: /s/Eric A. Maher

Eric A. Maher, Esquire - NH Bar # 21185
111 Maplewood Ave., Suite D
Portsmouth, NH 03801
(603) 778-0686
emaher@dtclawyers.com

**Certificate of Service**

I hereby certify that on May 12, 2025, copies of the foregoing Motion to Dismiss were forwarded to all parties or counsels of record via the Court's ECF system.

/s/ Eric A. Maher

4897-1178-5794, v. 1