# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## ORDER

### JD-2022-0001, <u>In the Matter of Bruce F. DalPra</u>

On October 5, 2022, the Judicial Conduct Committee (JCC) filed a summary report of its proceedings, findings, and recommendations in JC-21-072-C, <u>In re: Bruce F. DalPra</u>, along with a certified copy of the record of its proceedings.

According to the JCC's summary report, former marital master Bruce F. DalPra (DalPra), who retired from his position earlier this year, admitted that he violated a number of provisions of the Code of Judicial Conduct (Supreme Court Rule 38), as alleged in the JCC's Statement of Formal Charges and as modified by the Stipulation and Agreement signed by DalPra and the JCC's counsel. The JCC's record includes a copy of the Stipulation and Agreement, in which DalPra admitted violations of several Code provisions; acknowledged that he understood that the JCC would enter findings that he had violated those provisions; and waived his right to a <u>de novo</u> hearing on the charges. DalPra also acknowledged that he is responsible for reimbursing the Administrative Office of the Courts (AOC) for the attorney's fees, transcript fees, and other expenses that the JCC incurred to investigate and prosecute the matter. A subsequently executed amendment to the Stipulation and Agreement fixed the reimbursement amount at $12,680.52.

The JCC reviewed the Stipulation and Agreement and entered findings, by clear and convincing evidence, that DalPra violated the following provisions of the Code of Judicial Conduct:

Canon 1, Rule 1.2, which provides: "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."

Canon 2, Rule 2.11, which provides in part: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned."

Canon 2, Rule 2.16(A), which provides: "A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies."

Canon 2, Rule 2.8(B), which provides, in relevant part: "A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers,

court staff, court officials, and others with whom the judge deals in an official capacity . . . ."

In the summary report of its findings, the JCC noted that DalPra had retired before the report was submitted. The summary report stated that because DalPra had taken this action, the JCC made no additional recommendations for "appropriate" sanctions.

In accordance with Rule 40(12) and (13), when the JCC determines that a "judge" — a term that includes a marital master, see Sup. Ct. R. 40(2); see also Sup. Ct. R. 38 ("Terminology" section) — has violated the Code of Judicial Conduct and determines that the violations warrant formal disciplinary action by this court, the judge may request a de novo hearing, after which the court will schedule briefing and oral argument. In this case, DalPra has waived his right to a de novo hearing, and he notified the court, through his counsel, that he does not seek the opportunity to file a brief or present oral argument.

The court determines that the JCC's findings as to the violations of the Code of Judicial Conduct are supported by the JCC's record. See Rule 40(13). In light of DalPra's retirement from his position as a marital master, the court concludes that no additional disciplinary action is required.

Pursuant to Rule 40(13-A) and the terms of the Stipulation and Agreement, as amended, DalPra is ordered to reimburse the AOC in the amount of $12,680.52 for the attorney's fees, transcript fees, and other expenses that the JCC incurred to investigate and prosecute the matter. Payment shall be made on or before December 19, 2022.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

So ordered.

DATE: November 10, 2022

ATTEST:

*Timothy A. Gudas*

**Timothy A. Gudas, Clerk**

Distribution:
Judicial Conduct Committee, JC-21-072-C
Philip R. Waystack, Jr., Esq.
Anthony F. Sculimbrene, Esq.
File

2