RECEIVED
AUG 25 2023
CONWAY FAMILY COURT

THE STATE OF NEW HAMPSHIRE

3rd Circuit – Family Division – Conway

ITMO Christine Berlind and Anthony Kinney

630-2020-DM-00042

## Respondent's Motion for Judicial Notice of Judge Greenhalgh's July 25, 2023 Correspondence to the New Hampshire Judicial Conduct Committee (JC-23-053-C)

NOW COMES Respondent Anthony Kinney, *pro se*, and respectfully requests that this Honorable Court take judicial notice of Judge Greenhalgh's July 25, 2023 correspondence to the New Hampshire Judicial Conduct Committee; and, in support thereof, further states:

1. On July 25, 2023, Judge Charles Greenhalgh wrote to Attorney Robert T. Mittelholzer, Executive Secretary of the New Hampshire Judicial Conduct Committee.

2. Pursuant to N.H. R. Ev. 201(a)(2), the content of Judge Greenhalgh's July 25, 2023 correspondence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

3. Pursuant to N.H. R. Ev. 201(d), a "court shall take judicial notice if requested by a party and supplied with the necessary information."

4. Consequently, Respondent respectfully requests this Honorable Court to take judicial notice of Judge Greenhalgh's July 25, 2023 correspondence to Attorney Robert T. Mittelholzer, that states:

> Robert T. Mittelholzer, Esq., Executive Secretary
> New Hampshire Judicial Conduct Committee
> 132 Chapel Street
> Portsmouth, NH 03801
>
> Re: JC-23-053-C
>
> Dear Attorney Mittelholzer,
>
> Please allow this letter to serve as my response to the allegations in the complaint, as requested in your letter of July 17, 2023.

- 1 -

> 1. *The reporter alleges that after you had recused yourself from the case entitled, <u>In the Matter of Christine Berlind v. Anthony Kinney</u>, Case Number: 630-2022-DV-00021, you subsequently presided over a criminal hearing concerning Anthony Kinney on or about December 20, 2022.*

This is correct. The domestic violence case was on my docket on May 23, 2022. On the morning of the final hearing, Mr. Kinney notified the court that he intended to call a witness, Nicholas Rinaldi, who was on my recusal list. I informed the parties, on the record, that I would not be able to hear the case and it would be assigned to another judge. I have attached the transcript from this hearing. Attorney Leonard was not involved in that matter. I did preside over Mr. Kinney's criminal case on December 20, 2022, which was an arraignment on 3 criminal charges, as well as a negotiated plea hearing on those charges which was held on March 28, 2023. Mr. Rinaldi was not a witness, or involved in those matters. I have also presided in several hearings over the parenting case *Christine Berlind and Anthony Kinney*, Case Number 630-2020-DM-00042. Nicolas Rinaldi has not been listed as a witness nor appeared in any capacity in any of these hearings.

> 2. *The reporter further alleges that you presently have a conflict of interest in all cases involving Attorney Leslie Leonard as well as other attorneys of the law firm of Cooper, Cargill, and Chant, PA on the basis that you are presently a shareholder/manager of C.C. & G ENTERPRISES, LLC with principal offices at 2935 White Mountain Highway, North Conway, NH 03860.*

C.C. & G Enterprises, LLC is, as you can see from the certificate of formation, a real estate holding company in which I am an owner with my former law partners, Randall Cooper and Pauli Chant, as well as our respective spouses, and is limited to holding a mortgage interest on a parcel of real estate in the State of Maine. Upon sale of the real estate, proceeds owed to CC&G will be paid by the Clayton-Parsons Trust and divided equally among the members of CC&G, after which the LLC will likely be dissolved as it will have no further purpose. I have recently learned that this is anticipated to occur within the next 9 months. This company was formed in 2004, when three members, myself, Randall Cooper and Paul Chant, were partners at Cooper Cargill Chant, PA. I resigned as a partner at Cooper Cargill Chant, PA on May 27, 2016, upon my appointment to the Circuit Court Bench. Attorney Leslie Leonard has no interest in this LLC. When I resigned from Cooper Cargill Chant, PA, Leslie Leonard was an associate, although she became a partner sometime after my resignation. This ownership interest has been disclosed annually on the report that I am required to file with the Supreme Court pursuant to Rule 3.15 of the Code of Judicial Conduct, which is a public document, copies of which are enclosed. Paul Chant is still a partner at Cooper Cargill Chant, PA. Randall Cooper resigned as a partner on March 5,

2012, however, remains of counsel at Cooper Cargill Chant, PA. Randall Cooper was the original registered agent of CC&G, however in anticipation of his retirement, Cooper Cargill Chant, PA was made registered agent on December 5, 2011. I have never sat on any matter involving either Attorneys Randall Cooper or Paul Chant.

Cooper Cargill Chant is registered agent for CC&G. This arrangement was established when I was a partner. I have reimbursed Cooper Cargill Chant for my share of the cost associated with filing fees when requested, however, I have never paid the law firm any legal fees nor have I ever signed a retainer agreement with the law firm. Since resigning as a partner, I have not sought nor received legal services from the law firm.

With respect to Leslie Leonard, I recused myself from all cases in which she was involved from June of 2016 through December of 2017. After having determined that sufficient time had passed to avoid any conflict of interest and in consultation with Edwin Kelly, Chief Justice of the Circuit Court, I began hearing cases in which she appeared, so long as I had no previous connection to her client through my association with Cooper Cargill Chant, PA. With the exception of a professional connection as colleagues in the New Hampshire Bar, I have no social or business relationship with Leslie Leonard.

I hope this is responsive to the Committee's inquiry but, of course, I am more than willing to provide any follow-up information they might request.

July 25, 2023                                   Sincerely:

                                                /s/ Charles L. Greeenhalgh

                                                Hon. Charles L. Greenhalgh
                                                New Hampshire Circuit Court

5. Insofar as this Honorable Court wishes to verify the contents of this correspondence, it may obtain a copy of the original from the New Hampshire Judicial Conduct Committee pursuant to <u>N.H. Sup. Ct. R.</u> 40(3)(c)(3).

WHEREFORE, the Respondent respectfully requests that this Honorable Court:

A) Grant Respondent's Motion; and,

B) Take judicial notice of Judge Greenhalgh's July 25, 2023 correspondence to the New Hampshire Judicial Conduct Committee; and,

C) For any other such relief as is just and reasonable.

Respectfully submitted,

*[signature]*

ANTHONY KINNEY
*Respondent Pro Se*
42 Lakeshore Dr.
Middleton, NH 03887
(603) 520-7174
anthonypkinney@gmail.com

August 25, 2023.

## CERTIFICATE OF SERVICE

I, Anthony Kinney, certify that a copy of this motion has been sent via first-class mail to Respondent's counsel Leslie Leonard, Esq., GAL Teresa Mahoney-Mullen, Esq., and Jennifer L., Dougherty, Esq., DHHS-BCSS.

*[signature]*

ANTHONY KINNEY
*Pro Se*

August 25, 2023

- 4 -

*[handwritten annotation]:* Motion to be addressed at hearing on 9/14/23

9/7/23
Charles L Greenhalgh