THE STATE OF NEW HAMPSHIRE
SUPREME COURT

No. 2025-0129

**State of New Hampshire**

v.

**Destinie L. Berard**

AMENDED NOTICE OF APPEAL
Rule 8 Notice of Interlocutory Appeal from Ruling

NOW COMES the defendant, Destinie L. Berard, by and through her non-attorney representative, and respectfully submits this AMENDED NOTICE OF APPEAL pursuant to N.H. Sup. Ct. R. 8. It is further stated:

**Pursuant to N.H. Sup. Ct. R. 8(1):**

(a) Parties and Counsel:

| Appellant: | Non-Attorney Representative: |
|---|---|
| **Destinie L. Berard**<br>46 Pond Street<br>Georgetown, MA 01833<br>Email: dlb12179@gmail.com<br>Phone: (978) 518-0765 | **Dana Albrecht**<br>131 Daniel Webster Hwy #235<br>Nashua, NH 03060<br>Email: dana.albrecht@hushmail.com<br>Phone: (603) 809-1097 |
| **Appellees:** | **Counsel:** |
| **State of New Hampshire**<br>Office of the Attorney General<br>1 Granite Place South<br>Concord, NH 03301 | Anthony J. Galdieri, Esq. – NH Bar #18594<br>Email: anthony.j.galdieri@doj.nh.gov<br>Phone: (603) 271-3650 |
| **Seabrook Police Department**<br>7 Liberty Lane<br>Seabrook, NH 03874 | **Counsel:**<br>John M. Ventura, Esq. – NH Bar #20569<br>Email: jventura@seabrookpd.com<br>Phone: (603) 474-5200 |

- 1 -

(b) <u>Statement of Facts:</u>

1. This appeal arises from a series of pre-trial rulings and procedural irregularities that have substantially impaired the Defendant's constitutional rights and require immediate appellate intervention. The rulings at issue include the trial court's denial of a timely hearing on court-appointed counsel, the *sua sponte* rescheduling of a constitutional hearing without resolving representation status, the failure to disclose or provide notice of a critical order, and the denial of a motion to recuse that did not address all relevant conflicts.

2. On July 16, 2024, the trial court ordered that a hearing on the Defendant's pending *Motion for Court Appointed Private Counsel at State Expense* be scheduled "as soon as practical," contingent upon her submitting a revised financial affidavit including specific statutory language concerning repayment and the Office of Cost Containment (OCC). Although the Defendant attempted compliance, no hearing was ever scheduled.

3. On October 21, 2024, the trial court denied her motion to continue the November 13, 2024 trial, stating that a hearing on her motion for appointed counsel would not occur until she complied fully with the July 16 order.

4. At the November 13, 2024 trial, the Defendant was forced to proceed without counsel until her non-attorney representative entered an emergency appearance under [RSA 311:1](). Although her request for a continuance **was denied**, the trial court later *sua sponte* **granted** the State's request for a continuance. The same day, Judge Walch issued an order ("Read & Noted") in response to the Defendant's concerns about the Request for Counsel form.

5. On November 14, 2024, Judge Walch issued a pivotal but **unnoticed** order stating that (1) the issue of counsel had been addressed on the record; (2) the Defendant was presently represented by a non-attorney; and (3) upon compliance with the July 16 order, court-appointed counsel would be provided, and a hearing would be scheduled. **Mr. Albrecht did not become**

**aware of this order until after March 12, 2025, severely prejudicing the Defendant's ability to rely on it in real time.**

6. On December 19, 2024, the Defendant moved to prioritize the scheduling of a hearing on court-appointed counsel status ahead of other proceedings. The trial court did not act on this motion until February 13, 2025, at which time Judge Pendleton *sua sponte* rescheduled a hearing on double jeopardy from May 15 to March 13, 2025, without resolving the issue of representation. At that hearing, neither party was adequately prepared, and Judge Pendleton ultimately criticized Mr. Albrecht's performance.

7. Finally, the Defendant's motion for **recusal of judicial officers** with a conflict with **Attorney Erin Creegan**, filed on February 4, 2025, was denied on February 5, 2025, solely on the ground that Judge Walch had no personal or professional relationship with **Attorney Erin Creegan**. The trial court did not address **whether any other assigned judicial officers might have conflicts** requiring disqualification under N.H. Const. Pt. I, Art. 35.

8. Each of these events is documented in final written orders issued by the trial court and **presents structural constitutional defects** requiring **pre-trial appellate resolution** in order **to prevent substantial and irreparable injury** to the Defendant.

(c) Questions of Law Presented:

This appeal presents the following controlling questions of law:

1. **Q1.** When, whether, and under what circumstances did the Defendant first acquire a right to court-appointed professional counsel under N.H. Const. Pt. I, Art. 15?

2. **Q2.** Did the trial court err by failing to schedule a hearing on the Defendant's Motion for Court Appointed Private Counsel at State Expense (Index #20) "as soon as practical," as required by its July 16, 2024 order?

3. **Q3.** Did the trial court err by *sua sponte* rescheduling the Defendant's May 15, 2025 hearing on double jeopardy to March 13, 2025, approximately 60 days earlier?

4. **Q4.** Did the trial court err in concluding that "Defendant has not complied with Judge Walch's November 14, 2024 Order?"

5. **Q5.** Did the trial court err by denying the Defendant's February 4, 2025 Motion for Recusal on the limited ground that Judge Walch has no conflict, without addressing whether other assigned judges may have a conflict involving **Attorney Erin Creegan** (NH Bar #277280)?

6. **Q6.** Under federal due process, is this appeal a matter of right or one of discretion? See *State v. Cooper*, 127 N.H. 119, 129 (1985), citing *Evitts v. Lucey*, 469 U.S. 387 (1985).

7. **Q7.** Is the Defendant's non-attorney representative, appointed under RSA 311:1, providing effective assistance of counsel in the trial court? See *Evitts v. Lucey*, 469 U.S. 387 (1985), citing *Strickland v. Washington*, 466 U.S. 668 (1984).

(d) <u>Basis for Appeal and Immediate Need:</u>

This interlocutory appeal presents a controlling question of law as to which there is a substantial basis for a difference of opinion, and where appellate review at this stage:

1. may materially advance the termination of the litigation; and,

2. may clarify further proceedings and **is required** to prevent substantial and irreparable injury to the Defendant; and,

3. presents the opportunity to decide an issue of general importance in the administration of justice.

(e) <u>Signature of Trial Court Judge:</u>

1. The Defendant contends that requiring the signature of a trial court judge —**when the recusal of said judge** (John Pendleton) is at issue in this appeal **(Q5)** —violates her procedural and substantive due process rights.

2. The Defendant respectfully requests under the circumstances of this instant case that N.H. Sup. Ct. R. 8(1)(e) be waived pursuant to N.H. Sup Ct. R. 1.

**Pursuant to N.H. Sup. Ct. R. 8(2),** the relevant trial court decisions were already docketed by this Court on April 23, 2025:

**Trial Court Orders and Hearing Notices**

# Table of Contents (April 23, 2025 Filing)

Trial Court Orders and Hearing Notices……………………………………………………1
   1. Order (Pendleton, J) - March 7, 2025[1]……………………………………………2
   2. Notice of March 13, 2025 Hearing (issued February 14, 2025)………………6
   3. Order (Pendleton, J) - February 13, 2025[2]…………………………………………7
   4. Order (Pendleton, J) - February 13, 2025[3]…………………………………………8
   5. Notice of May 15, 2025 Hearing (issued February 11, 2025)………………13
   6. Order (Walch, J) - February 5, 2025[4]……………………………………………14
   7. Notice of February 13, 2025 Trial (issued January 3, 2025)………………17
   8. Order (Walch, J) - November 21, 2025[5]…………………………………………18
   9. Order (Walch, J) - November 14, 2025[6]…………………………………………19
   10. Order (Walch, J) - November 13, 2025[7]…………………………………………22
   11. Order (Pendleton, J) - October 21, 2024[8]………………………………………26
   12. Notice of November 13, 2024 Trial (issued August 29, 2024)……………28
   13. Order (Pendleton, J) - July 16, 2024[9]……………………………………………29
   14. Notice of July 10, 2024 Trial (issued March 18, 2024)……………………31

---

1  Index #97 and #98
2  Index #85 and #95
3  *Id.*
4  Index #87 and #89
5  Index #55 and #56
6  No notice of decision was ever issued – Index #20 on case summary sheet
7  No notice of decision was ever issued – missing from case summary sheet altogether
8  Index #30 and #33
9  Index #22 and #23

## TRANSCRIPT ORDER FORM

### PROCEEDINGS PREVIOUSLY TRANSCRIBED (THIS CASE)

| Proceeding Date | Type of Proceeding | Name of Judge | Name of Transcriber | Do all parties have copy? | Deposit for additional copies |
|---|---|---|---|---|---|
| 3/18/2024 | Bail/Arraignment | Hon. Ellen Christo | eScribers | Unknown | TBD |
| 7/10/2024 | Trial | Ref. Scott Murray | eScribers | Unknown | TBD |
| 11/13/2024 | Trial | Hon. Dorothy Walch | eScribers | Unknown | TBD |
| 12/18/2024 | Motion(s) Hearing | Hon. Dorothy Walch | eScribers | Unknown | TBD |

### OTHER PROCEEDINGS PREVIOUSLY TRANSCRIBED
*State of New Hampshire v. Nicholas John Ranaldi*
No. 430-2023-CR-00661

| Proceeding Date | Type of Proceeding | Name of Judge | Name of Transcriber | Do all parties have copy? | Deposit for additional copies |
|---|---|---|---|---|---|
| 8/21/2024 | Trial | Ref. Gerald Boyle | eScribers | Unknown | TBD |

        Respectfully submitted,

        DESTINIE L. BERARD

        By her non-attorney representative,

        _____
        DANA ALBRECHT
           *Per RSA 311:1*
        131 Daniel Webster Hwy #235
        Nashua, NH 03060
        dana.albrecht@hushmail.com
        **(603) 809-1097**

May 1, 2025

## CERTIFICATE OF SERVICE

I, Dana Albrecht, certify that a copy of this AMENDED NOTICE OF APPEAL will be sent to all parties of record who are registered through the Court's electronic filing system.

        _____
        DANA ALBRECHT

May 1, 2025