# Trial Court Orders and Hearing Notices

## Table of Contents

Trial Court Orders and Hearing Notices..................................................................1

1. Order (Pendleton, J) - March 7, 2025[1].............................................................2
2. Notice of March 13, 2025 Hearing (issued February 14, 2025).........................6
3. Order (Pendleton, J) - February 13, 2025[2]......................................................7
4. Order (Pendleton, J) - February 13, 2025[3]......................................................8
5. Notice of May 15, 2025 Hearing (issued February 11, 2025)..........................13
6. Order (Walch, J) - February 5, 2025[4]............................................................14
7. Notice of February 13, 2025 Trial (issued January 3, 2025)...........................17
8. Order (Walch, J) - November 21, 2025[5]........................................................18
9. Order (Walch, J) - November 14, 2025[6]........................................................19
10. Order (Walch, J) - November 13, 2025[7].......................................................22
11. Order (Pendleton, J) - October 21, 2024[8]....................................................26
12. Notice of November 13, 2024 Trial (issued August 29, 2024).........................28
13. Order (Pendleton, J) - July 16, 2024[9].........................................................29
14. Notice of July 10, 2024 Trial (issued March 18, 2024)..................................31

---

1    Index #97 and #98
2    Index #85 and #95
3    *Id.*
4    Index #87 and #89
5    Index #55 and #56
6    No notice of decision was ever issued – Index #20 on case summary sheet
7    No notice of decision was ever issued – missing from case summary sheet altogether
8    Index #30 and #33
9    Index #22 and #23

## THE STATE OF NEW HAMPSHIRE

RECEIVED

10th Circuit – District Division – Hampton

State v. Destinie L. Berard

441-2024-CR-00353

MAR 0 7 2025

10ʳ Circuit Court
Hampton - District

### Defendant's Expedited Motion for Clarification of
### Judge Pendleton's February 13, 2025 Orders (Index #85 & Index #95)

NOW COMES the Defendant, Destinie L. Berard, by and through her non-attorney
representative, Dana Albrecht, and respectfully requests for this Court to clarify Judge
Pendleton's February 13, 2025 Orders, and further states:

1. Ms. Berard respectfully requests that this Court clarify what is "Judge Walch's
   11/14/24 Order" and what is its index number in the Odyssey Case Management
   system.          STA

> Denied, Defendant
> has not complied with Judge
> Walch's 11/14/24 order.
> She is also represented by choice
> by Mr. Albrecht.
>
> 2/13/25
>
> John T. Pendleton
> Judge

RECEIVED
DEC 2 0 2024
10ʳ Circuit Court
Hampton - District

2. Ms. Berard respectfully requests that this Court set forth in a further narrative
   order what are the provisions of "Judge Walch's 11/14/24 Order" that this
   Court believes Ms. Berard has not complied with, and the reason(s) thereof.

- 1 -

2

3.  Ms. Berard respectfully disagrees that "she is also represented by choice by Mr.
    Albrecht" and respectfully requests that this Court set forth in a further
    narrative order why it continues to refuse to hear her *Motion for Court
    Appointed Private Counsel at State Expense* (Index #20):

    Case 1:24-cr-00038-JL-TSM    Document 7-1    Filed 10/11/24    Page 2 of 2

    The Court as to the Defendant's Motion for Court Appointed Private Counsel at State
    Expense, shall schedule that for a hearing as soon as practical.

    So Ordered,

    7/16/2024
    Date                                                Judge John Pendleton

4.  Ms. Berard respectfully **disagrees that she has asserted her right to any speedy
    trial on the merits in New Hampshire,** and respectfully requests for this Court
    to clarify how it construed ¶7 of Mr. Albrecht's *Motion to Address Status of
    Counsel* (Index #85) that stated, in part **"she has waived her right to any speedy
    trial on the merits."**

5.  Ms. Berard respectfully requests for this Court to clarify the reasons it *sua
    sponte* canceled the May 15, 2025 hearing given **she has waived her right to any
    speedy trial on the merits in New Hampshire** and rescheduled it to an earlier
    date with inadequate notice to Mr. Albrecht.

6.  Ms. Berard respectfully requests for this Court to clarify the reasons it did not
    issue any decision on Mr. Albrecht's *Motion to Address Status of Counsel*
    (Index #85) docketed on December 20, 2024 until **55 days later** on February 13,
    2025.

7.  Ms. Berard respectfully requests for this Court to clarify the reason(s) it did not
    affix proper postage to its order(s) and notice(s) of decisions sent to Mr.
    Albrecht, resulting in Mr. Albrecht not receiving them in a timely fashion.

- 2 -

3

RECEIVED

MAR 0 7 2025

8. "A ... court [must] frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid." *Longshoremen v. Philadelphia Marine Trade Assn.*, 389 U.S. 64, 76 (1967).

9. Ms. Berard respectfully requests that this Court clarify the reason(s) Judge Pendleton's February 13, 2025 orders are not unconstitutionally vague under the Fourteenth Amendment pursuant to *Longshoremen*.

WHEREFORE, Ms. Berard respectfully requests for this Court to provide the following relief:

A) To clarify Judge Pendleton's February 13, 2025 orders consistent with ¶¶1-9, *supra*; and,

B) To grant any other relief as this Court deems just and equitable.

Respectfully submitted,

DESTINIE L. BERARD

By her non-attorney representative,

DANA ALBRECHT
*Per RSA 311:1*
131 Daniel Webster Hwy #235
Nashua, NH 03060
dana.albrecht@hushmail.com
(603) 809-1097

March 7, 2025

4

RECEIVED

## CERTIFICATE OF SERVICE

MAR 0 7 2025

10ᵉ Circuit Court
I certify that I have sent a copy of this Motion, first class, postage-prepaid, to: pleton - District

John Ventura, Esq.
Seabrook Police Department
7 Liberty Lane
Seabrook, NH 03874

*Dan N. alto*

DANA ALBRECHT

March 7, 2025

CERTIFICA
The Court already issued sufficient orders
on the issue and status of counsel. This
request is also denied. Defendant may
comply with the prior Court orders on
appointment of counsel, hire her own
counsel or proceed either by herself or
with Mr. Albrecht. There will be no further
continuances in the case absent extraordinary
circumstances.

3/7/2025 - Judge John Pendleton

- 4 -

5

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Hampton
3 Timber Swamp Road
Hampton NH 03842

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF HEARING

**FILE COPY**

Case Name:     **State v. DESTINIE L BERARD**
Case Number:   **441-2024-CR-00353**

The above referenced case(s) has/have been scheduled for:

**Other Proceeding**

| Date of Offense: | Description: | Charge ID: | Statute: |
|---|---|---|---|
| 05/30/2022 | Violation of Protective Order | 2186723C | 173-B:9 |

**Date: March 13, 2025**        **3 Timber Swamp Road**
**Time: 9:00 AM**               **Hampton NH 03842**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so. Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted. **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**

When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing. Multiple cases are scheduled at this time. Please notify the court 15 days prior to the hearing date above if the hearing is expected to last longer than 30 minutes.

## NOTICE OF APPELLATE RIGHTS

A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court. This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division. With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.

A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury. The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11, V in a courtroom or area used by a court.

February 14, 2025

Tracy L. Meyer
Clerk of Court

C:   Seabrook Prosecutor; Dana Albrecht; DESTINIE L BERARD; Nicole Reilly, ESQ

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

Rockingham County                                    10th Circuit - District Division - Hampton

## State v. DESTINIE L BERARD

### 441-2024-CR-00353

### ORDER ON MOTION TO CONTINUE

The Court recently continued the February 13, 2025, hearing scheduled. The Defendant and her non-lawyer representative Mr. Albrecht had requested the matter be rescheduled. They have also asserted a right to speedy trial. The Defendant previously moved to continue several times. The February 13, 2025, date was rescheduled by Judge Walch because the hearing notice was mislabeled a trial date. It was rescheduled to May to hear motions then pending.

**The Court orders the Motion Hearing/hearing on Other Hearing on Double Jeopardy, be moved to a sooner, the next available date. Memorandums should have already been filed given the February 13, 2025 hearing notice but none have been filed to date. Memorandums are due as indicated 10 days prior to the new hearing date per Judge Walch's February 7, 2025 Order. The Court reserves the rights to rule on the Memorandums to the extent the issue raised can be decided on legal as opposed to factual issues, without the hearing.**

**A trial date is also to be scheduled for 1.5 hours no sooner than 2 weeks after the motions hearing.**

No more continuances will be granted in light of the speedy trial request absent exceptional circumstances.

So Ordered,

2/13/2025
Date                                        Judge John Pendleton

7

/105

## THE STATE OF NEW HAMPSHIRE

10ᵗʰ Circuit – District Division – Hampton

State v. Destinie L. Berard

441-2024-CR-00353

FILED IN COURT

DEC ? 9 2003

10ᵗʰ Circuit Court
Hampton - District

### Motion to Address Status of Counsel

NOW COMES Dana Albrecht, Ms. Berard's non-attorney representative, and states:

1.  On July 16, 2024 this Court (Pendleton, J) ordered that:

    Case 1:24-cr-00038-JL-TSM   Document 7-1   Filed 10/11/24   Page 2 of 2

    The Court as to the Defendant's Motion for Court Appointed Private Counsel at State
    Expense, shall schedule that for a hearing as soon as practical.

    So Ordered,

    7/16/2024
    Date

    Judge John Pendleton

2.  However, the Clerk has never scheduled any hearing "as soon as practical"
    pursuant to this Court's July 16, 2024 Order.

3.  Mr. Albrecht does not know the precise reason(s) the Clerk never scheduled any
    hearing "as soon as practical" pursuant to this Court's July 16, 2024 Order.

4.  Ms. Berard has a procedural and substantive "due process" right under the
    state and federal constitutions to call the Clerk as a witness concerning any
    reason(s) for the Clerk's scheduling of hearing(s) or non-scheduling of
    hearing(s) to address claims they have been unfairly prejudicial against Ms.
    Berard.

- 1 -

8

5. Ms. Berard also has a procedural and substantive "due process" right under N.H. Const. Pt I., Art. 14; N.H. Const Pt. I, Art. 15, and the Fourteenth Amendment to a timely evidentiary hearing on her Motion for Court Appointed Private Counsel at State Expense. *See*, e.g., *State v. Brouillette*, 166 N.H. 487 (2014).; *State v. Scarborough*, 124 N.H. 363, 368 (1983); *State v. Cable*, 168 N.H. 673, 680 (2016); *Barker v. Wingo*, 407 U.S. 514 (1972).

6. When deciding issues raised under Article 14 in criminal cases, the New Hampshire Supreme Court has adopted the four-factor analysis in *Barker* for analyzing speedy trial claims under the Sixth Amendment; namely, (1) the length of the delay, (2) the reason(s) for the delay; (3) the Defendant's assertion of Right; and (4) any prejudice against the Defendant, or harm caused by the delay. *State v. Colbath*, 130 N.H. 316 (1988).

7. While it should be construed from Ms. Berard's prior pleadings[1] that she has waived her right to any speedy trial on the merits, Ms. Berard has not waived her right to the timely adjudication of her Motion for Court Appointed Private Counsel at State Expense (Index #20).

8. The delay in hearing Ms. Berard's Motion for Court Appointed Private Counsel at State Expense (Index #20) has been unfairly prejudicial against both Ms. Berard and Mr. Albrecht.

9. Other criminal defendants in New Hampshire have been afforded representation by private professional counsel, despite that they explicitly did not agree to certain provisions set forth in the relevant New Hampshire Judicial Branch Forms.[2] *See*, e,g, *State of New Hampshire v. Nicholas Ranaldi*, No. 430-2023-CR-00661.

10. Ms. Berard and Mr. Ranaldi are similarly situated individuals, in that they both are (or were) indigent criminal defendants being prosecuted (and persecuted) by the State of New Hampshire.

---

1 *See*, e.g. June 26, 2024 Motion to Continue (Index #14); October 15, 2024 Motion to Continue (Index #30); November 8, 2024 *Ex Parte* Motion to Continue (Index #40).

2 *See*, e.g., *Affidavit & Application for Court Appointed Counsel* [NHJB Form NHJB-2313-F (08/04/2020)] and *Request for a Lawyer* [NHJB Form NHJB-4044-DSSUPe (03/01/2024)] forms.

11. However, Ms. Berard and Mr. Ranaldi have been afforded radically different treatment in violation of the equal protection provisions of the New Hampshire State Constitution. *See*, e.g., <u>N.H. Const. Pt. I, Art. 10</u>; *Opinion of the Justices*, 144 N.H. 374 (1999), citing <u>*State v. Pennoyer*, 65 N.H. 113 (1889)</u>.

12. Pursuant to the terms of Mr. Albrecht's representation of Ms. Berard under <u>RSA 311:1</u>, either Mr. Albrecht or Ms. Berard may terminate Mr. Albrecht's representation of Ms. Berard at any time. *See* <u>Power of Attorney</u> (Index #44).

13. Mr. Albrecht is not a licensed attorney and has no formal training in the law. While Ms. Berard has never indicated to Mr. Albrecht that she is dissatisfied with his performance, this does not imply that Ms. Berard *might* not be better served by professional counsel. *Cf.* <u>*Strickland v. Washington*, 466 U.S. 668 (1984)</u>.

14. In particular, on November 21, 2024, this Court ordered (Index #55) that:

> **In her pending motions, Defendant has raised the issue of "Double Jeopardy" on more than one occasion. See Defendant's Notice of Affirmative Defenses (Index #21) and Defendant's Expedited Motion in Limine (Index #42). She claims to have been placed in jeopardy of a criminal conviction on the same facts in Massachusetts, precluding New Hampshire from proceeding in this matter without violating her constitutional rights. *See <u>State v. Hogg</u>, 118 N.H. 262, 267 (1978)* (barring local prosecution of matters placing a defendant in jeopardy in a separate jurisdiction). If the Defendant prevails on that issue, no trial would be necessary.**

> **In the interest of judicial economy, the court will hold a pre-trial hearing to make a record sufficient to determine the merits of this defense. The parties are invited to submit memoranda in support of their positions at least ten (10) days in advance of the hearing.**

15. Ms. Berard has a right under both the Fifth and Sixth Amendment to be assisted by professional counsel, <u>either</u> *instead of* <u>or in addition to</u> Mr. Albrecht's efforts, to prepare any such memoranda. <u>*Gideon v. Wainwright*, 372 U.S. 335 (1963)</u>; <u>*Montejo v. Louisiana*, 556 U.S. 778 (2009)</u>.

16. For the foregoing reasons, it is necessary for this Court to address status of counsel <u>prior to</u> requiring any submission of such memoranda to this Court.

10

17.  Despite that, for the reason(s) set forth in prior pleadings, Ms. Berard's trial on the merits has already been held (and has concluded) on November 13, 2024, the issue is not moot, as it is "capable of repetition, yet evading review." *See*, e.g., *State v. Luwal*, 175 N.H. 467 (2022); *So. Pac. Terminal Co. v. Int. Comm. Comm.*, 219 U.S. 498 (1911).

18.  Further, even though Ms. Berard's trial on the merits was already held (and concluded) on November 13, 2024, this does not necessarily obviate the need for any post-trial memoranda, motion(s), or hearing(s).

19.  For the foregoing reasons, this Court should therefore schedule an evidentiary hearing on Ms. Berard's Motion for Court Appointed Private Counsel at State Expense (Index #20) as the next event on the docket, prior to any other hearing.

WHEREFORE, Mr. Albrecht respectfully requests for this Court to provide the following relief:

A) To schedule an evidentiary hearing on Ms. Berard's Motion for Court Appointed Private Counsel at State Expense (Index #20) as the next event on the docket consistent with ¶¶1-19, *supra*; or,

B) To set forth the reason(s) for its decision in a written narrative order; and,

C) To grant any other relief as this Court deems just and equitable.

Respectfully submitted,

DANA ALBRECHT
*Per RSA 311:1*
131 Daniel Webster Hwy #235
Nashua, NH 03060
dana.albrecht@hushmail.com
(603) 809-1097

December 19, 2024

- 4 -

**CERTIFICATE OF SERVICE**

I certify that I have sent a copy of this Motion, first class, postage-prepaid, to:

John Ventura, Esq.                    Deanna Campbell, Esq.
Seabrook Police Department            New Hampshire Public Defender
7 Liberty Lane                        142 Portsmouth Ave, Ste. 1
Seabrook, NH 03874                    Stratham, NH 03885


**DANA ALBRECHT**

December 19, 2024

Denied, Defendant
RECEIVED
DEC 3 0 2024
10th Circuit Court
Hampton - District

has not complied with Judge
Welch's 11/14/24 order.
She is also represented by choice
by Mr. Albrecht.

2/13/25

John T. Pendleton
Judge

- 5 -

12

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Hampton
3 Timber Swamp Road
Hampton NH 03842

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF HEARING

**DANA ALBRECHT**
**131 DANIEL WEBSTER HWY #235**
**NASHUA NH 03060**

Case Name:     **State v. DESTINIE L BERARD**
Case Number:   **441-2024-CR-00353**

The above referenced case(s) has/have been scheduled for:
   **Other Proceeding**

| Date of Offense: | Description: | Charge ID: | Statute: |
|---|---|---|---|
| 05/30/2022 | Violation of Protective Order | 2186723C | 173-B:9 |

Hearing Regarding Double Jeopardy Issue and All Pending Matters

**Date: May 15, 2025**          **3 Timber Swamp Road**
**Time: 1:00 PM**               **Hampton NH  03842**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so. Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted. **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**
When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing.  Multiple cases are scheduled at this time. Please notify the court 15 days prior to the hearing date above if the hearing is expected to last longer than 30 minutes.

### NOTICE OF APPELLATE RIGHTS
A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court.  This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division.  With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.
A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury.  The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.
Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11, V in a courtroom or area used by a court.

February 11, 2025                          Tracy L. Meyer
                                          Clerk of Court

C:   Seabrook Prosecutor; DESTINIE L BERARD; Nicole Reilly, ESQ

RECEIVED

FEB 0 4 2025

10th Circuit Court
Hampton - District

## THE STATE OF NEW HAMPSHIRE

### 10th Circuit – District Division – Hampton

### State v. Destinie L. Berard

### 441-2024-CR-00353

### Motion for Recusal re: Erin Creegan, Esq. (NH Bar #277280)

NOW COMES the Defendant, Destinie L. Berard, by and through her non-attorney representative, Dana Albrecht, and respectfully moves for this Court to ensure that no judge with a conflict of interest involving attorney Érin Creegan presides over the above-captioned matter. In further support thereof it is stated:

1. **Fundamental Right to an Impartial Judge.** The New Hampshire Constitution and the United States Constitution both guarantee the right to a fair and impartial tribunal. *See* N.H. Const. Pt. I, Art. 35; U.S. Const. amend. XIV.

2. **Conflict of Interest with Participating Attorney.** Attorney Erin Creegan, Esq. (NH Bar #277280) who is representing Clerk Tracy Meyer in this case, has previously represented various judges in different capacities.[1] Any judge with a conflict of interest stemming from such a prior professional relationship should not be assigned to this case.

3. **Appearance of Partiality and Risk of Actual Bias.** Under New Hampshire law, recusal is required whenever an objective, disinterested observer, fully informed of the facts, would entertain significant doubt as to whether justice would be done. *Tapply v. Zukatis*, 162 N.H. 285, 297 (2011). Here, an objective observer would reasonably question the impartiality of any judge who has had a prior professional relationship with Attorney Creegan.

---

[1] *See, e.g.*, Attorney Creegan's appearance on behalf of Chief Justice Gordon MacDonald during the interview of Justice MacDonald by investigator Tom Desfosses on August 2, 2024, available online at: https://www.courts.nh.gov/sites/g/files/ehbemt471/files/documents/2025-01/1.13.25_217-2024-cr-01167_motion_index32.pdf; *See also* ¶14 of Ms. Creegan's most recent *Motion to Quash* (February 3, 2024) wherein she describes herself as "the lone attorney for the over 800 officers and employees of the court system."

4. **Federal Due Process Considerations.** Under the Due Process Clause of the Fourteenth Amendment, judicial recusal is required where there is a significant risk of actual bias or prejudgment, even without proof of actual bias. *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 129 S.Ct. 2252, 2255 (2009). The United States Supreme Court has emphasized that "the question is whether, 'under a realistic appraisal of psychological tendencies and human weakness,' the interest 'poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.'" *Id.*

5. **Preservation of Public Confidence in the Judiciary.** To maintain the integrity of judicial proceedings and public confidence in the fairness of the courts, this Court should grant this motion and ensure that any judge with a conflict of interest involving Attorney Erin Creegan is not assigned to this case. *See also* Rule 1.2 ("Promoting Confidence in the Judiciary"); Rule 2.4 ("External Influences on Judicial Conduct"); and Rule 2.11 ("Disqualification") of the New Hampshire Code of Judicial Conduct. N.H. Sup. Ct. R. 38.

6. **Conclusion.** For the foregoing reasons, any judicial officer with a conflict of interest involving Attorney Erin Creegan should be disqualified in this matter.

**WHEREFORE,** Ms. Berard respectfully requests for this Court to provide the following relief:

A) To grant this *Motion for Recusal* consistent with ¶¶1-6, *supra*, and to disqualify any judge with a conflict of interest involving Attorney Erin Creegan; and,

B) To grant any other relief as this Court deems just and equitable.

DENIED as Judge Walch has never been represented by Attorney Creegan personally or professionally.

*Dorothy C. Walch*

Dorothy E. Walch
February 5, 2025

RECEIVED

FEB 0 4 2025

10ᵗʰ Circuit Court
Hampton - District

Respectfully submitted,

DESTINIE L. BERARD

By her non-attorney representative,

**DANA ALBRECHT**
*Per RSA 311:1*
131 Daniel Webster Hwy #235
Nashua, NH 03060
dana.albrecht@hushmail.com
(603) 809-1097

February 4, 2025

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of this Motion, first class, postage-prepaid, to:

John Ventura, Esq.
Seabrook Police Department
7 Liberty Lane
Seabrook, NH 03874

Erin Creegan, Esq.
NHJB General Counsel
1 Granite Place, Ste N400
Concord, NH 03301

**DANA ALBRECHT**

February 4, 2025

RECEIVED

FEB 0 4 2025

10ᵗʰ Circuit Court
Hampton - District

- 3 -

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Hampton
3 Timber Swamp Road
Hampton NH  03842

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF HEARING

**DANA ALBRECHT**
**131 DANIEL WEBSTER HWY #235**
**NASHUA NH  03060**

Case Name: **State v. DESTINIE L BERARD**
Case Number: **441-2024-CR-00353**

The above referenced case(s) has/have been scheduled for:
**Trial**

| Date of Offense: | Description: | Charge ID: | Statute: |
|---|---|---|---|
| 05/30/2022 | Violation of Protective Order | 2186723C | 173-B:9 |

**Date: February 13, 2025      3 Timber Swamp Road**
**Time: 1:00 PM                Hampton NH  03842**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so.  Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted.  **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**
When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing.  Multiple cases are scheduled at this time. Please notify the court 15 days prior to the hearing date above if the hearing is expected to last longer than 30 minutes.

### NOTICE OF APPELLATE RIGHTS

A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court. This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division.  With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.
A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury.  The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.
Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11, V in a courtroom or area used by a court.

January 03, 2025

Tracy L. Meyer
Clerk of Court

C:   Seabrook Prosecutor; DESTINIE L BERARD; Nicole Reilly, ESQ

NHJB-2016-D (08/01/2024)

**STATE OF NEW HAMPSHIRE**
**10ᵀᴴ CIRCUIT COURT – HAMPTON**

STATE V. DESTINIE L. BERARD
441-2024-CR-00353

## ORDER FOR HEARING ON DOUBLE JEOPARDY ISSUE

In her pending Motions, Defendant has raised the issue of "Double Jeopardy" on more than one occasion. *See* Defendant's Notice of Affirmative Defenses (Index #21) and Defendant's Expedited Motion in Limine (Index #42). She claims to have been placed in jeopardy of a criminal conviction on the same fact in Massachusetts, precluding New Hampshire from proceeding in this matter without violating her constitutional rights. *See State v. Hogg*, 118 N.H. 262, 267 (1978) (barring local prosecution of matters placing a defendant in jeopardy in a separate jurisdiction). If the Defendant prevails on that issue, no trial would be necessary.

In the interest of judicial economy, the court will hold a pre-trial hearing to make a record sufficient to determine the merits of this defense. The parties are invited to submit memoranda in support of their positions at least ten (10) days in advance of the hearing.

*So Ordered.*

November 21, 2024

Dorothy E. Walch
Judge Dorothy E. Walch

18

1 of 1

**THE STATE OF NEW HAMPSHIRE**    JUL 0 9 2024

10th Circuit – District Division – Hampton

State v. Destinie L. Berard

441-2024-CR-00353

## Defendant's Motion for Court Appointed Private Counsel at State Expense

NOW COMES the Defendant, Destinie L. Berard, *pro se*, and respectfully requests that this court order the State of New Hampshire to pay for private criminal defense counsel who is dual licensed in both Massachusetts and New Hampshire to assist Defendant; and, in support thereof, further states:

1.    The Defendant, Destinie L. Berard, is a resident of Massachusetts.

2.    The State of New Hampshire's alleged victim is Massachusetts Police Officer Patrick Szymkowski, who is employed by the Salisbury, MA Police Department.

3.    The Defendant, Destinie L. Berard, has filed a financial affidavit (Index #13) with this court so as to inform this court whether she has the ability to pay for an attorney.

4.    The Commonwealth of Massachusetts <u>regularly</u> pays for court-appointed <u>private</u> attorneys who accept appointments to defend criminal defendants.

5.    Consequently, any failure by the State of New Hampshire to pay for a <u>private</u> criminal defense attorney for Defendant would violate Defendant's federal constitutional rights under the federal Due Process and Equal Protection clauses.

6.    The Sixth Amendment requires that an attorney be provided to criminal defendants who are unable to afford their own. <u>*Gideon v. Wainwright*, 372 U.S. 335 (1963)</u>. The Sixth Amendment also provides a right to effective assistance of counsel. <u>*Strickland v. Washington*, 466 U.S. 668 (1984)</u>.

7.    <u>Article 15</u> of the New Hampshire State Constitution provides a similar, but broader right. The 1966 amendment to Article 15 covers a broader range of

10th Circuit Court-Hampton

- 1 -



TRUE COPY ATTEST 19

**JUL 0 9 2024**

criminal defendants than are granted a right to counsel by the Sixth and Fourteenth Amendments. *State v. Scarborough*, 124 N.H. 363, 368 (1983). Article 15 also requires effective assistance of counsel. *State v. Cable*, 168 N.H. 673, 680 (2016).

8.   All affirmative defenses set forth in *Defendant's Notice of Affirmative Defenses*, filed concurrently with this pleading, are incorporated here by reference herein, the same as if plead in full.

9.   Because Defendant filed her *Notice of Affirmative Defenses pro se*, it should be so construed as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89 (2007).

10.  On or about September 28, 2022, a probable cause hearing concerning the same allegations Defendant is now charged with was held in Peabody District Court in Massachusetts.

11.  Consequently, Defendant requires a criminal defense attorney who is also licensed in Massachusetts to obtain and review the relevant record, from the Peabody District Court in Massachusetts.

12.  Many relevant witnesses that Defendant may wish to depose as part of discovery, or call as witnesses at trial, are Massachusetts police officers.

13.  For this reason, Defendant also requires a criminal defense attorney who is dual licensed in Massachusetts and New Hampshire.

14.  In the alternative, the Defendant has not yet received any response or assistance whatsoever from the New Hampshire Public Defender (NHPD), despite *having already proactively sent some relevant materials* to the NHPD she obtained by means of a "Right to Know" (RSA 91-A) request.

15.  Consequently, Defendant has not received effective assistance of counsel from the New Hampshire Public Defender.

16.  For the foregoing reasons, this court should order the State of New Hampshire to pay for private criminal defense counsel who is dual licensed to practice in both Massachusetts and New Hampshire so as to provide Defendant with effective assistance of counsel.

10th Circuit Court-Hampton

- 2 -



TRUE COPY ATTEST

20

'JUL 0 9 2024

WHEREFORE, the Defendant respectfully requests for this Court to provide the
following relief:

A) To order the State of New Hampshire to pay for private criminal defense counsel
   who is dual licensed to practice in both Massachusetts and New Hampshire to
   assist Defendant; and,

B) To grant any other relief as this Court deems just and equitable.

Respectfully submitted,

DESTINIE L. BERARD
*Pro Se*
46 Pond St.
Georgetown, MA 01833
(978) 518-0765

July 6, 2024

10th Circuit Court-Hampton

### CERTIFICATE OF SERVICE

TRUE COPY ATTEST

I, Destinie L. Berard, certify that a copy of this *Motion* will be sent via first class postal
mail to John Ventura, Esq., counsel for the State of New Hampshire.

DESTINIE L. BERARD

July 6, 2024

Issue addressed on the record. Defendant
is currently represented by a non-attorney
representative. When Defendant complies with
Judge Pendleton's −3−July 16, 2024, counsel will be
appointed if financially eligible, and this motion will be
scheduled for a hearing.    Dorothy E. Walsh
                            Dorothy E. Walsh, Judge  11-14-2024

**Ms. Destinie L. Berard**
46 Pond Street
Georgetown, MA 018311

**RECEIVED**

NOV 0 4 2024
10th Circuit Court
Hampton - District

October 31, 2024

Ms. Deanna L. Campbell, Esq.
New Hampshire Public Defender
142 Portsmouth Ave, Ste. 1
Strafford, NH 03885
(603) 778-0526

Re:     *State of New Hampshire v. Destinie L. Berard*, No. 24-1943 (1st Cir. 2024)
        *State of New Hampshire v. Destinie L. Berard*, No. 441-2024-CR-00353
        *Newburyport Police Department v. Destinie L. Berard*, No. 2222AC000713-HR
        *Newburyport PD Reilly vs. Destinie Berard*, No. 2286AC000493-

Dear Ms. Campbell,

Please allow me to acknowledge receipt of your October 16, 2024 correspondence and to
thank you for same.

I do have several questions in light of the "Request for a Lawyer" form you enclosed with
your correspondence.

1.  Under the Sixth Amendment,[1] when did my right to effective assistance of counsel
    in this matter first attach?

2.  How can I obtain a trial by jury?

3.  Was it legal for a hearing to be held in this matter on July 10, 2024 before a referee
    (<u>N.H. Rev. Stat. Ann. § 490-F:15</u>) instead of a judge pursuant to <u>N.H. Const. Pt.
    II, Arts. 73, 78</u>?

10th Circuit Court-Hampton

07/10/2024      **Trial** (Judicial Officer: Murray, Scott W)

TRUE COPY ATTEST

4.  On July 9, 2024, "Defendant's Motion for Court Appointed Private Counsel at
    State Expense" (Index #20) was docketed by the NH state court:

07/09/2024      Motion                                                                          Index #20
                *Defendant's Motion for Court Appointed Private Counsel at State Expense/Hold until 7/19/24*

1 *See, e.g.*, <u>Montejo v. Louisiana</u> , 556 U.S. 778, 790 (2009).

Page 1 of 4

Read & Noted.
Dorothy E. Walch
Dorothy E. Walch, Judge
11-13-24

On July 16, 2024, Judge Pendleton ordered that the NH state court "shall schedule that for a hearing as soon as practical."

Case 1:24-cr-00038-JL-TSM   Document 7-1   Filed 10/11/24   Page 2 of 2

The Court as to the Defendant's Motion for Court Appointed Private Counsel at State Expense, shall schedule that for a hearing as soon as practical.

So Ordered,

7/16/2024
Date

Judge John Pendleton

**When will this hearing be scheduled?**

5. Salisbury Massachusetts Police Chief Thomas Fowler found that Officer Patrick Szymkoswki "violated Department's Domestic Violence & Criminal Harassment Policy (VWA-2) [against me] for not reporting that [he] may have been subject of a police investigation in Georgetown. These charges have been sustained and **supported by sufficient evidence.**"

As a domestic violence victim of Ofc. Szymkowski, am I entitled to any relief under the federal *Violence Against Women Act*, as presently enacted in 34 U.S.C. §§ 12291–12514 (2022)?

6. Is it legal for any New Hampshire state court to conduct a trial while this matter is presently pending appeal in the federal First Circuit Court of Appeals, No. 24-1943?

7. Will you please explain why, whether, and under what circumstances "that I may be required to repay the services provided to me by court appointed counsel if I am convicted?"

8. Will you please explain how "I may file a *motion* with the court" if "I do not agree with the eligibility findings?" Are you able to assist me to prepare such any such *motion*?

9. Will you please explain why "I am required to notify the OCC [Office of Cost Containment] ... of every change of address" per N.H. Const. Pt. I, Art. 2-b?

10th Circuit Court-Hampton

TRUE COPY ATTEST

23

10. If I do not "authorize the State of New Hampshire, Office of Cost Containment to obtain any and all information with regard to my employment and financial condition from government agency, bank, creditor or employer," will I be denied access to counsel?

11. If I wish to exercise my Fifth Amendment rights and I decline to sign any statements under penalty of "perjury which may include a fine or imprisonment for not more than 7 years or both," will I be denied access to counsel?

12. Is the New Hampshire Public Defender's Office able and willing to obtain the prior police and Massachusetts state court records wherein Massachusetts already dismissed *the exact same allegations* by Massachusetts Police Officer Patrick Szymkoswki that New Hampshire now desires to prosecute me for?

13. Will you please explain the reason(s) I was incarcerated in preventative detention in New Hampshire for three days?

Please respond in writing to my questions at your earliest convenience, so that I may better understand my constitutional rights in this matter, and the language on the form that you have provided to me.

Thank you for your time and attention.

Sincerely,

Destinie L. Berard

Encl.

Cc:

Ms. Erin Creegan, Esq.
NHJB General Counsel
Administrative Office of the Courts
1 Granite Place Ste N400
Concord, NH 03301

Mr. John Formella, Esq.
New Hampshire Attorney General
1 Granite Place South
Concord, NH 03301

10th Circuit Court-Hampton

TRUE COPY ATTEST

Page 3 of 4

24

Ms. Tracey Meyer, Clerk
10th Circuit District Division – Hampton
3 Timber Swamp Road
Hampton, NH 03842

Ms. Anastasia Dubrovsky, Clerk
United States Court of Appeals
1 Courthouse Way, Ste 2500
Boston, MA 02210

Mr. Thomas G. Ambrosino, Director
Executive Office of the MA Trial Court
1 Pemberton Sq.
Boston, MA 02108

Ms. Tara I. Allen, Esq.
Federal Public Defender
51 Sleeper Street, 5th Floor
Boston, MA 02210

Mr. Enrique Zuniga, Executive Director
Massachusetts POST Commission
84 State Street, 2nd Floor
Boston, MA 02109

Ms. Rosie Hidalgo, Director
Office on Violence Against Women
U.S. Department of Justice
145 N Street NE
Washington, DC 20530



10th Circuit Court-Hampton

TRUE COPY ATTEST

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

Rockingham County                                     10th Circuit - District Division - Hampton

## State v. DESTINIE L BERARD

### 441-2024-CR-00353

### ORDER ON MOTION TO CONTINUE

The Defendant has moved to continue her November 13, 2024 trial date. She raises two grounds supportive of her request to continue. First she argues that Judge Pendleton, the undersigned Judge issued an Order dated July 16, 2024, requiring a hearing be scheduled on the Defendant's Motion for Court Appointed Private counsel at State Expense at the end of the Court's decision. Defendant's Motion had been filed on July 9, 2024.

The Court in its July 16, 2024 Order first addressed Ms. Berard's right to have Court Appointed Counsel more generally. Ms. Beard had as of July 16, 2024 not filed a compliant Request for a Lawyer form. The Court explained that in order to have Court appointed counsel the Defendant had to file a compliant Request for a Lawyer form, or include the following language she removed from the form she filed.

Check each box to show that you have read and understand the section.
- ☐ I request that the court appoint an attorney to represent me as I cannot afford to hire one.
- ☐ If the court appoints a lawyer, I UNDERSTAND THAT I MAY BE REQUIRED TO REPAY THE SERVICES PROVIDED TO ME BY COURT APPOINTED COUNSEL IF I AM CONVICTED UNLESS THE COURT FINDS THAT I AM OR WILL BE FINANCIALLY UNABLE TO PAY.
- ☐ I understand that if I do not agree with the eligibility findings made by the court, I may file a motion with the court.
- ☐ I understand that I am required to notify the OCC and the court of every change of address while I still owe the state for the cost of my representation. I further understand that if at any time prior to the disposition of my case, my financial condition changes, I must notify the court and OCC immediately.
- ☐ If I am convicted and the Court finds that I have the ability to pay attorney fees and costs, I hereby authorize the State of New Hampshire, Office of Cost Containment to obtain any and all information with regard to my employment and financial condition from government agency, bank, creditor or employer.

Verification: I verify the truth and accuracy of all facts alleged within this document to the best of my knowledge and further verify that all facts contained in this document are given to induce appointment of counsel because I am currently unable to retain private counsel. By signing or affixing my electronic signature to this document I acknowledge my understanding that any false statements made in this document are punishable as perjury which may include a fine or imprisonment for not more than 7 years or both.

_____          _____
Date                                      Applicant Signature

**FOR COURT USE**
☐ Application Approved.  ☐ Application Denied.

_____          _____
Date                                      Signature of Judge (required only if request is denied)

NHJB-4044-DSSUPe (03/01/2024)          Page 2 of 2          Top of 1st Page

26

The Court recognizes that on June 21, 2024, Ms. Berard had filed a financial affidavit containing the relevant financial information but that she altered the form, removing the above information from the second page of the Request for a Lawyer form, NHJB-4044.

She has apparently decided against filing an unedited form, or utilize the accommodation offered in the July 16, 2024 Order, which allowed her as an alternative to amend her prior financial affidavit by motion including the information removed from the Request for a Lawyer form. The Court has a right to request someone verify their financial information, to swear under penalty of perjury the information is correct, and to acknowledge the other information contained above. No hearing on the request for private counsel at State expense will be scheduled until she completes the financial affidavit indicated in Judge Pendleton's July 16, 2024 Order first. If she chooses to represent herself at trial or hire her own attorney she is not required to complete the Request for a Lawyer form, or amend and incorporate the missing language from the form.

As to the second ground supporting the request for a continuance, Defendant argues she has requested a Richard's Hearing be scheduled for Sergeant Lawrence. The Court denied her request for a Richard's Hearing. The Court will allow the Defendant to call the witnesses reasonably necessary for her to present her case, including Sergeant Lawrence.

**For these reasons, the Court denies the request to continue the case at this time. The denial is made without prejudice.** If Ms. Berard files a compliant Request for Lawyer form, or otherwise complies with Judge Pendleton's July 16, 2024 Order, and is otherwise found to qualify for court appointed counsel, then she may renew her request to continue the November 13, 2024 Trial Date, and to have a hearing be scheduled on her Motion for Court Appointed Private counsel at State Expense. The Court does require that she file the Request for Counsel form within 14 days of issuance of this Order, however, so that the State may have a reasonable amount of time to prepare for trial if the case is going to go forward on November 13, 2024. **If she fails to file the relevant request, the Court will go forward with the trial on November 13, 2024.**

So Ordered,

10/21/2024
Date

Judge John Pendleton                    27

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Hampton
3 Timber Swamp Road
Hampton NH 03842

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF HEARING

**FILE COPY**

Case Name:    **State v. DESTINIE L BERARD**
Case Number:   **441-2024-CR-00353**

The above referenced case(s) has/have been scheduled for:
   **Trial**

| Date of Offense: | Description: | | Charge ID: | Statute: |
|---|---|---|---|---|

**Date: November 13, 2024     3 Timber Swamp Road**
**Time: 1:00 PM          Hampton NH  03842**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so.  Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted.  **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**
When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing.  Multiple cases are scheduled at this time. Please notify the court 15 days prior to the hearing date above if the hearing is expected to last longer than 30 minutes.

### NOTICE OF APPELLATE RIGHTS
A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court.  This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division.  With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.
A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury.  The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11, V in a courtroom or area used by a court.

August 29, 2024                 Tracy L. Meyer
                       Clerk of Court

C:   Seabrook Prosecutor; Nicole Reilly, ESQ; NH Public Defender, Rockingham County

NHJB-2016-D (08/01/2024)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

Rockingham County                                         10th Circuit - District Division - Hampton

## State v. DESTINIE L BERARD

### 441-2024-CR-00353

### ORDER APPROVING PART OF HEARING OFFICER MURRAY'S ORDER AND AMENDING PRIOR ORDERS IN THIS CASE AS FOLLOWS

The Court reviewed the recommendations of Judicial Referee and retired Judge Scott Murray. It also reviewed the June 26, 2024 Order by Judge Christo and the July 9, 2024 Order by Judge Zaino. The Court approves the orders of Judicial Referee Scott Murray. The Court issues the following additional orders in hopes of expediting resolution of the case.

First, the Court modifies the orders issued to date relating to the required Request for Counsel Form to make it easier for the Defendant to meet the Court's requirement on this issue (meaning amending the orders by Judge Christo and Zaino) as follows:

The Court reviewed the language contained in Defendant Destine Berard's previously submitted and sealed financial affidavit added by the Defendant to the Court form under Remakes Section 8 of the form. While the language may be relevant in a pleading it is not relevant in the financial affidavit submitted. Unfortunately, in adding that language Ms. Berard either removed or used a different form that does not contain certain required language from the relevant Court form, NHJB-4044-DSSUPe(03/01/2024), the Request for Counsel form. The missing language included specifically an actual request for court appointed counsel, language indicating that if convicted she may have to pay the state back for services (in the case of a misdemeanor that may be up to $300.00 unless the Court finds she is unable to pay at the end of the case). The Court form also contains language on how she might appeal such a determination. Finally, Ms. Berard removed a necessary verification, which among other relevant acknowledgments, includes her understanding that any false statements made on the form is actually punishable as perjury. This language is necessary to insure the veracity of the form.

The contents of Ms. Berard's form submitted if verified indicate that the Defendant qualifies for Court appointed counsel. It states that



To assist the Defendant, the Court amends prior orders to indicate that if the Defendant prefers she may simply supplement her prior financial affidavit by submitted a request to supplement the prior Financial Affidavit, which includes the required language under Section 8, on page 2 of 2 on form NHJB-4044-DSSUPe(03/01/2024), along with her signature indicating among other things she is signing acknowledging that her representations are true and correct to the best of her knowledge and belief, and that she is aware they are made subject to penalties of perjury if false.

The Court as to the Defendant's Motion for Court Appointed Private Counsel at State Expense, shall schedule that for a hearing as soon as practical.

So Ordered,

7/16/2024
Date

Judge John Pendleton

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Hampton
3 Timber Swamp Road
Hampton NH 03842

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF HEARING

**FILE COPY**

| Case Name: | **State v. DESTINIE L BERARD** |
|---|---|
| Case Number: | **441-2024-CR-00353** |

The above referenced case(s) has/have been scheduled for:
**Trial**

| Charge ID | Statute | Description |
|---|---|---|
| 2186723C | 173-B:9 | Violation of Protective Order |

**Date: July 10, 2024**          **3 Timber Swamp Road**
**Time: 1:00 PM**               **Hampton NH 03842**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so. Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted. **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**
When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing. Multiple cases are scheduled at this time. Please notify the court 15 days prior to the hearing date above if the hearing is expected to last longer than 30 minutes.

### NOTICE OF APPELLATE RIGHTS

A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court. This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division. With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.
A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury. The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.
Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11, V in a courtroom or area used by a court.

March 18, 2024

Tracy L. Meyer
Clerk of Court

C:  Seabrook Prosecutor; NH Public Defender, Rockingham County

31