# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANA ALBRECHT,<br>  **Plaintiff**<br>v.<br><br>JUDGE JOHN PENDLETON, solely in his official capacity as a Judge of the New Hampshire Circuit Court;<br><br>REFEREE SCOTT MURRAY, solely in his official capacity as a referee pursuant to N.H. Rev. Stat.§ 490-F:15 for the State of New Hampshire;<br><br>JUDGE ELLEN CHRISTO, solely in her official capacity as the Administrative Judge of the New Hampshire Circuit Court, and her successor(s) in office;<br><br>CHIEF JUSTICE GORDON MACDONALD, JUSTICE JAMES P. BASSETT, JUSTICE ANNA BARBARA HANZ MARCONI, JUSTICE PATRICK E. DONOVAN, JUSTICE MELISSA COUNTWAY, solely in their official capacities as justices of the New Hampshire Supreme Court, and their successor(s) in office;<br><br>ERIN CREEGAN, solely in her official capacity as General Counsel of the New Hampshire Judicial Branch, and her successor(s) in office,<br><br>TRACY MEYER, solely in her official capacity as the Clerk of the 10th Circuit District Court, Hampton, New Hampshire, and her successor(s) in office; | Civil Action No. 1:25-CV-00093 |

**(continued on next page)**

| | |
|---|---|
| THE 24 MEMBERS OF THE NEW HAMPSHIRE JUDICIAL COUNCIL, solely in their official capacities as members of the council, and their successor(s) in office; | ) ) ) ) |
| CHARLES M. ARLINGHAUS, solely in his official capacity as Commissioner at the New Hampshire Department of Administrative Services, and his successors(s) in office; | ) ) ) ) ) |
| THE NEW HAMPSHIRE PUBLIC DEFENDER; a 501(c) (3) corporation; | ) ) ) |
| JOHN FORMELLA, solely in his official capacity as Attorney General of the State of New Hampshire, and his successor(s) in office; | ) ) ) ) |
| JOHN VENTURA, solely in his official capacity as Police Prosecutor for the Town of Seabrook, New Hampshire, and his successor(s) in office; | ) ) ) ) |
| DANIEL LAWRENCE, solely in his official capacity as Sergeant for the Seabrook Police Department, and his successor(s) in office; | ) ) ) ) |
| KASSANDRA STORMS a/k/a KASSANDRA KAMINSKI, solely in her official capacity as a patrol officer for the Seabrook Police Department, and her successor(s) in office; | ) ) ) ) ) ) |
| THE TOWN OF SEABROOK, a municipal corporation in New Hampshire; | ) ) ) |
| THOMAS W. FOWLER, solely in his official capacity as Chief of Police for the Town of Salisbury, Massachusetts, and his successor(s) in office; | ) ) ) ) ) |
| ANTHONY KING, solely in his official capacity as former Lieutenant of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office; | ) ) ) ) ) |

**(continued on next page)**

| | |
|---|---|
| PATRICK SZYMKOWSKI, solely in his official capacity as a patrol officer of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office; | ) ) ) ) ) |
| THE TOWN OF SALISBURY, a municipal corporation in Massachusetts, | ) ) ) |
| Defendants | ) ) |

## TOWN OF SEABROOK'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

**NOW COMES** the Defendants, the Town of Seabrook ("the Town"), John Ventura ("Ventura"), Daniel Lawrence ("Lawrence"), and Kassandra Kaminski ("Kaminski") (collectively "the Seabrook Defendants"), by and through their attorneys, Donahue, Tucker and Ciandella, PLLC, respectfully submits this Motion to Strike Plaintiff's Amended Complaint made against the Seabrook Defendants. In support whereof, the Seabrook Defendants state as follows:

### INTRODUCTION

1. The Plaintiff filed a complaint against the Seabrook Defendants on or about March 5, 2025. In his original complaint, the Plaintiff accuses the Seabrook Defendants of unconstitutional seizure of Destinie Berard. Ms. Berard has been charged with violating a provision of the New Hampshire State Criminal Code, and those charges remain pending as of the submission of this Motion. The Seabrook Defendants filed a Motion to Dismiss the Plaintiff's complaint on May 12, 2025. In the Seabrook Defendants' Motion to Dismiss, the Seabrook Defendants asserted that the Court should dismiss the Plaintiff's suit because (1) the Plaintiff lacks standing, (2) the suit is barred by doctrines of abstention, and (3) the Plaintiff's original complaint was contrary to Rule 8(d) of the Federal Rules of Civil Procedure.

3

2. On June 20, 2025, the Plaintiff filed a 388-paragraph amended complaint, to which the Plaintiff adds 168 additional paragraphs and appends dozens of exhibits, the majority of which do not pertain to Ms. Berard. The amended complaint does not cure the underlying deficiencies raised in the Seabrook Defendants' Motion to Dismiss.

3. The Court should strike the amended complaint because: (1) the Plaintiff has failed to seek leave to amend his complaint, (2) the amended complaint violates Rule 8(d) in a manner that is far more egregious than the original complaint, and (3) the amended complaint does not cure the underlying deficiencies of the original complaint related to abstention. The Seabrook Defendants will address each argument in turn.

## ARGUMENT

### I. Amended Complaint Does Not Comply with Rule 15 of the Federal Rules of Civil Procedure

4. This Motion to Strike Plaintiff's Amended Complaint should be allowed because the Plaintiff failed to comply with Rule 15 of the Federal Rules of Civil Procedure.

5. Rule 15 provides, in pertinent part:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) , (e) , or (f) , whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

For procedural errors on behalf of the Plaintiff, the court will be allowed to strike those errors. *Desmond v. Department of the Navy*, U.S. App. LEXIS 27675, 2 (1st Cir. 1991). "A second opportunity to amend may be warranted where a pro se plaintiff has made a good faith effort to comply with an order for a more definite statement, but has fallen short." *Papas v. Baines*, U.S.App. LEXIS 32750, 12 (1st Cir. 1992); *Pardee v. Moses*, 605 F.2d 865, 866-67 (5th Cir. 1979). A complaint that fails to comply with the Federal Rules of Civil Procedure, the court has discretion not to allow it. *Id.* at 10; *Mangan v. Weinburger*, 848 F.2d 909, 911 (8th Cir. 1988).

6. Service of the original complaint was performed via an acceptance of service signed and issued by the Seabrook Defendants on April 3, 2025. The amended complaint was filed on June 20, 2025, which is well beyond the 21 days allowed as a matter of right. The Plaintiff did not seek leave from the Court to file an amended complaint. The amended complaint, therefore, violates Rule 15.

7. Therefore, this Court should strike the Plaintiff's amended complaint because the Plaintiff has violated Rule 15 of the Federal Rules of Civil Procedure.

**II.    Amended Complaint Does Not Comply with Rule 8 of the Federal Rules of Civil Procedure**

8. The Court should further strike the Plaintiff's amended complaint because the amended complaint continues to violate Rule 8 of the Federal Rules of Civil Procedure.

9. Rule 8 of the Federal Rules of Civil Procedure, provides in pertinent part:

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

  . . .

(d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.

  (1) *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

10. Pro se litigants are generally allowed to construct liberal filings. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The court is allowed to dismiss a complaint that fails to meet the Rule 8's requirement to keep allegations to a "short and plain statement." *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993). This Court has previously not allowed a complaint of 291 numbered paragraphs because it violated Rule 8 where those allegations contained extraneous information that was immaterial to the underlying claims. *Currier v. Town of Gilmanton*, U.S. Dist. LEXIS 135120, 2 (1st Cir. 2019).

11. The Plaintiff's amended complaint fails to give a short and plain statement of the facts. The plaintiff has increased his numbered paragraphs from the original complaint from 218 paragraphs to 388. Many of the new allegations relate to wholly unrelated matters, appearing to constitute argument – not factual allegations – based on domestic violence or family court cases that do not pertain to any of the defendants. See Document 39, Plaintiff's Amended Complaint at ¶¶ 34-38. Other added paragraphs pertain to the Plaintiff's own cases before the New Hampshire Family Court, notwithstanding that the Plaintiff asserts that he is bringing suit in a representative capacity of Ms. Berard and his family court matters do not involve any of the Defendants. See Document 39, Plaintiff's Amended Complaint, ¶¶ 39-46, 60-

70, 97-126.  Other allegations pertain to matters pending in the New Hampshire Supreme Court that do not pertain to the Plaintiff or Ms. Berard.  See Document 39, Plaintiff's Amended Complaint at ¶¶ 47-59.

12.     Given the egregious deviation from Rule 8 exhibited by the Plaintiff by and through his amended complaint, the Court should strike the Plaintiff's amended complaint.  Absent such relief, it would be fundamentally unfair for the Seabrook Defendants to have to respond to each of the 388 allegations. *See* Document 39, Plaintiff's Amended Complaint at ¶¶ 1-388.

13.     The Seabrook Defendants' Motion to Strike the Plaintiff's Amended Complaint should be allowed because the Plaintiff has violated rule 8.

### III.    Amended Compliant Does Not Cure the Original Complaint

14.     The Court should also strike the Plaintiff's amended complaint because the Plaintiff has not cured the fundamental defects in the original complaint meriting dismissal.  The fact remains that both the amended and original complaints present non-judiciable issues because the Plaintiff continues to lack standing and the claims are barred by doctrines of abstention.

15.     A district court should not dismiss a complaint unless it displays that the Plaintiff would not be able to recover under any alleged facts. *Gonzales-Bernal v. United States*, 907 F.2d 246, 248 (1990).  A complaint requires more than allegations that the defendant "unlawfully harmed me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he element of illegal motive must be pleaded by alleging specific non-conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone." *Judge v. City of Lowell*, 160 F.3d 67, 72 (1998). Leave will not be allowed if the Plaintiff repeatedly fails to cure defects from his original complaint. *United States v. United Health Care Ins. Co.*, 848 F.3d 1161, 1183 (2016).

16.     To have standing, the plaintiff must have an injury that is concrete or will inevitably occur to him, that is traceable to the defendant's conduct, and a court would be able to redress that injury. *Biden v. Nebraska*, 143 S.Ct. 2355, 2356 (2023). Courts do not recognize third party standing in matters of legal representative attempting to adjudicate the rights of a client on the individual's behalf. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).

17.     The Plaintiff's continues to lack standing because the injury alleged in both the original complaint and the amended complaint did not occur to him. The Seabrook Defendants arrested Ms. Berard. See Document 39, Plaintiff's Amended Complaint, ¶¶ 127-143. The Plaintiff claims that this arrest has caused him injury by and through the Plaintiff having to expend time and resources to represent Ms. Berard's interests. However, this is not a cognizable and redressable injury that is sufficient to confer standing on the Plaintiff. See Document 39, Plaintiff's Amended Complaint, ¶¶ 127-143.  The amended complaint does not cure this fundamental defect, although it is now unclear as to whether the amended complaint seeks joinder of Ms. Berard as a plaintiff (a fact that would have been clearer had the Plaintiff sought leave to amend the complaint in accordance with Rule 15, see Section I, supra).

18.     Therefore, this Court should strike the amended complaint because it could not redress an injury that did not happen to him.

19.     Additionally and regardless of whether Ms. Berard is named as a plaintiff, the amended complained should be stricken and this matter dismissed in accordance with the relief sought in the Seabrook Defendants' Motion to Dismiss due to Younger abstention.  Under the doctrine of abstention established in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are "require[s]" to abstain from decisions that interfere with certain state proceedings absent extraordinary circumstances. *Sirva Relocation, LLC, v. Richie*, 794 F.3d 185, 189 (1st Cir. 2015).

*Younger* abstention applies when the following are met: (1) there is an ongoing state judicial proceeding that falls within its taxonomy, (2) the proceeding regards an important state interest satisfying, and (3) the proceeding provides an adequate opportunity for the plaintiff to raise federal constitutional issues. *Sirva*, 794 F.3d at 192.  The application of Younger abstention is discussed in the Seabrook Defendants Motion to Dismiss and the arguments related thereto are incorporated by reference herein.  See Seabrook Defendants Motion to Dismiss, Document 35, ¶¶ 15-18.

20. The Amended Complaint fails to show how this Court could surpass a state court's jurisdiction related to a pending criminal proceeding. The Plaintiff cannot surpass *Younger* abstention either through the original complaint or the amended complaint. There are no legitimate federal constitution provisions or federal statutes that concern the Plaintiff and New Hampshire's prosecution of Ms. Berard that cannot be first addressed in the state court proceedings or in any appeal thereof.  Allowing the original or amended complaint to stand, would be contrary to the basic principles of federalism established by Younger.

21. Therefore, the Court should strike the amended complaint because the Plaintiff has not cured his defected complaint because his Amended Complaint fails to address abstention rendering his claim non-judiciable.

## Conclusion

22. For reasons stated therein, the Court strike the Plaintiff's amended complaint.

**WHEREFORE**, the Seabrook Defendants respectfully request this Honorable Court:

A. Grant the Motion to Strike the Plaintiff's Amended Complaint;

B. Strike the amended complaint; and

C. Grant such further relief as may be just.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | Town of Seabrook, John Ventura, |
|  | Daniel Lawrence, and Kassandra Kaminski |
|  | By their attorneys |
|  | Donahue, Tucker, & Ciandella, PLLC |
| Dated: June 30, 2025    By: | /s/ Eric A. Maher |
|  | Eric A. Maher, Esquire<br>NH Bar No. 21185<br>111 Maplewood Ave, Suite D<br>Portsmouth, NH 03801<br>(603) 778-0686<br>emaher@dtclawyers.com |

### Certificate of Service

I hereby certify that on June 30, 2025, copies of the foregoing Motion to Strike Plaintiff's Amended Complaint were forwarded to all parties or counsel of record via the Court's ECF system.

/s/ Eric Maher

4936-9483-0162, v. 1