UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

DANA ALBRECHT,

Plaintiff,

v.

HON. JOHN PENDLETON, ET AL,

Defendants.

Docket No. 1:25-cv-00093-SM-AJ

**NEW HAMPSHIRE PUBLIC DEFENDER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Local Rule 7.1(a) and Fed. R. Civ. P. 12(b)(6), Defendant, New Hampshire Public Defender ("NHPD" or "Defendant"), by its attorneys, Morrison Mahoney LLP, respectfully submit the following Motion to Dismiss Plaintiff's Amended Complaint (Doc. 39), as (a) Plaintiff lacks standing to sue Defendant, (b) there is no actual controversy to litigate between Plaintiff and NHPD, (c) Plaintiff has pled insufficient facts to demonstrate a consumer protection act claim, and (d) NHPD is not a State Actor and cannot be liable to Plaintiff for an alleged violation of the Sixth or Fourteenth Amendments. As grounds therefore, Defendant states as follows:

## I. BACKGROUND

This case arises out of the prosecution of Destinie Berard and Plaintiff's claim that he entered an appearance to assist Ms. Berard after she was initially denied court-appointed counsel in connection with a criminal prosecution against her in the 10th Circuit – District Division-Hampton, Case No. 441-2024-CR-00353. Plaintiff brings a 17-count complaint against 22 defendants. As against NHPD, Plaintiff brings only two counts: Count VII False Advertising and

Count VIII violation of Sixth and Eighth Amendments[1], *See Doc. 39 at ¶¶ 303-310 (Count VII) and ¶¶ 311-320 (Count VIII).* Plaintiff seeks "equitable relief" to include reimbursement of his costs defending Ms. Berard. *Doc. 39, ¶ 320.* He seeks an injunction preventing the further prosecution of Berard. *Doc. 39, p. 67, ¶ J.* He also seeks an "order directing the [NHPD] to cover all costs associated with securing professional legal representation, capable of providing effective assistance of counsel, for all indigent defendants in" all criminal and civil proceedings under NH RSA § 173-B, the Protection of Persons from Domestic Violence, and an order directing the NHPD and others to "reimburse Mr. Albrecht for all costs and expenses he personally incurred in his efforts to defend Ms. Berard." *Doc. 39, p. 68, ¶¶ O-Q.*

Defendant moves to dismiss all claims against it, as Plaintiff has no standing to bring suit. Also, there is no controversy to litigate between Plaintiff and NHPD, in part as the state court issued an order appointing counsel to Berard on April 15, 2025. See docket summary in the matter of *State of New Hampshire v. Berard*, 10th Circuit – District Division- Hampton, Case No. 441-2024-CR-00353, attached hereto as *Exhibit A, p. 10*. As the Court has ordered the appointment of counsel for Berard, and the matter will proceed under the dictates of NH RSA 604-A, Plaintiff's Amended Complaint is moot. To the extent Plaintiff seeks an order compelling NHPD to fund Berard's defense, reimburse Albrecht related to Berard's defense, and/or globally to fund the defense of all criminal and civil defendants in actions involving Domestic Violence Protective Orders under NH R.S.A 173-B, the request is improper. Plaintiff cannot prevail on a consumer protection act violation against NHPD as a matter of law. Finally, to the extent Plaintiff's

---

[1] This Count appears to be against judicial defendants only. Since the last paragraph seeks relief against NHPD, NHPD contends that such claim against it should be dismissed, as argued infra.

Amended Complaint brings a claim against NHPD related to Constitutional law violations, Plaintiff cannot prevail as NHPD is not a state actor.

Defendant further offers the following.

## II. <u>STANDARD OF REVIEW</u>

In ruling on a F. R. Civ. P. 12(b)(6) motion, the trial court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." *Martin v. Applied Cellular Tech.*, 284 F.3d 1, 6 (1st Cir.2002). A motion to dismiss for failure to state a claim upon which relief is proper when a complaint fails to allege "a plausible entitlement of relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 550 (2007). The allegations in the complaint must "possess enough heft to 'sho[w]' that the pleader is entitled to relief." *Id.*

> Determining whether a complaint states a plausible claim for relief, will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal citations omitted).

The court need not accept as true "bald assertions" or conclusions of law. *Resolution Trust Corp. V. Driscoll*, 985 F.2d 44, 48 (1st Cir.1993) "'A pleading that offers labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft V. Iqbal,* 556 U.S. 662, citing *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007). The motion should be granted when, "viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Affirmative defenses can be raised in a motion to dismiss if "facts establishing the

defense [are] . . . clear on the face of the plaintiff's pleadings" *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir.1989) (internal quotations omitted).

## III. ALLEGATIONS IN COMPLAINT

In Plaintiff's Amended Complaint, Plaintiff (and proposed plaintiff Destinie Berard) alleges the following:

NHPD is a private 501(c)3 nonprofit corporation that handles indigent criminal defense pursuant to N.H. RSA § 604-A. *Doc. 39, ¶ 16.* On March 15, 2024, Berard was arrested in New Hampshire. *Doc. 39, ¶ 140.* Berard filed a pro se motion for appointed counsel at state expense. *Doc. 39, ¶ 145.* The state court refused to schedule or rule on the motion, forcing Berard to proceed unrepresented. *Doc. 39, ¶ 146.* Plaintiff entered an "emergency appearance" under N.H. Rev. Stat. § 311:1 "to prevent a fundamentally unfair proceeding that Ms. Berard was forced to attend on November 13, 2024 [ ]." *Doc. 39, ¶ 151.* Plaintiff intended to limit his role to assisting Berard to obtain effective assistance of counsel. *Doc. 39, ¶ 152.* On May 27, 2025, the 10th Circuit Hampton Court docketed an appearance of counsel on behalf of Ms. Berard by a professional private criminal defense attorney. *Doc. 39, ¶ 159.* NHPD advertises on its website that "if you have a question about any criminal matter, you can contact the [NHPD] and request to speak to an attorney for legal advice, even before the court determines if you qualify for an attorney and before a charge is filed.[2]" *Doc. 39, ¶ 167.* Plaintiff further alleges that NHPD and other defendants

---

[2] NHPD states that this language does not appear on its website, and it is unaware of this exact statement EVER appearing on the website. NHPD acknowledges that for purposes of this motion, it must accept all well-pled allegations as true. The website is: https://www.nhpd.org. Currently, under frequently asked questions under the obtaining a public defender tab, the website states as follows: **"What if I have questions about a criminal matter, but nothing has been filed in Court yet?** Part of what we do is provide legal advice to any citizen that has questions about a criminal matter." (emphasis in original.)

"have failed in their statutory duties to ensure that indigent defendants receive competent legal representation," and its failure to act violated 42 U.S.C. § 1983. *Doc. 39, ¶ 168 and 171.*

As against NHPD, a non-profit private organization, Plaintiff seeks:

- a "order directing the [NHPD] to cover all costs associated with securing professional legal representation, capable of providing effective assistance of counsel, for all indigent defendants" in criminal and civil proceedings under N.H. RSA § 173-B. *Doc. 39, p. 68, ¶¶ O-P.*
- an order directing the NHPD and other so called "Indigent Defense & Funding Defendants" to "reimburse Mr. Albrecht for all direct costs and expenses he personally incurred in his efforts to defend Ms. Berard." *Doc. 39, p. 68, ¶ Q.*

## IV. ARGUMENT

### A. PLAINTIFF HAS NO STANDING TO BRING CLAIMS AGAINST NHPD

For the reasons outlined in the Magistrate Judge's Report and Recommendation related to Plaintiff's original Complaint, *see Doc. 12*, Mr. Albrecht lacks standing to bring his claims. As outlined by the Magistrate Judge, Plaintiff still "fails to allege that he suffered, or in danger of suffering, any legally-cognizable injury. Instead, he is seeking solely to vindicate the rights of Ms. Berard or, perhaps, those of society at large, in seeking that Ms. Berard's criminal proceedings are conducted in accordance with the Constitution. Indeed, nearly all of the requested declaratory relief is for the benefit of" others. *See Doc. 12, pp. 5-6.* Plaintiff also has not demonstrated that he has third-party standing. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004). *See Doc. 12, p. 7.*

As the Magistrate Judge concluded, "there is no plausible reading of [Plaintiff's] complaint that suggests that Mr. Albrecht is claiming that he has 'suffered the personal injury necessary to have standing before this court.' *Miller v. Roberge*, No. CIV. 08-CV-00293-JL, 2008 WL

4276561, at *3 (D.N.H. Sept. 12, 2008).” *Doc. 12, p. 8*. Plaintiff’s conclusory statement of injury and harm following his choice to represent Ms. Berard are insufficient to confer standing upon Plaintiff, and Plaintiff’s Amended Complaint should be dismissed.

### B. THERE IS NO JUDICIABLE CONTROVERSY FOR THIS COURT TO LITIGATE BETWEEN PLAINTIFF AND NHPD

#### 1. The State Court ordered the Appointment of Counsel to Represent Berard, so any Controversy between NHPD and Plaintiff is Moot.

On April 11, 2025, the Court ordered the appointment of counsel, with notice to the parties on April 15, 2025. *See Ex. A, p. 10*. *See also Court Order, attached hereto as Exhibit B*. On May 27, 2025, counsel entered an appearance for Berard. *Doc. 39, ¶ 159*. Under the New Hampshire Rules of Professional Conduct, NHPD could not accept the appointment as it has a conflict.

In any event, as there is now a court order appointing counsel to represent Ms. Berard and counsel has appeared for Ms. Berard, Plaintiff’s Amended Complaint as against NHPD is moot, and there is no judiciable controversy as against NHPD. “As a consequence [of the Court Order appointing counsel to represent Berard], there [is] no live controversy and consequently no prospective relief of a personal nature that the district court could award.” *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 17 (2004). Plaintiff’s Amended Complaint should be dismissed.

#### 2. Since NHPD is a Private Corporation which has no Role in any Criminal Prosecution until the State appoints it to any particular matter and it does not “Fund” any Defense, but rather is paid by the State pursuant to a Contract, Plaintiff’s requested relief as against NHPD is improper.

As against NHPD, a non-profit private organization, Plaintiff seeks an order to compel NHPD, and others, to reimburse him for costs “*personally* incurred [by him] to defend Ms. Berard, that Mr. Albrecht has paid **from Mr. Albrecht’s own personal funds**.” *Doc. 39, ¶ 320* (emphasis in original). NHPD is a private non-profit corporation. *Doc. 39, ¶ 16*. Thus, Plaintiff’s Amended

Complaint improperly seeks orders instructing a private corporation to undertake certain actions at its own expense as a result of alleged constitutional law violations.

Also, NHPD does not "fund" any defense. *See Affidavit of Margaret Kettles, attached hereto as Exhibit C*. Rather, it is paid pursuant to its contract with the State. *Ex. C; see also NH RSA 604-B:4*. Thus, NHPD is a vendor of the state – not a state agency. To the extent Plaintiff's Amended Complaint seeks an injunction directing NHPD to "cover all costs" for legal representation of an indigent criminal or civil defendant in an RSA 173-B action, this is an improper request, as it seeks to impose a financial obligation upon a private actor for supposed constitutional law violations. Notably, state law also provides that if there is a conflict (as is the case here) or for some other reason a contract attorney or qualified attorney is appointed to represent Plaintiff, any such appointment will involve a contract directly with the State and does not funnel through NHPD. *See RSA 604-A:4*.

Moreover, NHPD has no role in the appointment of counsel, but simply is an organization that may be appointed by the court as counsel for a criminal defendant. "Whenever **the court makes an appointment** under paragraph I, the appointment shall be made as follows: first, appointment of the public defender program under RSA 604-B if that office is available; appointment of a contract attorney under RSA 604-A:2-b if such an attorney is available; and third, in the event that neither the public defender program nor a contract attorney is available, the appointment of any qualified attorney under paragraph I." *NH RSA 604-A:2, II* (emphasis added). It is not within the power of NHPD to represent an indigent defendant without a court appointment. The Court, and not NHPD, appoints counsel to represent an indigent defendant. *See Ex. C.*

Since (a) NHPD had no role in the underlying criminal prosecution, (b) had no role in the decision as to whether counsel should be appointed to represent Berard or any other criminal

defendant, and (c) NHPD does not fund the defense of any criminal defendant but rather is paid by the State to undertake such representation, there is no judiciable controversy warranting any injunction against it, particularly injunctions that compel it to act.

Relatedly, Plaintiff alleges that NHPD has "failed in their statutory duties to ensure that indigent defendants receive competent legal representation," and its failure to act violated 42 U.S.C. § 1983. *Doc. 39, ¶ 168 and 171.* Again, NHPD is not a state agency. *Ex. C.* There are no statutory obligations imposed upon NHPD beyond those contained in the Rules of Professional Conduct and court rules generally. *RSA 604-A.* Nothing in RSA 604-B dictates that NHPD must act *prior* to a court's appointment. *See RSA 604-B.*

As such, Plaintiff's Amended Complaint against it should be dismissed.

**C. COUNT VII FAILS TO STATE A CLAIM AGAINST NHPD**

Plaintiff alleges that NHPD has violated the New Hampshire Consumer Protection Act ("CPA"). *Doc. 39 ¶¶ 303-310.* Specifically, Plaintiff alleges that the NHPD advertised that one could call with questions and to seek advice even before a court determines if you qualify for an attorney, that the CPA "prohibits advertising goods or services with intent not to sell them as advertised," and that both Mr. Albrecht and Ms. Berard sent multiple requests to the NHPD for assistance to which the NHPD did not respond. *Doc. 39 ¶¶ 306-309*. Thus, the "advertisement is a violation of N.H. Rev Stat § 358-A:1." *Doc. 39, ¶ 310*.

The CPA provides a civil damages remedy for "unfair method[s] of competition or any unfair or deceptive act[s] or practice[s] in the conduct of any trade or commerce within this state." N.H. RSA 358-A:2. "[N]ot all conduct in the course of trade or commerce falls within its protection." *Barrows v. Boles*, 141 N.H. 382, 390 (1996). "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the



104399784.v1

world of commerce." *Id*. Ordinary or routine claims for breach of contract and negligence are not subject to the CPA. *Id.*; *McNeal v. Lebel*, 157 N.H. 458, 469-70 (2008).

Mr. Albrecht and Ms. Berard claim NHPD violated the CPA by failing to respond to their inquiries and requests for legal advice despite what appears on NHPD's website. First, NHPD did not advertise to "sell" anything, and the CPA does not apply. *RSA 358-A:2, IX*. The alleged statement on its website invites inquiries and does not solicit sales of its services. While not stated in the complaint, the website is: https://www.nhpd.org. Nowhere on the website are any goods or services offered for sale.

Next, as a matter of law, the Plaintiff has alleged insufficient facts to meet the level of rascality required. As alleged, NHPD's offer to speak with defendants prior to the Court's evaluating whether they qualify for court-appointed counsel cannot reasonably implicate ***any*** level of rascality. Plaintiff fails to state a claim upon which relief may be granted in Count VII, as there are no deceptive acts, much less a deceptive act that rises to "the level of rascality that would raise an eyebrow of someone inured to the **rough and tumble of the world of commerce**." *Barrows*, 141 N.H. at 390 (emphasis added).

Also, Plaintiff does not allege any acts that implicate the commercial aspects of the practice of law as opposed to the actual practice of law. *See Judge David A. Anderson's 12/9/21 order in the matter of Stewart v. Ang et al, Docket No. 216-2019-CV-00305, attached hereto as Exhibit D*. The sound reasoning of Judge Anderson's order, applying a "business/professional distinction when interpreting CPA claims against professionals," dictates that dismissal of Count VII against NHPD is warranted, as Plaintiffs' allegations do not implicate NHPD's business or entrepreneurial interests (arguably there are none, since it is non-profit corporation). *See Ex. D, p. 14*. Here, as in

*Stewart*, Plaintiffs contend wrongdoing in the failure to render services and not in connection with any pricing or other commercial activity.

NHPD further notes (as did Judge Anderson) that previously, the practice of law fell within the scope of the exemption in NH RSA 358-A:3 then in place. *Averill v. Cox*, 145 N.H. 328, 332 (2000) reaffirming *Rousseau v. Eshleman*, 128 N.H. 564, 567 (1986). The exemption analyzed in *Averill* has since been repealed. As was noted by Judge Anderson, though, the New Hampshire Supreme Court, when reconsidering its *Rousseau* holding, held that the CPA's "prohibition against unfair or deceptive commercial activity applies to the commercial activities of attorneys," i.e., pricing versus noncommercial activities that constitute the actual practice of law. *Ex. D at p. 12*, citing *Rousseau v. Eshleman*, 129 N.H. 306, 311 (1987).

Here, Plaintiffs allege conduct related to NHPD's practice of law since it did not respond to inquiries for legal advice and not any commercial aspect of NHPD's practice. Again, since NHPD is a non-profit corporation that is paid by the State, there is no "commercial aspect" of its practice when dealing with any particular defendant.

Count VII of Plaintiff's Amended Complaint should be dismissed, since as a matter of law Count VII fails to state a claim upon which relief may be granted.

**D. COUNT VIII FAILS TO STATE A CLAIM AGAINST NHPD, WHO IS NOT A STATE ACTOR**

In Count VIII, Plaintiff claims a "violation of the Sixth and Fourteenth Amendments." *Doc. 39, p. 55*. In the "Introduction," Plaintiff also claims that this is a "civil rights action under 42 U.S.C. § 1983." *Doc. 39, ¶ 1*. Plaintiff's allegations appear in this count to entirely relate to the Judicial Defendants. *Doc. 39 ¶¶ 311-320*. However, "Mr. Albrecht also seeks equitable relief to compel the Indigent Defense and Funding Defendants [defined to include NHPD] to re-imburse Mr. Albrecht for all actual costs that Mr. Albrecht has personally incurred to defend Ms. Berard,

that Mr. Albrecht has paid for from Mr. Albrecht's own personal funds." *Doc. 39 ¶ 320.* (emphasis removed). Should either Mr. Albrecht or Ms. Berard contend that NHPD violated the Sixth or Fourteenth Amendment, such claim fails as a matter of law and should be dismissed.

Title 42 U.S.C. § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id*. Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). To sustain a § 1983 claim, Plaintiff must allege and prove that his rights were deprived by an actor "acting under the color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (that defendant acts under color of state law is a jurisdictional requisite for a s. 1983 action). "Under color of law" has consistently been treated as being the same thing as the "state action" required under the Fourteenth Amendment. *Lugar*, 457 U.S. at 928 (citing United *States v. Price*, 383 U.S. 787, 794 n. 7 (1966)). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). NHPD is a private actor.

To determine if a private actor can be considered a state actor, the courts have utilized three tests: (1) the state compulsion test; (2) the nexus/joint action test; and (3) the public function test. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4-5 (1st Cir. 2005). It is the Plaintiff's burden to prove that the private actor can be considered a state actor. *Mead v. Independence Ass'n*, 684 F.3d 226, 231 (1st Cir. 2012). Plaintiff's Amended Complaint fails to establish as a matter of law that NHPD is a state actor. As alleged in Plaintiff's Amended

Complaint, NHPD was not coerced by a state actor into a choice such that any act "must in law be deemed to be that of the State." *Mead* at 231. There is no nexus/joint action between NHPD and a state actor warranting a finding that under "the totality of the circumstances . . . the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity].'" *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5 (1st Cir. 2005) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir.1999)). Lastly, NHPD engages in no "powers traditionally *exclusively* reserved to the state." (emphasis added) *Jackson v. Metro. Edison Co.,* 419 U.S., 345, 352 (1974). Thus, accepting all well-pleaded facts as true and drawing all reasonable inferences in either Mr. Albrecht or Ms. Berard's favor, NHPD was not a state actor as a matter of law. Plaintiff's Amended Complaint, alleging due process or other constitutional law violations, should be dismissed.

### E. IF THIS COURT FINDS THAT IT HAS JURISDICTION, IT SHOULD ABSTAIN FROM EXERCISING ITS JURISDICTION TO AVOID INTERFERENCE WITH THE PENDING STATE COURT ACTION

If the court finds that it has jurisdiction over Plaintiff's Amended Complaint for declaratory and injunctive relief, the court should abstain from exercising its jurisdiction under the doctrine of abstention. *See Younger v. Harris* 401 U.S. 37 (1971). Based in part on the legal principles of comity, federalism, and equity, the United States Supreme Court in *Younger*, *supra*, held that "federal courts are not to enjoin pending state court criminal proceedings except in certain, narrow circumstance." *Mounkes v. Conklin,* 922 F.Supp. 1501, 1510 (D. Kan 1996). Further,

> [u]nder *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances, federal courts must generally abstain from considering the merits of federal constitutional claims asserted by state criminal defendants seeking to enjoin a state criminal prosecution, or to obtain a declaratory judgment that could affect ongoing state criminal prosecutions. See *Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 192 (1st Cir. 2015); see also *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013); *Doe v. Donovan*, 747 F.2d 42, 44 (1st Cir. 1984).

> Because "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," *Kugler v. Helfant*, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975), federal courts may intervene only in "extraordinary circumstances," *Younger*, 401 U.S. at 53, such as when the prosecution is done in bad faith or to harass or when the state criminal law flagrantly unconstitutional, see *id*. at 53-54
>
> *Patton v. Bonner*, No. 20-5531, 2021 U.S. App. LEXIS 10080 at *3-4, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021). Here, the ongoing [Berard] prosecution satisfies the prerequisites for Younger abstention, as the state criminal prosecution remains pending, resolution of the charged criminal offenses necessarily implicates important state interests, and [Berard] has not alleged facts indicating that the state courts have not or will not provide [her] the opportunity to advance [her] federal rights in that case.

*Holloway v. New Hampshire*, 2021 WL 5868223 (2021) *3.

Here, if the Court determines that there is jurisdiction, it should abstain given the pending state prosecution.

## VI. <u>CONCLUSION</u>

Dismissal of all claims against NHPD (Count VII and Count VIII) is warranted, as Plaintiff lacks standing to bring this suit against NHPD, there is no controversy to litigate as between NHPD and Plaintiff, Plaintiff as a matter of law cannot prevail on its CPA claim, and NHPD is not a state actor such that Count VIII fails to state a cause of action.

WHEREFORE, Defendant respectfully request that this Honorable Court:

A. Grant Defendant's Motion to Dismiss; and

B. Grant such other and further relief as is equitable and just.

Respectfully submitted,

New Hampshire Public Defender,

MORRISON MAHONEY LLP

By /s/ *Linda M. Smith*

Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone: 603-622-3400
Fax: 603-622-3466

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all parties and/or their counsel of record on this date in the manner specified herein:

Electronically Served

/s/ Linda M. Smith
Linda M. Smith, #265038