UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANA ALBRECHT,  )<br>[DESTINIE L. BERARD][1]  )<br>  )<br>　　　　Plaintiff(s)  )<br>　v.  )<br>  )<br>HON. JOHN PENDLETON, *et al.*,  )<br>  )<br>　　　　Defendants.  ) | Civil No. 1:25-cv-00093-SM-AJ |

**PLAINTIFF(S)' NOTICE OF SUPPLEMENTAL AUTHORITIES**

Plaintiff Dana Albrecht respectfully submits this Notice of Supplemental Authorities in support of the claims alleged in the Amended Complaint (ECF No. 39), particularly Count XVII, which challenges N.H. Rev. Stat. § 173-B:9 as unconstitutional as-applied.

These newly submitted exhibits illustrate a pattern of retaliatory misuse of New Hampshire's domestic violence protective order system by Salisbury Police Officer Patrick Szymkowski against Destinie Berard after she reported his official misconduct. They show how an officer with a documented history of excessive force, sustained departmental discipline, and an extramarital affair leveraged the civil protective order process to suppress public criticism and evade accountability. Courts, including Judge Polly Hall, enforced these orders based solely on his

---
[1] Ms. Berard has filed a *Motion for Joinder* (ECF No. 24) that is presently pending.

representations, without meaningful due process review or findings of present danger.

This evidentiary record supports Plaintiff(s)' Fourteenth Amendment claim that New Hampshire operates its civil domestic violence courts as "star chambers," imposing quasi-criminal penalties without fundamental procedural safeguards. It further aligns with the Fifth Circuit's description in *United States v. Rahimi*, 61 F.4th 443, 465–66 (5th Cir. 2023), and David N. Helniak's article *Shuttering the New Star Chamber: Toward a Populist Strategy Against Criminal Equity in the Family Court* (ECF No. 39-1).

Specifically, Plaintiff(s) attach the following documents:

1. **Mass Secretary of Records Determination re: MSP Internal Affairs #12-0037**

    This July 10, 2025 determination by Manza Arthur, Supervisor of Records for the Massachusetts Secretary of State, orders the Massachusetts State Police to provide Dana Albrecht with records from Internal Affairs Investigation #12-0037. That investigation involved Salisbury Police Officer Patrick Szymkowski's June 9, 2012 arrest of Bruce Brown, where Officer Szymkowski was found to have used excessive force, including choking and threatening to kill Brown. The determination found the MSP unlawfully failed to provide records or identify any valid exemption, and required compliance within ten business days.

2. **MSP Letter Requesting Interviews re: Internal Affairs #12-0037 (June 20, 2012)**

    This June 20, 2012 letter from Detective Lieutenant Dana J. Pagley of the Massachusetts State Police Internal Affairs Section requests permission from Salisbury Police Chief Robert Roy to interview Officers Patrick

Szymkowski, James Leavitt, and Dennis Lucia. The interviews related to the June 9, 2012 incident resulting in Internal Affairs Investigation #12-0037, which ultimately sustained findings of excessive force against Officer Szymkowski for his arrest of Bruce Brown.

3. **Bruce Brown Criminal Docket (June 9, 2012 Arrest)**

   This docket from Newburyport District Court (No. 1222CR000988) records the criminal charges against Bruce Brown for his June 9, 2012 arrest by Salisbury Police Officer Patrick Szymkowski. Brown was charged with assault and battery on a public employee, resisting arrest, and disorderly conduct. The charges were continued without a finding on October 15, 2012, despite Internal Affairs findings that Officer Szymkowski used excessive force by choking Brown and threatening his life.

4. **Chief Fowler Letter: Paid Leave of Officer Patrick Szymkowski (May 23, 2018)**

   On May 23, 2018, Salisbury Police Chief Thomas W. Fowler placed Officer Patrick Szymkowski on paid administrative leave pending investigation into his behavior described in Georgetown Police incident report 18-147-OF. This letter ordered Szymkowski to surrender his badge, firearms, and police ID, barred him from entering the station unaccompanied, and prohibited him from acting in any law enforcement capacity. It also included a no-contact order with an identified civilian – Destinie Berard – with whom Officer Szymkowski was having an affair.

5. **Chief Fowler Letter: Return to Duty of Officer Patrick Szymkowski (May 24, 2018)**

   The following day, May 24, 2018, Chief Thomas W. Fowler issued this letter reinstating Officer Patrick Szymkowski to full duty without

restriction. The internal investigation interview conducted with Lt. Anthony King and Chief Fowler did not find sufficient grounds to continue his administrative leave.

6. ***Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00078, Denial Order (May 30, 2018)**

   In this May 30, 2018 order, the New Hampshire Circuit Court (Brentwood Family Division) denied Officer Patrick Szymkowski's domestic violence petition against Destinie Berard but scheduled the case for hearing. No temporary protective orders were issued. This was the first known civil DV filing by Officer Szymkowski against Berard, following the deterioration of their relationship and her reports of misconduct.

7. ***Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00078, Withdrawal (May 30, 2018)**

   Filed the same day as the denial, this document records Officer Patrick Szymkowski's voluntary withdrawal of his civil domestic violence petition against Destinie Berard. The court vacated all orders, while noting he retained the right to file again in the future.

8. **Chief Fowler Disciplinary Letter: Suspension in Abeyance (May 30–31, 2018)**

   This May 30, 2018 letter from Chief Thomas Fowler, signed by Officer Patrick Szymkowski on May 31, documents the conclusion of an internal investigation into his conduct with Destinie Berard. The investigation sustained violations of the Department's Rules of Conduct and Domestic Violence policies. As a result, Szymkowski received a two-day suspension held in abeyance for two years, with the penalty reduced to a written reprimand if

no further violations occurred. Termination was noted as a potential consequence for any future violations.

9. **Destinie Berard Email Reporting Misconduct (May 30, 2018)**

   This email from Destinie Berard to Lt. Anthony King of the Salisbury Police Department states: "This is one of many pictures he has sent me making fun of people he's arrested," attaching three photos. The email was sent on May 30, 2018, contemporaneous with the internal investigation, and reflects Berard's reporting of Officer Patrick Szymkowski's breaches of confidentiality and professionalism.

10. **Chief Fowler Disciplinary Letter: Two-Day Suspension (June 6, 2018)**

    Dated June 6, 2018, this letter from Chief Thomas Fowler imposes a two-day unpaid suspension on Officer Patrick Szymkowski for violating departmental confidentiality policies. The discipline followed confirmation that Szymkowski sent mugshot photos to Destinie Berard in 2014, in violation of DISC-1 confidentiality rules. The suspension was scheduled for June 18–19, 2018, with explicit warnings of further suspension or termination for future violations.

11. **Officer Patrick Szymkowski & Nicole Szymkowski Divorce Decision (June 8, 2018)**

    Filed in *ITMO Patrick Szymkowski & Nicole Szymkowski*, No. 618-2021-DM-00083, this motion documents that on June 8, 2018, Officer Patrick Szymkowski and his wife Nicole mutually decided to divorce. The narrative describes their continued co-residence in separate areas of the family home to minimize impact on their two children. The filing seeks a waiver of the Child Impact Program requirement, citing their amicable co-parenting relationship.

12. *Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00084, Initial Petition (June 13, 2018)

    This domestic violence petition was filed by Officer Patrick Szymkowski against Destinie Berard on June 13, 2018, just five days after his divorce decision and amidst escalating disciplinary issues. The petition alleges emotional and physical abuse and requests broad protective orders prohibiting Berard from contacting him or entering his residence or workplace. The filing followed Berard's reports of Szymkowski's official misconduct to Lt. Anthony King, suggesting retaliatory motivation.

13. *Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00084, Polly Hall Order (July 8, 2020)

    This July 8, 2020 order by Judge Polly L. Hall extended the final protective order against Destinie Berard to July 10, 2025. The extension was granted based solely on Officer Szymkowski's representations, without findings of any new violence or threat. Berard was granted 10 days to object, <u>after</u> the five year extension was already granted.

14. *Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00084, Polly Hall Order (August 20, 2020)

    This August 20, 2020 order by Judge Polly L. Hall reaffirms the protective order extension following an August 7, 2020 hearing where both parties testified. Judge Hall found that Berard's social media posts publicizing Officer Szymkowski's misconduct constituted grounds to extend the protective order, despite no threats or violence against him. The order effectively treats public criticism of a police officer as domestic violence.

15. *Lindsay Smith v. Richard Lorman*, No. 641-2021-DV-00070, Polly Hall Order & Transcript (October 20, 2021)

   This includes the October 20, 2021 final order and hearing transcript in *Lindsay Smith v. Richard Lorman*, No. 641-2021-DV-00070. Despite Smith's detailed testimony of coercive sexual abuse, threats, intimidation, and blackmail, Judge Polly Hall dismissed her petition, finding Lorman did not pose a "credible present threat." This contrasts starkly with Hall's rulings treating public criticism of Officer Szymkowski as domestic violence.

   Plaintiff submits these authorities solely for the Court's information and does not offer additional briefing or argument at this time.

                                             Respectfully submitted,

                                             _____
                                             DANA ALBRECHT
                                                  *Pro Se*
                                             131 Daniel Webster Hwy #235
                                             Nashua, NH 03060
                                             (603) 809-1097
                                             dana.albrecht@hushmail.com

July 11, 2025.

- 8 -

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this Notice shall be served on all parties and/or counsel of record registered through the ECF system.

                                                            _____
                                                            DANA ALBRECHT

July 11, 2025