

# The Commonwealth of Massachusetts

William Francis Galvin, Secretary of the Commonwealth
Public Records Division

Manza Arthur
*Supervisor of Records*

July 10, 2025
**SPR25/1916**

Allison Mondello
Public Records Manager
Massachusetts Department of State Police
50 Maple Street
Milford, MA 01757

Dear Ms. Mondello:

I have received the petition of Dana Albrecht appealing the response of the Department of State Police (Department) to a request for public records. See G. L. c. 66, § 10A; see also 950 C.M.R. 32.08(1). On June 6, 2025, Mr. Albrecht sought, "[a]ll documents, reports, interviews, audio recordings, video recordings, and photographs in possession of the Department that directly relate to: Massachusetts State Police Internal Affairs Section Investigation #12-0037…"

The Department responded on June 26, 2025, assigning the request reference number P005962-060625. Unsatisfied with the response, Mr. Albrecht petitioned this office and this appeal, SPR25/1916, was opened as a result.

### *The Public Records Law*

The Public Records Law strongly favors disclosure by creating a presumption that all governmental records are public records. G. L. c. 66, § 10A(d); 950 C.M.R. 32.03(4). "Public records" is broadly defined to include all documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any agency or municipality of the Commonwealth, unless falling within a statutory exemption. G. L. c. 4, § 7(26).

It is the burden of the records custodian to demonstrate the application of an exemption in order to withhold a requested record. G. L. c. 66, § 10(b)(iv); 950 C.M.R. 32.06(3); see also Dist. Attorney for the Norfolk Dist. v. Flatley, 419 Mass. 507, 511 (1995) (custodian has the burden of establishing the applicability of an exemption). To meet the specificity requirement a custodian must not only cite an exemption, but must also state why the exemption applies to the withheld or redacted portion of the responsive record.

Allison Mondello                        SPR25/1916
Page 2
July 10, 2025

If there are any fees associated with a response a written, good faith estimate must be provided. See G. L. c. 66, § 10(b)(viii); see also 950 C.M.R. 32.07(2). Once fees are paid, a records custodian must provide the responsive records.

### *The Department's June 26th Response*

In its June 26, 2025 response, the Department stated, "[p]lease be advised the Public Records Unit process requests in the order they are received. Due to the high volume of requests we receive daily, we have not yet had a chance to process your request…"

### *Current Appeal*

In his July 2, 2025 petition to this office, Mr. Albrecht stated, "…[the Department] has not: provided any records; identified records…; provided specific legal exemptions for withholding; provided an itemized good faith estimate of fees, or; identified a reasonable timeframe for production…"

### *Timeframe for Providing Records*

G. L. c. 66, § 10(b) provides, in pertinent part, that if the magnitude or difficulty of a request unduly burdens the other responsibilities of the agency or municipality such that the agency or municipality cannot provide records within 10 business days, the agency or municipality must inform the requestor in writing within 10 business days. With respect to the timeframe to produce responsive records, the written response shall:

> identify a reasonable timeframe in which the agency or municipality shall produce the public records sought; provided, that . . . for a municipality the timeframe shall not exceed 25 business days following the initial receipt of the request for public records; and provided further, that the requestor may voluntarily agree to a response date beyond the timeframes set forth herein.

> G. L. c. 66, § 10(b)(vi).

Where Mr. Albrecht submitted his request on June 6, 2025, and the Department has not provided responsive records, I find the Department has not met its burden in responding to the request in accordance with G. L. c. 66, § 10(b). Consequently, the Department must provide an estimated date as to when it intends to complete the search and provide the responsive records. See G. L. c. 66, § 10(a) (records must be provided without unreasonable delay). To the extent possible, the Department must provide responsive records on a rolling basis.

### *Conclusion*

Accordingly, the Department is ordered to provide Mr. Albrecht with a response to the request, provided in a manner consistent with this order, the Public Records Law, and its Regulations within ten (10) business days. A copy of any such response must be provided to this

Allison Mondello                          SPR25/1916
Page 3
July 10, 2025

office. It is preferable to send an electronic copy of the response to this office at
pre@sec.state.ma.us. Mr. Albrecht may appeal the substantive nature of the Department's
response within ninety days. See 950 C.M.R. 32.08(1).

Sincerely,

Manza Arthur
Supervisor of Records

cc: Dana Albrecht