# The State of New Hampshire

**Rockingham County**                                   **10th Circuit – Brentwood Family Division**

**In the Matter of:**
**Patrick Szymkowski, Plaintiff v. Destinie Berard, Defendant**
**Case #618-2018-DV-00084**

## ORDER ON PLAINTIFF'S REQUEST FOR EXTENSION OF DOMESTIC VIOLENCE FINAL PROTECTIVE ORDER

On August 7, 2020, the Court held a hearing on the Plaintiff's request for an extension of the Final Order of Domestic Violence issued on July 11, 2018. Both parties were sworn in and testified, either directly or by Offer of Proof through counsel. A record was made of the hearing.

There is a final 173-B Order in place which prohibits the Defendant from contact with the Plaintiff, among other restraints. The Court extended the Protective Orders for an additional year on August 6, 2019, after a Contested Hearing. The Court made factual findings in its Order dated August 6, 2019, that the Defendant "skirted the Protective Order very closely by her frequent postings on social media." The Court found that her social media postings continued to reference her lost love and betrayal. Good cause was found to extend the Protective Order for a year.

On November 27, 2019, the Plaintiff filed a Motion for Contempt alleging that the Defendant had violated the terms of the existing Protective Order. The Court held a hearing on December 16, 2019, on the Motion for Contempt. After hearing, the Court found that the Plaintiff met his burden to show that the Defendant is continuing to skirt the Protective Order closely by altering an image he had sent to her prior to the Order being granted, while they were in a relationship, and posting it onto a public social media platform. This particular photograph was taken by the Plaintiff in the course of his employment, and neither he nor his employer had given permission to share or publish the photo, which is the property of his employer. The Plaintiff was candid that he had already faced discipline for sharing this photograph.

While the Court did not find the Defendant in contempt for the violation, the Court clarified the existing 173-B Order to include the following additional provision:

*The Defendant shall not use or publish any of the images the Plaintiff has documented for his employer, and shall destroy all such images that appear in her possession, whether the Plaintiff allowed her access, or whether she appropriated them from him. This Order is not intended to prohibit any legal or equitable requests for release that the Plaintiff or his employer may have against the Defendant in another forum.*

The Defendant argues that Plaintiff is only seeking a further extension of the restraining order to prohibit her from pursuing further criminal or civil actions against him or his employer. The Court is not persuaded. Nothing prohibits the Defendant from pursuing a legal claim or other action against the Plaintiff or the Plaintiff's employer, the Salisbury, MA Police Department, to the extent any such colorable claim may exist. The Defendant has not done so. Instead, Defendant elected to post a photograph of a booking photo of a woman, who is a stranger to her, on the Salisbury Chatter social media page with the caption, "Does anyone recognize this woman? If so could you please pm me." Defendant then responds to an inquiry about the photo saying, "[t]rying to find her...I think I may have something that belongs to her." Plaintiff credibly testified that, as evidence by her most recent posting, Defendant remains focused on harassing him, disrupting his life and job status, and that Defendant remains a threat to his well-being.

The Defendant also argues that she has complied with the most recent extension order because she was not found to be in contempt, and as such, there is insufficient evidence to support a further extension. The Court disagrees. Compliance with the previous order does not preclude a finding of good cause to extend it. See McPherson v. Weiner, 158 N.H. 6, 10-11 (2008).

In deciding to extend a protective order, a court evaluates whether good cause for the extension has been shown, and assesses whether current conditions are such that there is still a concern for the safety and well-being of the Plaintiff. In making this analysis, the Court reviews the circumstances giving rise to the original order, any violations of it, and any present and reasonable fear of the Plaintiff. Schirduan v. Schirduan, ___ NH ___ (decided 7/18/2018).

The Court finds that given the findings made in the original protective order, the violation in 2019, and the Defendant's continued skirting of the protective order which has occurred throughout the period of time that the protective orders have been in effect, and the Plaintiff's credible representation that he fears for his well-being, good cause exists to warrant a further extension of the protective order.

In light of the foregoing, the Court REAFFIRMS the Extension Order dated July 8, 2020.

**SO ORDERED.**

Dated: 8/14/2020

_Polly L. Hall_
Hon. Polly L. Hall, Judge