THE STATE OF NEW HAMPSHIRE

10th Circuit – District Division – Hampton

State v. Destinie L. Berard

441-2024-CR-00353

**Motion to Dismiss**

NOW COMES the Defendant, Destinie L. Berard, by and through her non-attorney representative Dana Albrecht, and respectfully moves this Court to dismiss the charge in the above-captioned matter pursuant to Rule 15 of the New Hampshire Rules of Criminal Procedure, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and Part I, Articles 10, 14, and 15 of the New Hampshire Constitution. In support thereof, the Defendant states as follows:

**I. Factual Basis**

1. The Defendant is charged with one count of violating RSA 173-B:9, in that she allegedly came within 300 feet of a protected party – Massachusetts Police Officer Patrick Szymkowski – at Saint Elizabeth of Hungary Mission Church, 1 Lowell Street, Seabrook, New Hampshire, in violation of a Final Order of Protection issued by the 10th Circuit – Family Division – Brentwood on July 8, 2020 by Judge Polly Hall.

2. This Final Order of Protection was granted, in part, based on materially false and perjurious testimony offered by Officer Szymkowski during a prior hearing on July 11, 2018, in New Hampshire Circuit Court.[1] At that hearing, Officer Szymkowski knowingly made the following false sworn statement:

---

[1] See *In re Szymkowski & Berard*, No. 618-2018-DV-00084 (N.H. Fam. Div. July 11, 2018) (Brentwood)

```
19            And this all -- things originated -- the
20   relationship -- prior to May 23rd.  And by my own admission,
21   it was a verbally tumultuous relationship, which one of her
22   episodes rose to the point where I became subject to an
23   Internal Affairs investigation, which I was cleared within
24   eight hours and back to work, without issue.  I have emails to
25   support that from my lieutenant as well.  It wasn't -- I lost
 1   my train of thought.  I apologize.  So all of these
 2   incidents -- once cleared from that.
 3            Every time there's an incident that rises to a manic
 4   state, I have to report it to my -- I report it to my
 5   superiors, in fear of losing my job, because of a baseless
 6   allegation.  And that is where -- I know prior, I had spoken
 7   to the Court where I was advised of the wellbeing element,
 8   which is required in order for -- one of the elements for this
 9   order to which I'm applying.  And it's continued on
10   throughout.
11            THE COURT:  Okay.
```

3. Despite that Officer Szymkowski testified that **"he was cleared within eight hours and back to work, without issue"** and that he had **"emails to support that from [his] lieutenant [Anthony King] as well,"** the reality is far different:

- Officer Szymkowski had been suspended without pay **for two days** (June 18–19, 2018) as a result of **substantiated misconduct.**

- He had signed a **disciplinary agreement** acknowledging that any future violations could result in termination.

- His sworn statement was **material** to the court's decision to issue subsequent civil protective orders against Ms. Berard.

4. Officer Szymkowski's disciplinary action **was the direct result of his own violations of Salisbury Police Department policies**, which arose from his abusive conduct toward Ms. Berard and various other third-party arrestees and Ms. Berard's reporting of that misconduct. Nevertheless, he falsely blamed Ms. Berard during sworn testimony for the disciplinary consequences he faced.

## II. Argument

### A. Governing Legal Standards for Dismissal

5. Under Rule 15 of the New Hampshire Rules of Criminal Procedure, a defendant may file pretrial motions, including motions to dismiss, to address legal issues prior to trial. Dismissal is appropriate when the prosecution is based on a civil order obtained through fraud or perjury, as such proceedings violate constitutional due process. See *State v. MacElman*, 154 N.H. 304, 307 (2006); *State v. Settle*, 122 N.H. 214, 215 (1982).

### B. Perjury and Fraud on the Court Render the Underlying Order Invalid

6. The Final Civil Order of Protection at issue is the product of fraud on the court. Officer Patrick Szymkowski knowingly provided materially false testimony under oath in the July 11, 2018 civil proceeding. His perjured testimony directly influenced the issuance of the civil order that later formed the basis of the July 8, 2020 order now at issue.

7. This pattern is analogous to the circumstances surrounding *State v. Kristin Ruggiero*, 163 N.H. 129 (2011), and *State v. Bisbee*, 165 N.H. 61 (2013), where the New Hampshire Supreme Court upheld convictions of individuals who fabricated evidence and gave false statements to obtain a civil protective order and instigate retaliatory criminal prosecutions.

8. Although the Supreme Court did not expressly discuss the consequences for the falsely accused target of the fabricated claims, this Court may take judicial notice of the fact that **Jeffrey Ruggiero**, Kristin Ruggiero's ex-husband, was originally prosecuted under *State v. Jeffrey Ruggiero*, No. 07-3055 (Exeter District Court), for violation of a civil protective order. That case was later **annulled** following the discovery of Kristin Ruggiero's fraud.

9.  Defendant's *Motion for Judicial Notice* of *State v. Jeffrey Ruggiero*, No. 07-3055 (Exeter District Court), filed concurrently with this pleading, is incorporated by reference herein, the same as if plead in full.

10. The legal system cannot permit a civil protective order obtained through perjury to serve as the basis for a valid criminal prosecution. Where the underlying civil order rests on a fraudulent foundation, the resulting criminal charge is constitutionally infirm and must be dismissed.

**C. Equal Protection: Ms. Berard Is Similarly Situated to Jeffrey Ruggiero**

11. Under the Equal Protection Clause of the Fourteenth Amendment and Part I, Article 10 of the New Hampshire Constitution, similarly situated individuals must be treated alike. See, e.g., *Opinion of the Justices*, 144 N.H. 374, 381 (1999); *State v. Pennoyer*, 65 N.H. 113 (1889); *State v. Lilley*, 171 N.H. 766 (2019); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The government may not selectively prosecute one victim of fabricated domestic violence allegations while declining to pursue justice against the party who perpetrated the fraud.

12. Destinie L. Berard is similarly situated to Jeffrey Ruggiero. Both were falsely accused by former partners who engaged in calculated deception and perjury to obtain civil protective orders. In Mr. Ruggiero's case, the State's eventual response was to annul the criminal charges against him. That course of action was both just and necessary.

13. Here, the same principle must apply. The appropriate response is not to prosecute Ms. Berard – who was targeted by a known abuser and falsely blamed for the discipline meted out to Officer Szymkowski by his employer for his substantiated official misconduct – but rather to investigate and, if warranted, prosecute the complainant who obtained judicial relief through perjury.

14. Selective prosecution under these facts violates equal protection and erodes public confidence in the impartial administration of justice.

**D. Due Process Requires Dismissal of the Charge Against Ms. Berard**

15. It is a violation of both state and federal due process to criminally prosecute a defendant based on an order procured through fraud. When judicial authority

is exercised based on falsehoods, any resulting prosecution becomes constitutionally defective. See U.S. Const. amend. XIV; N.H. Const. pt. I, art. 15.

16. Further prosecution under RSA 173-B:9, in this context, would deprive Ms. Berard of her liberty interest without lawful basis and perpetuate a pattern of injustice that began with materially false sworn statements.

### III. Conclusion

17. For the foregoing reasons, consistent with Part I, Articles 10, 14, and 15 of the New Hampshire Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, the charge against Ms. Berard should be dismissed.

WHEREFORE, Ms. Berard respectfully requests that the Court:

A) Dismiss the charge against her with prejudice pursuant to Rule 15 of the New Hampshire Rules of Criminal Procedure; and,

B) Take judicial notice of the proceedings in *State v. Jeffrey Ruggiero*, No. 07-3055 (Exeter District Court), including the fact that those charges were annulled; or,

C) Hold an evidentiary hearing on this motion if necessary; and,

D) Set forth the reasons for its decision in a written narrative order; and,

E) Grant such other and further relief as justice may require.

>Respectfully submitted,
>
>DESTINIE L. BERARD
>
>By her non-attorney representative,
>
>_____
>DANA ALBRECHT
>    *Per RSA 311:1*
>131 Daniel Webster Hwy #235
>Nashua, NH 03060
>dana.albrecht@hushmail.com
>(603) 809-1097

April 17, 2025

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion, has been sent first class, postage-prepaid, to:

John Ventura, Esq. (NH Bar #20569)
Seabrook Police Department
7 Liberty Lane
Seabrook, NH 03874

_____
DANA ALBRECHT

April 17, 2025