UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **DANA ALBRECHT,** ) | |
| *[DESTINIE L. BERARD]*[1] ) | |
| ) | |
| **Plaintiff(s)** ) | |
| v. ) | **Civil No. 1:25-cv-00093-SM-AJ** |
| ) | |
| **HON. JOHN PENDLETON,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

---

**PLAINTIFF(S)' OBJECTION TO MOTIONS TO EXTEND TIME
FILED BY STATE AND JUDICIAL DEFENDANTS**

---

NOW COME Plaintiff(s) and respectfully object to the State Defendants' Motion to Extend Time (ECF No. 44) and the Judicial Defendants' Motion to Extend Time (ECF No. 43). In support of this objection, Plaintiff(s) state as follows:

1. **Other defendants complied with deadlines or procedures.**

   - The New Hampshire Public Defender and Town of Seabrook Defendants timely filed responsive pleadings without requesting any extension.

   - The Town of Salisbury Defendants, by contrast, acted professionally, reaching out to Plaintiff(s) during the week before their deadline,

---

[1] Ms. Berard has filed a *Motion for Joinder* (ECF No. 24) that is presently pending.

conferring regarding an extension, and filing an assented-to motion in compliance with Local Rule 7.1.

2. **The NH DOJ attorneys failed to confer or communicate.**

   - The NH DOJ attorneys, representing both the Judicial Defendants and State Defendants, never contacted Plaintiff(s) to seek assent, despite having over two weeks to do so since the Amended Complaint ([ECF No. 39](#)) was filed on June 20, 2025.

   - Instead, they filed their motions on the last possible day (July 7, 2025) stating that because it was the deadline, they had not sought assent. This pattern reflects not an isolated oversight, but rather a consistent refusal to communicate with Plaintiff(s) under any circumstances throughout the pendency of this action.

3. **There is an imminent state criminal trial creating extreme prejudice.**

   - Ms. Berard is scheduled for trial in *State v. Berard*, No. 441-2024-CR-00353, on July 17, 2025 at 9:00 AM in Hampton District Court. *See* Notice of Supplemental Authorities ([ECF No. 47](#)) and attached Exhibit 7 ([ECF No. 47-7](#)).

   - The Amended Complaint (Count XVII) seeks declaratory and injunctive relief on the grounds that [RSA 173-B:9](#) is unconstitutional as-applied, and requests an injunction to prevent further prosecution of Ms. Berard.

4. ***Younger* abstention does not apply.**

   - The NH state courts do not provide an adequate opportunity to raise these constitutional issues. Indeed, as detailed in the Amended Complaint ([ECF No. 39](#)), the New Hampshire Supreme Court has explicitly declined to

hear these federal constitutional claims. *Younger v. Harris,* 401 U.S. 37 (1971), therefore does not bar this Court's intervention.

5. **The requested extensions are unfairly prejudicial.**

- Granting the requested 21-day extensions (to July 28, 2025) would force Ms. Berard to trial before Defendants' federal responses are even due, nullifying the injunctive relief requested and causing irreparable harm.

WHEREFORE, Plaintiff(s) respectfully request that this Court:

A) Deny the State Defendants' Motion to Extend Time (ECF No. 44) and Judicial Defendants' Motion to Extend Time (ECF No. 43) in their entirety; or

B) In the alternative, grant only such limited extension as the Court deems just and proper, provided it does not unfairly prejudice Plaintiff(s) by delaying any responsive pleading beyond the scheduled July 17, 2025 state trial date; and

C) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
DANA ALBRECHT
   *Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
dana.albrecht@hushmail.com

July 11, 2025

**CERTIFICATE OF SERVICE**

I, Dana Albrecht, certify that a copy of this Objection has been served on all parties of record via the CM/ECF system.

_____
DANA ALBRECHT

July 11, 2025.