UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANA ALBRECHT,<br>    Plaintiff<br><br>v.<br><br>JUDGE JOHN PENDLETON, solely in his official capacity as a Judge of the New Hampshire Circuit Court;<br><br>REFEREE SCOTT MURRAY, solely in his official capacity as a referee pursuant to N.H. Rev. Stat.§ 490-F:15 for the State of New Hampshire;<br><br>JUDGE ELLEN CHRISTO, solely in her official capacity as the Administrative Judge of the New Hampshire Circuit Court, and her successor(s) in office;<br><br>CHIEF JUSTICE GORDON MACDONALD,<br>JUSTICE JAMES P. BASSETT, JUSTICE ANNA BARBARA HANZ MARCONI, JUSTICE PATRICK E. DONOVAN, JUSTICE MELISSA COUNTWAY, solely in their official capacities as justices of the New Hampshire Supreme Court, and their successor(s) in office;<br><br>ERIN CREEGAN, solely in her official capacity as General Counsel of the New Hampshire Judicial Branch, and her successor(s) in office,<br><br>TRACY MEYER, solely in her official capacity as the Clerk of the 10th Circuit District Court, Hampton, New Hampshire, and her successor(s) in office;<br><br>**(continued on next page)** | Civil Action No. 1:25-CV-00093 |

1

THE 24 MEMBERS OF THE
NEW HAMPSHIRE JUDICIAL COUNCIL,
solely in their official capacities as
members of the council, and their
successor(s) in office;

CHARLES M. ARLINGHAUS, solely in his
official capacity as Commissioner at the
New Hampshire Department of
Administrative Services, and his
successors(s) in office;

THE NEW HAMPSHIRE PUBLIC
DEFENDER; a 501(c)(3) corporation;

JOHN FORMELLA, solely in his official
capacity as Attorney General of the State
of New Hampshire, and his successor(s) in
office;

JOHN VENTURA, solely in his official
capacity as Police Prosecutor for the Town
of Seabrook, New Hampshire, and his
successor(s) in office;

DANIEL LAWRENCE, solely in his official
capacity as Sergeant for the Seabrook
Police Department, and his successor(s)
in office;

KASSANDRA STORMS a/k/a
KASSANDRA KAMINSKI, solely in her
official capacity as a patrol officer for the
Seabrook Police Department, and her
successor(s) in office;

THE TOWN OF SEABROOK, a municipal
corporation in New Hampshire;

**(continued on next page)**

> THOMAS W. FOWLER, solely in his official capacity as Chief of Police for the Town of Salisbury, Massachusetts, and his successor(s) in office;
>
> ANTHONY KING, solely in his official capacity as former Lieutenant of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office;
>
> PATRICK SZYMKOWSKI, solely in his official capacity as a patrol officer of the Police Department for the Town of Salisbury, Massachusetts, and his successor(s) in office;
>
> THE TOWN OF SALISBURY, a municipal corporation in Massachusetts,
>
>     Defendants

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

**I.    INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), this Memorandum is submitted in support of the Defendants', Town of Salisbury, Thomas W. Fowler, Patrick Szymkowski, and Anthony King (hereinafter referred to as the "Salisbury Defendants"), Motion to Dismiss Plaintiffs' Amended Complaint in its entirety.

The Salisbury Defendants adopt and incorporate the factual recitation of United States Magistrate Judge Andrea K. Johnstone's Report and Recommendation (Doc. No. 12), repeating herein the facts necessary to provide the context to this motion. To the extent that the Plaintiff impleads claims that Destinie Berard may or may not hold against any of the Defendants, her facts

3

are not repeated herein. The Salisbury Defendants only include the facts applicable to the Plaintiff, Dana Albrecht.

Mr. Albrecht, who is representing himself in this matter, filed a complaint (Doc. No. 1) against numerous defendants, including several New Hampshire judges and court officials as well as state officials and police officers in the Towns of Seabrook, New Hampshire and Salisbury, Massachusetts. The Salisbury Defendants filed a motion to dismiss (Doc. No. 34) and Plaintiff responded by filing an Amended Complaint. (Doc. No. 39). The Amended Complaint does not change the allegations against the Salisbury Defendants.

This case stems from a criminal case in New Hampshire Circuit Court brought against a non-party to this suit, Destinie Berard, a Massachusetts resident. According to the complaint, Berard was physically abused in 2018 by defendant Patrick Szymkowski[1], a Salisbury, Massachusetts patrol officer. On May 30, 2018, Szymkowski sought and received a domestic violence protective order against Berard in New Hampshire, after being denied similar relief in Massachusetts. Mr. Albrecht claims that the order was based on Szymkowski's false testimony, aided by members of the Seabrook Police Department. He further alleges that, in 2022, New Hampshire authorities – including prosecutors and the New Hampshire Attorney General – prosecuted Berard for violating the protective order in order to intimidate Berard.

Ms. Berard was arrested on a warrant on March 15, 2024, by the Seabrook Police, which charges were scheduled for a jury trial on November 13, 2024, but the trial was continued. The Plaintiff in this case, Dana Albrecht, who is not a lawyer, entered an emergency appearance on behalf of Ms. Berard under N.H. Rev. Stat. § 311:1. Two scheduling orders have issued in that case

[1] An allegation which is denied, but repeated herein for the sake of the instant motion's analysis.

since that date, one on February 13, 2025, and the other on March 13, 2025. The Amended Complaint indicates that Mr. Albrecht filed a motion for withdrawal on April 24, 2025, which was not docketed with the 10th Circuit Hampton Court. As of May 27, 2025, according to the allegations of the Amended Complaint, a professional private criminal defense attorney has appeared on behalf of Ms. Berard.

Plaintiff does not allege any facts of any incidents or interactions between himself and any of the Salisbury Defendants. Despite this, Plaintiffs bring the following counts for relief, only two of which appears to be against the Salisbury Defendants:

**Count XIII**   **First Amendment Claims Against Salisbury Police Defendants**
*Against Salisbury Police Officer Patrick Szymkowski*

**Count XIV**   **Monell Claim Against Massachusetts Law Enforcement Defendants**
*(Monell Claim – First and Fourteenth Amendments – Free Speech; Free Exercise; Petition Clause; Due Process)*
*Against the Massachusetts Law Enforcement Defendants*

Plaintiff does not have standing to bring claims against the Defendants', Town of Salisbury, Thomas W. Fowler, Patrick Szymkowski, or Anthony King. The Plaintiff's claim against the Salisbury Defendants is time barred. Otherwise, the sole claim he has brought against them is without merit.

## II. STANDARD OF REVIEW[2]

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A mere recital of the legal elements supported only by conclusory statements is not sufficient to state a cause of action. Id. at 555. Statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action must be disregarded. Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 4 (1st Cir. 2011).

## III. ARGUMENT

The Plaintiff does not have standing to bring claims against the Defendants', Town of Salisbury, Thomas W. Fowler, Patrick Szymkowski, or Anthony King. The Plaintiff's claim against the Salisbury Defendants is time barred. Otherwise, the sole claim he has brought against them is without merit.

> ### A. THE PLAINTIFF DOES NOT HAVE STANDING TO BRING A CLAIM AGAINST THE TOWN OF SALISBURY, THOMAS W. FOWLER, PATRICK SZYMKOWSKI, OR ANTHONY KING.

The Salisbury Defendants repeat and incorporate the discussion within Magistrate Judge Johnstone's Report and Recommendation (Doc. No. 12) as if fully stated herein, as their argument

---

[2] As a general rule, a court may not consider documents outside of the pleadings without converting a motion to dismiss into one for summary judgment. Watterson v. Page, 987 F.2d 1 (1st Cir. 1993). Exceptions to this rule exist, however, "for documents the authenticity of which are not disputed by the parties; for official records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. "The problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff . . . Where [the] plaintiff has actual notice . . . and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, 503 U.S. 960, 118 L. Ed. 2d 208, 112 S. Ct. 1561 (1992).

on why Plaintiff does not have standing to bring a claim against the Town of Salisbury, Thomas W. Fowler, Patrick Szymkowski, or Anthony King.

### B. THE PLAINTIFF'S COUNTS XIII AND XIV AGAINST THE TOWN OF SALISBURY, THOMAS W. FOWLER, PATRICK SZYMKOWSKI, AND ANTHONY KING ARE TIME BARRED.

The Complaint allegations against the Salisbury Defendants are alleged to have occurred in 2018. In New Hampshire, the statute of limitations for a Section 1983 claim is three years. *See* N.H. Rev. Stat.§ 508:4, which sets the time limit for all personal injury actions, including those under Section 1983. In light of the factual circumstances set out in the complaint, "plaintiff cannot circumvent the accrual rule articulated in Nieves and Hernandez Jimenez through a conspiracy theory of liability." Kennedy v. Town of Billerica, 502 F. Supp. 2d 150, 156 (D. Mass. 2007) citing Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001); Hernandez Jimenez v. Calero Toledo, 576 F.2d 402, 404 (1st Cir. 1978). As is explained in the lower court's decision in Nieves, which the First Circuit affirmed, the "limitation period for the conspiracy's first object, namely, the use of excessive force and arrest without probable cause, accrued on the date of the plaintiffs' arrest." Nieves v. McSweeney, 73 F. Supp. 2d 98, 103 (D. Mass. 1999), aff'd, 241 F.3d 46 (1st Cir. 2001).

Much of what Plaintiff asserts against the Town of Salisbury, Thomas W. Fowler, Patrick Szymkowski, and Anthony King is alleged to have occurred in 2018. (See Compl. at ¶¶ 29-41). Plaintiff makes no allegations against Chief Fowler or Lt. King otherwise. Each of these claims are time barred.

Plaintiff's allegations against Officer Szymkowski, as it relates to his obtaining an order of protection under N.H. Rev. Stat. § 173-B in 2018, is also reliant upon a faulty premise. The time for Berard to challenge whether or not an order should have issued was in 2018, when Szymkowski's petition was pending. The Amended Complaint appears to admit that Berard did not appear at the

7

hearing, and it also admits that an order issued. Plaintiff's attempt to explain away the order by making allegations that suggest it is not valid is unavailing. A valid order of protection issued under N.H. Rev. Stat. § 173-B in 2018. If Berard (not Albrecht) felt the order was invalid for one reason or another or that it should cease to apply, there are statutory procedures she could utilize to challenge the order.

The only allegations against the Salisbury Defendants in the Amended Complaint occurring at any later date are made against Officer Szymkowski where the Complaint alleges that in 2022, Officer Szymkowski accused Berard of violating the restraining order for attending a church service. (Am. Compl. at ¶ 131). According to the allegations, he emailed Seabrook Police Sergeant Daniel Lawrence to inform him that the Massachusetts charge for violation of the restraining order against Ms. Berard had been dismissed. (Am. Compl. at ¶ 133). These allegations do not save the untimeliness of the 2018 allegations. Kadar Corp. v. Milbury, 549 F.2d 230, 234 (1st Cir. 1977) ("cause of action for each invasion of the plaintiff's interest" arises at the "time of that invasion and . . . applicable statute of limitations" runs "from that time," a principle that applies to "civil conspiracies to violate the federal civil rights").

### C. THE PLAINTIFF'S COUNT XIII AGAINST PATRICK SZYMKOWSKI IS WITHOUT MERIT.

As indicated, Plaintiff Dana Albrecht's arguments regarding the order of protection that issued for Szymkowski in 2018 is reliant upon the faulty premise that it is an invalid order. Szymkowski holds a valid and duly issued order of protection against Ms. Berard, originally issued in 2018. That Albrecht believes, seven years later, that the order should not have issued does not change the fact that it did. Relying solely on his belief that the order should not have issued, Albrecht's Amended Complaint actually appears to admit that Ms. Berard was in violation of the order by attending a church service at which Szymkowski was in attendance. He minimizes the

violation but, again, it does not matter that Albrecht believes Ms. Berard's violation was nonviolent or whether she posed a legitimate threat to Szymkowski. The Amended Complaint admits a violation of the order and, astonishingly, attempts to bring a First Amendment claim against Szmkowski for his exercising his constitutional right to petition the courts for redress. Powell v. Alexander, 391 F.3d 1, 16 (1st Cir. 2004)("our constitutional system gives every citizen the right to seek redress in the courts . . . without fear that recourse to the law will make that citizen a target for retaliation."). Otherwise, the specific allegation against Szymkowski that Albrecht makes from 2022 is that in an email exchange on November 14, 2022, he informed a Sergeant of the Seabrook Police Department that the Massachusetts charge for violation of the restraining order had been dismissed. It is quite clear that Szymkowski did not violate Albrecht's rights under the First Amendment.

When considering a First Amendment retaliation claim, a court first must examine whether the plaintiff has spoken (a) "as a citizen" and (b) "on a matter of public concern." Curran v. Cousins, 509 F.3d 36, 45 (1st Cir. 2007) (citing Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)). Plaintiff's Amended Complaint also fails to plead facts to support any of these basic elements. Albrecht has not spoken as a citizen on a matter of public concern, particularly as it relates to the Salisbury Defendants.

A First Amendment retaliation claim also requires plausible allegations that (1) Albrecht engaged in constitutionally protected conduct, (2) he was subjected to an adverse action, and (3) the protected conduct was a substantial or motivating factor in the adverse action. Gattineri v. Town of Lynnfield, Massachusetts, 58 F.4th 512, 514–15 (1st Cir. 2023). Albrecht did not engage in any conduct with relation to Szymkowski or any of the Town of Salisbury Defendants. Nor was he subject to any adverse action. Further analysis of the third element would be illogical given the complete dearth of any occurrence between Albrecht and the Salisbury Defendants.

To the extent the claim is not dismissed on other grounds, it must be dismissed on the merits.

### D.    THE PLAINTIFF'S COUNT XIV CLAIM AGAINST THE TOWN OF SALISBURY, THOMAS W. FOWLER, PATRICK SZYMKOWSKI, OR ANTHONY KING IS ALSO WITHOUT MERIT.

Plaintiff's Count XIV is a Monell claim premised on alleged underlying violations of the First and Fourteenth Amendments. He identifies free speech, free exercise, the petition clause, and due process as the rights implicated, but he fails to support his claim with any factual allegations purporting to show that his rights were infringed in any way. It appears that Plaintiff has pled a Monell cause of action particularly because Chief Fowler, Lt. King, and Officer Szymkowski are sued solely in their official capacities.

It is well established that "[a] municipality cannot be held liable solely because it employs a tortfeasor. . . ." Monell v. Dept. of Soc. Servs. of the City of N.Y., 468 U.S. 658, 691 (1978). Instead, municipal liability "attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986). As the First Circuit has noted: "The Supreme Court, concerned that municipal liability based on fault by the City might collapse into de facto *respondeat superior*, has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005).

"Where, as here, no official policy has been identified, a plaintiff may also obtain judgment based on practices by the municipality 'so permanent and well settled as to constitute a custom or usage with the force of law.'" Schand v. City of Springfield, 380 F. Supp. 3d 106, 131 (D. Mass. 2019) (Ponsor, J.) (quoting Monell, 439 U.S. at 691). Municipal liability "grounded upon an unconstitutional municipal custom" must meet a two-part test:

> First, the custom or practice must be attributable to the municipality. In other words, it must be *so well settled and widespread* that the *policymaking officials* of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice. Second, the custom must have been the cause of and the moving force behind the deprivation of constitutional rights.

Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989) (emphasis added). Very similar to the problems the Plaintiff faces with standing, his Complaint makes no allegations that Chief Fowler, Lt. King, or Ofc. Szymkowski did anything towards him or involving him at all. Even accepting that Mr. Albrecht was Ms. Berard's attorney-in-fact as of November 13, 2024, there are no factual allegations against the Salisbury Defendants that they engaged in any actions which violated *his* rights to free speech, free exercise, petition, or due process. Where there is no underlying violation, Plaintiff's Monell claim fails. Lachance v. Town of Charlton, 990 F.3d 14, 31 (1st Cir. 2021).

Plaintiff's claim also fails because he has made no Monell allegations. He makes one conclusory allegation on this issue:

> 360.   Massachusetts Law Enforcement Defendants, acting under color of state law have an unconstitutional policy, custom, or practice of weaponizing protective orders and criminal prosecutions to harass and intimidate individuals.

(Am. Compl. at ¶ 360). Even at the pleadings stage, a Plaintiff must make specific factual allegations supporting his claim of unconstitutional policy, custom, or practice. It is too vague and conclusory to simply recite the Monell phrase without making factual allegations in support of the alleged unconstitutional policy, custom, or practice. Lath v. City of Manchester, 2018 U.S. Dist. LEXIS 64167, *6 (D.N.H. April 17, 2018). The Plaintiff must make allegations tending to support his claim that a custom or practice exists beyond pointing to single instance of the alleged underlying violations. Bordanaro, supra. This is the fundamental distinction between Monell and the

11

doctrine of *respondeat superior*. Where there are no such allegations in the Plaintiff's Complaint, it is deficient as a matter of law for this reason as well.

IV. **CONCLUSION**

WHEREFORE, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Defendants' Town of Salisbury, Thomas W. Fowler, Patrick Szymkowski, and Anthony King, respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint in its entirety. If the Court so finds that dismissal in the entirety is not proper, the Defendants request dismissal in part as the Court sees fit.

                                        Respectfully submitted,
                                        Town of Salisbury, Thomas W. Fowler,
                                        Patrick Szymkowski and Anthony King,

                                        By their attorney,

                                        */s/Liam Scully*
                                        Liam D. Scully
                                        Scully & Lagos
                                        Ten Post Office Square
                                        Suite 1330
                                        Boston, MA 02109
                                        (617) 307-5056
                                        N.H. Bar No. 16875

                                        */s/ Joseph A. Padolsky*
                                        Joseph A. Padolsky (BBO# 679725)
                                        Douglas I. Louison (BBO# 545191)
                                        Louison, Costello, Condon & Pfaff, LLP
                                        Ten Post Office Square, Suite 1330
                                        Boston, MA 02109
                                        jpadolsky@lccplaw.com
                                        dlouison@lccplaw.com
                                        (617) 439-0305

Dated:   July 14, 2025

**Certificate of Service**

Case 1:25-cv-00093-SM    Document 50    Filed 07/14/25    Page 13 of 13

13

     I, Joseph A. Padolsky, hereby certify that on this date a copy of the foregoing filing was forwarded to counsel of record, via ECF.

                                                                       /s/*Joseph A. Padolsky*
                                                                       Joseph A. Padolsky

Dated:  July 14, 2025, 2025