UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **DANA ALBRECHT,**  )<br>*[DESTINIE L. BERARD]*[1]  )<br>  )<br>    **Plaintiff(s)**  )<br>  v.  )<br>  )<br>**HON. JOHN PENDLETON,** *et al.*,  )<br>  )<br>    **Defendants.**  )  | Civil No. 1:25-cv-00093-SM-AJ |

---

**PLAINTIFF(S)' OBJECTION TO
MOTION TO STRIKE AMENDED COMPLAINT (ECF No. 40)**

---

NOW COME Plaintiff(s) and respectfully object to the Seabrook Defendants' Motion to Strike (ECF No. 40). The motion should be denied in its entirety. In further support thereof it is stated:

1. **The Amended Complaint Was Timely Filed Pursuant to Court Order**

   - On June 6, 2025, Plaintiff(s) filed a Motion for Extension of Time to File an Amended Complaint (ECF No. 38), requesting a deadline of June 20, 2025. This Court granted that motion in full. Accordingly, Plaintiff(s)' Amended Complaint (ECF No. 39), filed on June 20, 2025, was timely.

---

[1] Ms. Berard has filed a *Motion for Joinder* (ECF No. 24) that is presently pending.

- The Seabrook Defendants' assertion that leave to amend was required is plainly wrong and contradicted by the record. The filing was expressly authorized by the Court's order.

2. **Plaintiff(s) Have Standing to Assert Their Respective Claims**

    - Plaintiff Dana Albrecht has alleged concrete, particularized injuries arising from constitutional violations in his own family court proceedings, including judicial misconduct, falsified transcripts, and unconstitutional restrictions on his religious liberty and speech. These claims are pled in detail and supported by numerous exhibits.

    - Proposed Plaintiff Destinie L. Berard has filed a Motion for Joinder (ECF No. 24), which remains pending. Ms. Berard's claims arise from distinct, personal injuries—namely, her unlawful arrest, malicious prosecution, and incarceration by Seabrook Defendants. These are not third-party claims, and she is not a "represented client" for standing purposes. She is seeking joinder as a named plaintiff asserting her own rights.

3. **The Seabrook Defendants Lack Standing to Strike Claims Not Brought Against Them**

    - Even if the Seabrook Defendants dispute certain allegations, they may only challenge the claims specifically brought against them. It is procedurally improper for them to request that the **entire** complaint be stricken, including claims directed solely at other parties such as the New Hampshire Judicial Branch, the NH Public Defender, or Massachusetts officials.

    - To the extent the Seabrook Defendants contend that individual claims against them are deficient, the proper procedure is a Rule 12(b)(6) motion

to dismiss—not a sweeping motion to strike all pleadings under Rule 15 or Rule 8.

4. **The Amended Complaint Complies With Rule 8 and Pleads Colorable Claims**

   - The Amended Complaint sets forth discrete claims in numbered paragraphs, organized under a clear Table of Contents. While lengthy, the complaint provides a well-structured factual and legal basis for each of the 17 asserted Counts. Given the number of defendants, constitutional violations alleged, and interjurisdictional context, the length is both reasonable and necessary.

   - Federal courts routinely accept longer pleadings in complex civil rights litigation. For example, the amended complaint recently filed in *President & Fellows of Harvard Coll. v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-11472-ADB (D. Mass.), spans over 100 pages. See ECF No. 54.

   - Plaintiff(s) appear *pro se* and have made good-faith efforts to present their claims with clarity and precision. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed").

5. **Younger Abstention Does Not Bar This Action**

   - Plaintiff(s) expressly addressed the *Younger* doctrine at ¶¶ 205–206 of the Amended Complaint. The facts pled establish that the New Hampshire courts have refused to provide meaningful pretrial review—particularly in Ms. Berard's case, where the NH Supreme Court declined to permit interlocutory appeal and the trial court denied all constitutional motions. No adequate or timely forum exists in state court. *Younger v. Harris*, 401 U.S. 37 (1971).

   - Moreover, Plaintiff(s) seek prospective declaratory and injunctive relief to remedy ongoing structural constitutional defects in New Hampshire's

- judicial system, indigent defense system, and prosecutorial conduct. This case fits squarely within the well-established exceptions to *Younger* abstention, including bad-faith prosecution and systemic due process violations. *[Middlesex County Ethics Comm. v. Garden State Bar Assn., 457 U.S. 423 (1982)](#)*.

- Plaintiff(s) are not asking this Court to enjoin or overturn any final state court judgment, but rather to prospectively remedy unconstitutional practices that have no meaningful avenue for redress in New Hampshire state courts.

WHEREFORE, Plaintiff(s) respectfully request that this Court:

A) Deny the Seabrook Defendants' Motion to Strike (ECF No. 40); and

B) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
DANA ALBRECHT
    *Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
[dana.albrecht@hushmail.com](mailto:dana.albrecht@hushmail.com)

July 15, 2025

- 5 -

## **CERTIFICATE OF SERVICE**

I, Dana Albrecht, certify that a copy of this Objection has been served on all parties of record via the CM/ECF system.

_____
DANA ALBRECHT

July 15, 2025.