UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Dana Albrecht

    v.                                                  Case No. 25-cv-93-SM
                                                    Opinion No. 2025 DNH 089
Judge, N.H. Circuit Court, et al.


O R D E R

Pro se plaintiff Dana Albrecht brought suit against New Hampshire state judges and court officials as well as state officials and police officers in the towns of Seabrook, New Hampshire, and Salisbury, Massachusetts, alleging claims on behalf of Destinie Berard, who is not a party. Doc. no. 1. On preliminary review, the magistrate judge recommended that the case be dismissed for lack of jurisdiction because Albrecht lacked standing to bring the claims. Doc. no. 12. Berard moved to join Albrecht's suit as a plaintiff. Doc. no. 24. Albrecht did not file an objection to the report and recommendation of dismissal, and instead he sought leave to file an amended complaint, which the court granted. Doc. no. 36.

In the order granting leave to file an amended complaint, the court set June 6, 2025, as the deadline for filing. Doc. no. 36, at 2. Albrecht did not file the amended complaint until June 20, 2024. Doc. no. 39. The amended complaint includes

seventeen counts and 388 paragraphs over 69 pages in clear violation of Federal Rule of Civil Procedure 8(a).

More importantly, Albrecht is the only plaintiff bringing the amended complaint. As in the original complaint, he continues to assert legal claims on behalf of a non-party, Destinie Berard. These circumstances again call into question the court's subject matter jurisdiction, a preliminary matter that must be resolved before proceeding. Boniface v. Viliena, No. 24-1411, 2025 WL 2027845, at *6 (1st Cir. July 21, 2025) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (internal quotation marks omitted)). For the following reasons, the court dismisses the case for lack of subject matter jurisdiction.

### A. Representation

In identifying himself as a party in the amended complaint, Albrecht states that he "is not a licensed attorney. However, he is a citizen of good character who entered an emergency appearance under N.H. Rev. Stat. § 311:1 solely to assist Ms. Destinie L. Berard in obtaining court-appointed counsel and to prevent an unfair trial in a New Hampshire state court proceeding under N.H. Rev. Stat. § 173-B." Doc. no. 39, ¶ 6. To the extent Albrecht intends to proceed in this lawsuit by

representing Berard, that status would not make him a party. And, Berard is not a party. Further, as a pro se non-attorney he can only represent himself. LR 83.2(d); Nicolosi v. New Hampshire Supreme Ct., No. 19-CV-1142-PB, 2019 WL 7039620, at *2 (D.N.H. Nov. 13, 2019), report and recommendation adopted sub nom. Nicolosi v. Hicks, No. 19-CV-1142-PB, 2019 WL 7037666 (D.N.H. Dec. 19, 2019).

B. Parties

Albrecht filed the original complaint. Berard then filed a motion to join the action as a plaintiff before Albrecht filed the amended complaint. Doc. no. 24. That motion remained pending when the amended complaint was filed. The amended complaint superseded the original complaint, which Berard previously moved to join. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case"). As a result, the motion to join the original complaint is now moot.

Berard is not a plaintiff in this action. The amended complaint was Berard's opportunity to seek relief as a party in this case. Albrecht included Berard's name in brackets after his name in the caption of the amended complaint and referenced

her prior motion to join the original complaint.  In describing Berard as a party, Albrecht alleged that he previously represented her in state court proceedings.  Importantly, Berard did not sign the amended complaint.

In addition, for the reasons stated below, Albrecht does not have standing to bring the claims he alleges in the amended complaint.  As a result, the court lacks jurisdiction in this case.  Even if Berard were to move to join the amended complaint, she cannot join a case over which the court lacks jurisdiction.  Berard is not a party, and her earlier motion to join is terminated as moot.

### C. Subject Matter Jurisdiction

As noted in the previously filed report and recommendation, federal courts may only decide actual cases or controversies, see U.S. Const. art. III § 2, and one element of that requirement is that a plaintiff must demonstrate standing to invoke the court's jurisdiction.  Doc. no. 12, at 3-4 (citing Hollingsworth v. Perry, 570 U.S. 693, 704 (2013)).  Standing requires that "the plaintiff must have suffered an injury in fact — a concrete and imminent harm to a legally protected interest, like property or money — that is fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." Biden v. Nebraska, 600 U.S. 477, 489 (2023).

4

Importantly, "[a]dditional prudential limitations on standing may exist even though the Article III requirements are met because the judiciary seeks to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to those litigants best suited to assert a particular claim." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985).

All of Albrecht's seventeen counts seek remedies for Berard. Although he mentions "Mr. Albrecht's case" in the counts seeking to invalidate RSA 173-B:3, that claim is neither sufficiently developed[1] nor appropriately raised in this context.[2] Albrecht lacks standing to bring claims on Berard's behalf and asserts no claims on his own behalf. Doc. 12, at 5-6.

---

[1] See Appleton v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 24-1952, 2025 WL 2115436, at *10 (1st Cir. July 29, 2025) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")).

[2] To the extent Albrecht, himself, has an ongoing state court case involving RSA 173-B:5, that is the appropriate forum to challenge the validity of the statute. If his case has concluded unsuccessfully for him, an attack on the judgment would likely be barred by the Rooker-Feldman doctrine and his remedy would likely be limited to an appeal within the state court system and ultimately to the United States Supreme Court. See 28 U.S.C. § 1257; Klimowicz v. Deutsche Bank Natl Trust Co., 907 F.3d 61, 64-65 (1st Cir. 2018); Davison v. Gov't of P.R.-P.R. Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006).

Anticipating a problem with standing, Albrecht included a section in the amended complaint to address his Article III standing. Doc. no. 39, at 42-46. There he argues that his injuries all arose from representing Berard in the state court proceeding. As the court previously concluded, however, Albrecht chose to provide representation and could have declined to do so. Doc. no. 12, at 6-7. Further, the rights he asserts arising from that proceeding are Berard's rights, not his own. Therefore, Albrecht alleges no injury-in-fact to him that is actionable in this case.

Albrecht lacks standing to bring the claims alleged in this case, and the court lacks subject matter jurisdiction over it. As a result, the case must be dismissed.

## Conclusion

For the foregoing reasons, the case is dismissed for lack of subject matter jurisdiction without prejudice to Destinie Berard. The report and recommendation (doc. no. 12) is terminated as moot. Berard's motions for joinder (doc. no. 24) and to participate in electronic filing (doc. no. 25) are denied as moot. Defendants' motions to extend time, to dismiss, and to strike (doc. nos. 31, 34, 35, 40, 41, 42, 43, 44, 49, 54, 55, & 56) are terminated as moot.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

August 8, 2025

cc: Dana Albrecht, pro se
    Counsel of Record