# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Dana Albrecht,           )
                               )
         Plaintiff(s)     )
     v.                   )     Civil No. 1:25-cv-00093-SM-AJ
                               )
Hon. John Pendleton, et al.,    )
                               )
        Defendants.    )

---

## MOTION FOR CLARIFICATION

---

NOW COMES Plaintiff Dana Albrecht and respectfully moves for clarification of this Court's August 8, 2025 Order (ECF No. 57), and in support thereof states:

1. On April 17, 2025, Ms. Destinie L. Berard filed a *Motion for Permissive Joinder* (ECF No. 24), bearing her original handwritten signature and notarized by a Massachusetts Notary Public.

2. That same day, Ms. Berard also filed a *Motion to Participate in Electronic Filing* (ECF No. 25), likewise bearing her original handwritten signature.

3. On August 8, 2025, this Court issued an Order (ECF No. 57) denying both of Ms. Berard's motions.

4. The last page of the Order indicates that notice was sent only to "Dana Albrecht, pro se" and "Counsel of Record." It is unclear whether Ms. Berard received any direct notice of the Court's ruling.

5. The Court should clarify whether it intends to notify Ms. Berard of its ruling, and if so, by what means. *Cf. Jones v. Flowers*, 547 U.S. 220 (2006) (holding that due process requires the government to take reasonable steps to ensure actual notice before depriving a person of property).

6. If the Court does not intend to notify Ms. Berard electronically via her own CM/ECF account, then its denial of her electronic filing motion is not moot. It remains a live controversy under:

   • The voluntary cessation doctrine. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); and

   • The exception for issues "capable of repetition, yet evading review," *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911).

7. The Court's Order (ECF No. 57 at 5) asserts that "Albrecht… asserts no claims on his own behalf," yet also contains a footnote (n.2) speculating on the procedural posture of "Mr. Albrecht's case" in state court. Specifically, clarification is requested as to:

   • Why the Court's footnote concerning "Mr. Albrecht's case" is relevant;

   • Whether the Court had subject-matter jurisdiction to issue any findings or commentary concerning Mr. Albrecht's separate state proceeding, or whether such comments were made in the "clear absence of all jurisdiction over the subject-matter" *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023); and

   • Whether those comments constitute "judicial acts" within the meaning of *Gibson*, which would implicate judicial immunity only if made in a proceeding over which the Court properly had subject-matter jurisdiction.

8. *Arguendo*, Plaintiff respectfully requests clarification as to whether the Court's footnote concerning "Mr. Albrecht's case" constitutes an impermissible advisory opinion. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy."); *Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("The oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.").

9. Federal courts may not issue legal conclusions on hypothetical or non-justiciable questions not presented by a live controversy between adverse

parties. If the Court lacks jurisdiction over the subject matter of "Mr. Albrecht's case," then any statements about it should be stricken as improper.

10. Finally, pleadings filed by pro se litigants should be construed so "as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89 (2007).

WHEREFORE, Plaintiff(s) respectfully requests that this Court:

A) Construe this pleading so as to do substantial justice; and,

B) Clarify its August 8, 2025 Order consistent with ¶¶ 1-10, *supra*;

C) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
dana.albrecht@hushmail.com

August 11, 2025

## CERTIFICATE OF SERVICE

I, Dana Albrecht, certify that a copy of this Motion has been served on all parties of record via the CM/ECF system.

I also certify that a copy of this Motion will be mailed via USPS First class mail to Ms. Destinie L. Berard.

_____

DANA ALBRECHT

August 11, 2025